1  William E. Weinberger (SBN 102581)
   Michael B. Mellema (SBN 247323)
2  PARKER, MILLIKEN, CLARK, O'HARA &
   SAMUELIAN
3  A Professional Corporation
   555 S. Flower St., 30th Floor
4  Los Angeles, California 90071-2440
   Telephone:  (213) 683-6500
5  Facsimile:   (213) 683-6669
   E-mail: wweinberger@pmcos.com
6
   Attorneys for Defendant JONATHAN CLUB
7

FILED
CLERK, U.S. DISTRICT COURT
SEP 21 2012
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11  JAMES SHIPLEY, on behalf of          Case No. CV 12-8198 - PA
    himself and all others similarly                           (PLAx)
12  situated,
                                         NOTICE OF REMOVAL
13              Plaintiffs,

14       v.

15  JONATHAN CLUB, a California
    corporation; and DOES 1-50,
16  inclusive,

17              Defendants.

18

19

20

21

22  TO THE CLERK OF THE COURT:

23       PLEASE TAKE NOTICE that defendant Jonathan Club (the "Club"), while

24  expressly reserving, and without waiving, its rights to compel arbitration, hereby

25  removes this action from the Los Angeles County Superior Court, California, to the

26  United States District Court for the Central District of California pursuant to 28

27  U.S.C. §§ 1332, 1441, and 1446, on the following grounds:

28

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

NOTICE OF REMOVAL

400301

1.    On or about May 23, 2012, plaintiff James Shipley ("Shipley") commenced an action against the Club in the Superior Court of the State of California in and for the County of Los Angeles (the "State Court"), entitled *Shipley v. Jonathan Club et al.,* LASC Case No. BC485207.  Attached collectively as Exhibit A, in chronological order, are copies of all process, pleadings, motions and orders that have been filed in the State Court action.

2.    As evidenced in Exhibit A, Shipley's Complaint and First Amended Complaint were artfully and deliberately crafted to omit allegations triggering a right to removal.  For example, although Shipley explicitly alleges that "all defendants are citizens of the State of California", as a supporting component of his jurisdictional allegations, he pleads no facts whatsoever relating to his own residency or whereabouts.  (See FAC at ¶ 3.)

3.    On Tuesday, September 18, 2012 in opposition to the Club's motion to compel arbitration, Shipley filed and served a declaration that he stated under penalty of perjury was signed in St. Louis, Missouri.  The fax header on the declaration contains a telephone number that belongs to Shipley's family business (see www.shipleyweightloss.com), which is located in Edwardsville, Illinois, a nearby suburb of St. Louis, Missouri.  The Club is informed and believes, and thereon alleges, that Shipley is, and was at the time of the filing of the State Court action, domiciled in Missouri for purposes of diversity jurisdiction.

4.    Pursuant to 28 U.S.C. 1446(b)(3), this notice of removal is timely because it has been filed within 30 days of Shipley's September 18, 2012 service of an amended pleading, motion, order or other paper from which it first became ascertainable that this case removable on grounds of diversity jurisdiction.

//

//

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

5. The Club is a corporation organized under the laws of the state of California, with its principal place of business in Los Angeles, California. The Club is therefore a citizen of California for the purposes of determining diversity. 28 U.S.C. § 1332(c)(1).

6. There are no parties in this action other than Shipley and the Club, and the citizenship of parties sued under fictitious names is disregarded for purposes of removing on the basis of diversity jurisdiction. 28 U.S.C. § 1441(b)(1).

7. Thus, this action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332(a), and is one which may be removed to this Court by the Club pursuant to the provisions of 28 U.S.C. § 1441(b) in that there is complete diversity, and the matter in controversy exceeds $75,000, exclusive of interest and costs.

8. Although the Club denies that there is any validity to Shipley's claims, the operative allegations in Shipley's First Amended Complaint put more than $75,000 in controversy, exclusive of interest and costs. 28 U.S.C. § 1332(a). Shipley has alleged an array of wage and hour violations, seeking unpaid wages and premium pay, in addition to specific, quantified penalties that he alleges he is entitled to recover in a representative capacity under the California Private Attorneys General Action ("PAGA"). It is well settled in the Central District of California that the cumulative total of the alleged PAGA penalties sought on a representative basis all count towards the required minimum $75,000 amount in controversy under 28 U.S.C. § 1332(a). *Urbino v. Orkin Services of California, Inc.*, 2011 WL 4595249 at 9 (C.D. Cal. Oct. 5, 2011) (finding that amount in controversy is predicated on total amount of civil penalties sought in PAGA claim for purposes of satisfying 28 U.S.C. § 1332(a)).

//

//

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

9.     Here, Shipley explicitly seeks civil penalties in the following amounts, *for each employee, and for each pay period*, running from May 23, 2011 through the present:

       a.   $100 per initial violation, and $200 per subsequent violation of California Labor Code sections 201, 202, 203 and 226.7, for each employee.

       b.   $100 for each initial violation, and $200 for each subsequent violation[1] of California Labor Code section 204, for each employee.

       c.   Up to $1,000 for each violation of California Labor Code section 226(a), for each employee.

       d.   $50 per initial violation, and $100 per subsequent violation of California Labor Code section 512 and 1198, and sections 11 and 12 of the IWC Wage Orders, for each employee.  (FAC at ¶¶ 65-66.)

10.     At present, based on PAGA's one year statute of limitations, Shipley's PAGA claims encompass 32 pay periods.  Thus, according to Shipley's allegations, the Club is allegedly subject to penalties, for *each* of its employees who have been employed throughout the PAGA period, in the amount of $76,100.

11.     In other words, the PAGA penalties Shipley seeks to recover for each current employee, even taken in isolation, exceed the jurisdictional minimum amount in controversy under 28 U.S.C. § 1332(a).  In fact, from May 23, 2011 through the present, the Club has had no less than 55 servers and 13 bartenders on its payroll, during each of the 32 pay periods at issue.  (See attached Declaration of Kris Carroll, ¶ 4.)  This means that Shipley's PAGA claims alone place more than $5,174,800  in controversy in this case.  Thus, it is a "legal certainty" that this case is properly removed under 28 U.S.C. § 1332(a).

---

[1] Plus 25% of the amount allegedly unlawfully withheld

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

1        12.     A copy of the written notice required by 28 U.S.C. § 1446(d) is

2   attached as Exhibit B.  This notice will be promptly filed in the Los Angeles

3   Superior Court and served on plaintiff.

4

5   DATED: September 21, 2012          PARKER, MILLIKEN, CLARK, O'HARA

6                                       & SAMUELIAN
                                      A Professional Corporation

7

8

9                            By: _____
                                 William E. Weinberger

10                                 Michael B. Mellema
                                Attorneys for Defendant Jonathan Club

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

400301

- 5 -
NOTICE OF REMOVAL

# DECLARATION OF KRIS CARROLL

I, Kris Carroll, declare:

1.     I am over the age of eighteen and the director of human resources for the Jonathan Club. Except where noted, I have personal knowledge of all facts stated in this declaration. If called and sworn as a witness, I could and would testify competently to those facts.

2.     The Jonathan Club (the "Club") is a private social club headquartered in Los Angeles, California. It maintains two physical clubhouses, one in downtown Los Angeles (built in 1924) and one on the beach in Santa Monica. The Club has been in operation for more than a century. It serves members from both inside and outside of California, and routinely purchases its supplies and materials from vendors located both inside and outside of California.

3.     As director of human resources for the Club, I am responsible for developing and overseeing the Club's employment policies, practices, processes, and systems. My responsibilities also include the maintenance of personnel records.

4.     From May 23, 2011 through the present, the Club has had no less than 55 servers and 13 bartenders on its payroll, during each pay period.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was signed on September 21, 2012, at Los Angeles, California.

_Kris Carroll_

Kris Carroll

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

- 6 -
NOTICE OF REMOVAL

400301

# Exhibit A

07/16/2012 16:41 2136836

ID:47:45 a.m 05-23-2012 2
5/23/2012 5:51 PM (GMT) · From: Law Offices of Louis Benowitz   310-492-4056   To: 12136253244   Page   2 of 20

*Recvd JCMR 7/13/2012*

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

JONATHAN CLUB, a California corporation; and DOES 1–50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JAMES SHIPLEY, on behalf of himself and all others similarly situated,



FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

MAY 23 2012

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
KEI LaFLEUR-CLAYTON

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):* Los Angeles Superior Court

CASE NUMBER:
*(Número del Caso):*  **BC485207**

Central District, Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, California 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Louis Benowitz, 9454 Wilshire Blvd. PH, Beverly Hills, CA 90212, Tel: (310) 844-5141

| DATE: *(Fecha)* | Clerk, by *(Secretario)* AMBER LaFLEUR-CLAYTON | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

(SEAL)

MAY 23 2012

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Jonathan Club, a California corporation

   under: ☒ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Page 1 of 1

EXHIBIT A   007

'10 47:45 1st. 05-23-2012 | 3
5/23/2012 5:51 PM (GMT)    From: Law Offices of Louis Benowitz    310-492-4056    To: 12136253244    Page 3 of 28

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Louis Benowitz (SBN 262300)<br>Law Offices of Louis Benowitz<br>9454 Wilshire Boulevard, Penthouse<br>Beverly Hills, California 90212<br>TELEPHONE NO.: (310) 844-5141   FAX NO.: (310) 492-4056<br>ATTORNEY FOR (Name): Plaintiff James Shipley | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES<br><br>MAY 23 2012<br><br>John A. Clarke, Executive Officer/Clerk<br>BY _____, Deputy<br>Amber La-Flein-Clayton |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, California 90012
BRANCH NAME: Central District - Stanley Mosk Courthouse

| CASE NAME:<br>James Shipley v. Jonathan Club, et al. | | |
|---|---|---|
| **CIVIL CASE COVER SHEET**<br>[✓] Unlimited  [ ] Limited<br>(Amount          (Amount<br>demanded        demanded is<br>exceeds $25,000)  $25,000 or less) | **Complex Case Designation**<br>[ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>**BC485207**<br>JUDGE:<br>DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property<br>Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the<br>above listed provisionally complex case<br>types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse<br>condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint (not specified above) (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition (not specified above) (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [✓] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is  [✓] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the
   factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties     d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve              in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence        f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [✓] punitive
4. Number of causes of action (specify): Five (5)
5. This case [✓] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: May 23, 2012

Louis Benowitz
(TYPE OR PRINT NAME)                    ▶ _____
                                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed
  under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result
  in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all
  other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 (Rev. July 1, 2007) | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

EXHIBIT A   008

10:47:45 a.m. 05-23-2012 4
5/23/2012 5:51 PM (GMT) From: Law Offices of Louis Benowitz 310-492-4056 To: 12136253244 Page 4 of 28

| SHORT TITLE | CASE NUMBER |
|---|---|
| James Shipley v. Jonathan Club, et al. | BC485207 |

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES  CLASS ACTION? ☑ YES  LIMITED CASE? ☐ YES  TIME ESTIMATED FOR TRIAL 20___ ☐ HOURS/ ☑ DAYS

**Item II.** Indicate the correct district and courthouse location (4 steps – if you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check one Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070 Asbestos Property Damage | 2. |
| | | ☐ A7221 Asbestos – Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240 Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270 Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 1 of 4

EXHIBIT A  009

| SHORT TITLE: James Shipley v. Jonathan Club, et al. | CASE NUMBER |
|---|---|

| | Civil Case Cover Sheet Category No. | Type of Action (Check only one) | Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☒ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 6. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation     Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: James Shipley v. Jonathan Club, et al. | CASE NUMBER |
|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 3 of 4

10:47:45 a.m. 05-23-2012    7
5/23/2012 6:51 PM (GMT)    From: Law Offices of Louis Benowitz    310-492-4056    To: 12136253244    Page  7 of 20

| SHORT TITLE: James Shipley v. Jonathan Club, et al. | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case. | ADDRESS: 545 South Figueroa Street |
|---|---|
| ☑1, ☐2, ☐3, ☐4, ☐5, ☐6, ☐7, ☐8, ☐9, ☐10. | |

| CITY: Los Angeles | STATE: CA | ZIP CODE: 90071 |
|---|---|---|

Item IV. Declaration of Assignment: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the **Stanley Mosk** courthouse in the **Central** District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: May 23, 2012

_(signature)_

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet, Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).
5. Payment in full of the filing fee, unless fees have been waived.
6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)    **CIVIL CASE COVER SHEET ADDENDUM**    Local Rule 2.0
LASC Approved 03-04    **AND STATEMENT OF LOCATION**    Page 4 of 4

EXHIBIT A    012

07/16/2012 16:41 213683 7 PMC05



5/23/2012 5:51 PM (GMT)   From: Law Offices of Louis Benowitz   310-492-4056   To: 12136253244   Page 8 of 28

1   Louis Benowitz (SBN 262300)
    louis@benowitzlaw.com
2   LAW OFFICES OF LOUIS BENOWITZ
3   9454 Wilshire Boulevard, Penthouse
    Beverly Hills, California 90212
4   Telephone:    (310) 844-5141
    Facsimile:    (310) 492-4056
5

6   Michelle D. Samani (SBN 249852)
    SAMANI LAW FIRM
7   1901 Avenue of the Stars, Suite 390
    Los Angeles, California 90067
8   Telephone:    (818) 399-8339
9   Facsimile:    (818) 530-9298
    Email:    michelle@samanilaw.com
10

11  Attorneys for Plaintiff
    JAMES SHIPLEY
12

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

MAY 23 2012

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy
Kimber La-Flada-Clayton

D223 Elihu Bane
OCW

BC485207

13          SUPERIOR COURT OF CALIFORNIA

14      FOR THE COUNTY OF LOS ANGELES—CENTRAL DISTRICT

15  JAMES SHIPLEY, on behalf of himself and    | Case No.
    all others similarly situated,
16                                              | **CLASS ACTION**
17          Plaintiff,
                                                | **COMPLAINT FOR:**
18      vs.                                     | 1. Failure to Provide Meal Periods
                                                |    (Lab. Code §§ 226.7, 512, & 1198);
19  JONATHAN CLUB, a California corporation;    | 2. Failure to Provide Rest Periods
    and DOES 1–50, inclusive.                   |    (Lab. Code §§ 226.7 & 1198);
20                                              | 3. Wage Statement Penalties
21          Defendants.                         |    (Lab. Code § 226);
                                                | 4. Waiting Time Penalties
22                                              |    (Lab. Code § 203); and
                                                | 5. Unfair Competition
23                                              |    (Bus. & Prof. Code § 17200
24
25
26
27
28

CITY/CASE: BC485207 LEA/DEF#:
RECEIPT #: CCR03057026
DATE PAID: 05/23/12-03:44:59-PM
PAYMENT: $395.00
RECEIVED:
CHECK:
CASH:
(CHANGE):
$395.00
395.00
0310

COMPLAINT

Plaintiff James Shipley ("Plaintiff"), on behalf of himself and all others similarly situated, complains and alleges as follows:

## INTRODUCTION

1.      This is a class action against defendants Jonathan Club and Does 1–50, inclusive (collectively "Defendants") for violations of the Labor Code and Industrial Welfare Commission Order 5-2001 ("the Wage Order") arising out of Defendants' failures to provide meal and rest periods (or pay premium wages in lieu thereof). As set forth below, Defendants, as matters of policy and/or practice, have failed to provide them with meal and rest periods, or pay them premium wages in lieu thereof, failed to provide them with accurate wage statements, and/or failed to timely pay them all earned and unpaid wages after resignation or discharge.

## JURISDICTION AND VENUE

2.      Plaintiff is informed and believes and thereon alleges that this Court has subject matter jurisdiction to hear this case in that the amount in controversy in this case, exclusive of costs and attorneys' fees, exceeds $25,000.

3.      Plaintiff is informed and believes and thereon alleges that there is no basis for federal subject matter jurisdiction in this case in that all of the causes of action alleged herein arise under the laws of the State of California, that all defendants are citizens of the State of California, that Plaintiff's individual claims place less than $75,000 in controversy, inclusive of all relief sought, and that Plaintiff's aggregate class action claim places less than $5 million in controversy, inclusive of all relief sought.

4.      Venue is proper in the County of Los Angeles under Code of Civil Procedure §§ 395(a) and 395.5 because the events giving rise to liability in this action arose in the County of Los Angeles in that at least some of the transactions that are the subject matter of this Complaint occurred therein and/or because each defendant either is found, maintains offices, transacts business, and/or has an agent therein.

///
///
///

1
COMPLAINT

EXHIBIT A   014

## PARTIES

5.      Plaintiff James Shipley is an individual who was employed by Defendants as a server and bartender on an hourly non-exempt basis during the one-year time period before the filing of this action.

6.      Plaintiff is informed and believes and thereon alleges that defendant Jonathan Club is a corporation organized under the laws of California that maintains its business offices, and employs persons, in the County of Los Angeles.

7.      Plaintiff is ignorant of the true names, capacities, relationships, and extent of participation in the conduct alleged herein, of the defendants sued as Does 1-50, inclusive, but is informed and believes and thereon alleges that said defendants are legally responsible for the wrongful conduct alleged herein and therefore sues these defendants by such fictitious names.

8.      Plaintiff will amend this Complaint to allege the true names and capacities of the Doe defendants when ascertained.

9.      Plaintiff is informed and believes and thereon alleges that each of the Defendants acted in all respects pertinent to this action as the agent or employee of the other defendants, carried out a joint scheme, business plan, or policy in all respects hereto, and therefore the acts of each of the Defendants are legally attributable to the other Defendants.

10.     Plaintiff is informed and believes and thereon alleges that, at all relevant times, Defendants have acted as the employers and/or joint employer of Plaintiff and members of the below-defined classes.

11.     Plaintiff is informed and believes and thereon alleges that, at all relevant times herein, except as otherwise indicated, Defendants have been the agents, employees and/or servants, masters or employers of the remaining defendants, and in doing the things hereinafter alleged, have been acting within the course and scope of such agency or employment, and with the approval and ratification of each of the other Defendants.

12.     Plaintiff is informed and believes and thereon alleges that, at all relevant times, and except as otherwise indicated, each and every one of the acts and omissions alleged herein were performed by, and/or attributable to, all Defendants, each acting as agents and/or

EXHIBIT A   015

1  employees, and/or under the direction and control of each of the other Defendants, and that said
2  acts and failures to act have been within the course and scope of said agency, employment,
3  and/or direction and control.

4        13.    Plaintiff is informed and believes and thereon alleges that, at all relevant times,
5  in perpetrating the acts and omissions alleged herein, Defendants, and each of them, acted
6  pursuant to and in furtherance of a policy and practice of not paying Plaintiff and class members
7  in accordance with the Labor Code and the Wage Order as alleged herein.

8  **CLASS ALLEGATIONS**

9        14.    Plaintiff incorporates all of the preceding paragraphs of this Complaint as if fully
10  set forth herein.

11        15.    Plaintiff brings this action on behalf of himself and all others similarly situated
12  pursuant to Code of Civil Procedure § 382 on behalf of the following class and subclasses:

13            A.    **Plaintiff Class**: All persons employed by Defendants in California as
14                 servers, bartenders, and/or other positions with similar job titles and/or
15                 duties during the period beginning four years before the filing of this
16                 action and ending when final judgment is entered.

17            B.    **Former Employee Subclass**: All members of the **Plaintiff Class** who
18                 have voluntarily or involuntarily separated from Defendants' employment
19                 during the period beginning four years before the filing of this action and
20                 ending when final judgment is entered.

21            C.    **Wage Statement Subclass**: All members of the **Plaintiff Class** who
22                 have been employed by Defendants during the period beginning one year
23                 before the filing of this action and ending when final judgment is entered.

24        16.    **Reservation of Rights**: Pursuant to Rule of Court 3.765(b), Plaintiff reserves the
25  right to amend or modify the class definitions with greater specificity, by further division into
26  subclasses, and/or by limitation to particular issues. In addition, Plaintiff reserves the right to
27  pursue the claims for civil penalties he intends to add by way of amendment under the Labor
28  Code Private Attorneys General Act of 2004 in a representative capacity without complying

3
COMPLAINT

1   with Code of Civil Procedure § 382.

2      17.   **Numerosity:** Plaintiff is informed and believes and thereon alleges that class

3   members are so numerous that the individual joinder of each class member is impractical. While

4   Plaintiff does not currently know the exact number of class members, he is informed and

5   believes and thereon alleges that the actual number exceeds the minimum number required for

6   numerosity purposes under Code of Civil Procedure § 382.

7      18.   **Predominant Common Questions:** Plaintiff is informed and believes and

8   thereon alleges that common questions of law and fact exist as to all class members and

9   predominate over any questions that only affect individual class members. These questions

10   include, but are not limited to:

11      A.   Whether Defendants, as matters of policy or practice, have failed to

12        relieve **Plaintiff Class** members of all duty for first meal periods before

13        the end of the fifth hour of their shifts?

14      B.   Whether Defendants, as matters of policy or practice, have failed to

15        relieve **Plaintiff Class** members of all duty for second meal periods

16        before the end of the tenth hour of their shifts?

17      C.   Whether Defendants have failed to maintain a policy or practice of that

18        authorizes and permits **Plaintiff Class** members to take net rest periods of

19        ten minutes for each four-hour work period, or major portion thereof?

20      D.   Whether Defendants have, as matters of policy or practice, failed to make

21        good faith efforts to provide **Plaintiff Class** members with rest periods of

22        during the middle of each four-hour work period?

23      E.   Whether Defendants lack any mechanism for paying premium wages to

24        **Plaintiff Class** members when they are not provided with timely meal

25        and/or rest periods?

26      F.   Whether, by failing to pay premium wages to **Wage Statement Subclass**

27        members, Defendants have failed to provide them with written wage

28        statements that accurately reflect their gross and net wages earned?

4
COMPLAINT

G.      Whether, by failing to pay premium wages to Former Employee Subclass members, Defendants are liable to them for waiting time penalties under Labor Code § 203?

19.     **Typicality:** Plaintiff is informed and believes and thereon alleges that his claims are typical of class members' claims in that Defendants have policies and practices that violate the Labor Code, Wage Order, and Business and Professions Code as alleged herein that enable him to seek the same relief as they are under the same theories of recovery.

20.     **Adequacy of Representation:** Plaintiff will fairly and adequately represent and protect the interests of class members in that he has no interests that are adverse to theirs and is represented by counsel experienced in employment and wage and hour class action litigation.

21.     **Superiority:** A class action is superior to other available means for fair and efficient adjudication of class members' claims and offers significant benefits to the parties and the court. A class action will allow a number of similarly situated persons to simultaneously and efficiently prosecute their common claims in a single forum without the unnecessary duplication of effort and expense that numerous individual actions would entail. The monetary amounts due to many class members are likely to be relatively small, thus making it difficult, if not impossible, for individual class members to seek and obtain relief. Moreover, a class action will serve important public interests by enabling the non-waivable statutory rights of class members to be effectively asserted, and fundamental public policies to be vindicated, in one proceeding. A class action will also provide a means for vindicating the rights of current employees who are less likely to come forward to assert those rights based on fears of employer reprisal. Finally, a class action will prevent the potential for inconsistent or contradictory judgments inherent in individual litigation and address the problems inherent in random and fragmentary enforcement.

///
///
///
///
///

07/16/2012 16:41 21368: 7 PMCOS PAGE 14/34

5/23/2012 5:51 PM (GMT) From: Law Offices of Louis Benowitz 310-492-4856 To: 12136253244 Page 14 of 20

**FIRST CAUSE OF ACTION**

**FAILURE TO PROVIDE MEAL PERIODS**

(Lab. Code §§ 226.7, 512, and 1198)

(By Plaintiff and the Plaintiff Class, Against All Defendants)

22.     Plaintiff incorporates all of the preceding paragraphs of this Complaint as if fully set forth herein.

23.     Labor Code § 512 and Section 11 of the Wage Order impose an affirmative obligation on employers to provide non-exempt employees with a first uninterrupted, duty- free, meal period of at least thirty minutes for each work period of five or more hours before the end of the fifth hour of work, and to provide them with a second uninterrupted, duty-free, meal period of at least thirty minutes for each work period of more than ten hours before the end of the tenth hour of work.

24.     Labor Code § 226.7 and Section 11 of the Wage Order require employers to pay non-exempt employees an additional hour of premium wages at the employee's regular rate of compensation on each workday that the employee is not provided with a meal period.

25.     Labor Code § 1198 makes it unlawful for an employer to employ any person under conditions of employment that violate the Wage Order.

26.     At relevant times during his employment, Defendants failed to relieve Plaintiff of all duty for a first uninterrupted meal period of at least thirty minutes before the end of his fifth hour of work and/or for a second uninterrupted meal period of at least thirty minutes before the end of his tenth hour of work, and failed to pay him premium wages on those workdays.

27.     Plaintiff is informed and believes and thereon alleges that, at all relevant times, Defendants have maintained policies and practices with respect to employee scheduling and meal periods that have prevented Plaintiff Class members from being relieved of all duty for a first uninterrupted meal period of at least thirty minutes before the end of their fifth hour of work and/or for a second uninterrupted meal period of at least thirty minutes before the end of their tenth hour of work, and have failed to pay them premium wages on those workdays.

///

6

COMPLAINT

EXHIBIT A   019

28.   Pursuant to Labor Code § 226.7, Plaintiff seeks to recover premium wages on behalf of himself and **Plaintiff Class** members in amounts subject to proof.

29.   Pursuant to Code of Civil Procedure § 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and the **Plaintiff Class**, seeks awards of reasonable attorneys' fees and costs in amounts subject to proof at trial.

## SECOND CAUSE OF ACTION

### FAILURE TO PROVIDE REST PERIODS

#### (Lab. Code §§ 226.7 and 1198)

#### (By Plaintiff and the Plaintiff Class, Against All Defendants)

30.   Plaintiff incorporates all of the preceding paragraphs of this Complaint as if fully set forth herein.

31.   Section 12 of the Wage Order imposes an affirmative obligation on employers to permit and authorize employees to take required rest periods at a rate of no less than ten minutes of net rest time for each four hour work period, or major portion thereof, that must be in the middle of each work period insofar as is practicable.

32.   Labor Code § 226.7 and Section 12 of the Wage Order require employers to pay non-exempt employees an additional hour of premium wages at the employee's regular rate of compensation on each workday that the employee is not provided with a rest period.

33.   Labor Code § 1198 makes it unlawful for an employer to employ any person under conditions of employment that violate the Wage Order.

34.   At relevant times during his employment, Defendants failed to authorize and permit Plaintiff to take net rest periods of at least ten minutes for each four-hour work period, or major portion thereof, and failed to pay him premium wages on those workdays.

35.   Plaintiff is informed and believes and thereon alleges that, at all relevant times, Defendants have maintained policies and practices with respect to employee scheduling and rest periods that have failed to authorize and permit **Plaintiff Class** members to take net rest periods for each four-hour work period, or major portion thereof, by, among other things, failing to promulgate any policies that authorize rest periods in the manner and number that the Wage

7

COMPLAINT

EXHIBIT A   020

Case 2:12-cv-08198-PA-PLA Document 1 Filed 09/21/12 Page 22 of 163 Page ID #:24
07/16/2012 16:41 213663 7 PMCOS PAGE 16/64
5/23/2012 5:51 PM (GMT) From: Law Offices of Louis Benowitz 318-492-4656 To: 12136253244 Page 16 of 20

1    Order requires, by not scheduling such rest periods, and by not paying premium wages.

2        36.    Pursuant to Labor Code § 226.7, Plaintiff seeks to recover premium wages on

3    behalf of himself and Plaintiff Class members in amounts subject to proof.

4        37.    Pursuant to Code of Civil Procedure § 1021.5, the substantial benefit doctrine,

5    and/or the common fund doctrine, Plaintiff, on behalf of himself and the Plaintiff Class, seeks

6    awards of reasonable attorneys' fees and costs in amounts subject to proof.

7                    **THIRD CAUSE OF ACTION**

8                 **WAGE STATEMENT PENALTIES**

9                       **(Lab. Code § 226)**

10   **(By Plaintiff and the Wage Statement Subclass, Against All Defendants)**

11       38.    Plaintiff incorporates all of the preceding paragraphs of this Complaint as if fully

12   set forth herein.

13       39.    Pursuant to Labor Code § 226(a), Defendants have been obliged to provide

14   Plaintiff and Wage Statement Subclass members, either semimonthly or at the time of each

15   payment of wages, accurate itemized statement showing, among other things, the gross and net

16   wages earned by each class member.

17       40.    By failing to pay premium wages to Plaintiff as set forth above, Defendants have

18   furnished him with written wage statements that do not accurately reflect, among other things,

19   his amounts of gross and net wages earned.

20       41.    Plaintiff is informed and believes and thereon alleges that by failing to pay

21   premium wages to Wage Statement Subclass members as set forth above, Defendants have

22   also furnished them with written wage statements that do not accurately reflect, among other

23   things, their amounts of gross and net wages.

24       42.    Plaintiff is informed and believes and thereon alleges that Defendants' failures to

25   provide him and Wage Statement Subclass members with accurate wage statements have been

26   knowing and intentional, in that Defendants have, at all relevant times, had the ability to provide

27   them with accurate wage statements but, instead, have knowingly and intentionally provided

28   them with inaccurate wage statements as a result of not maintaining any mechanism for paying

                          8
                       COMPLAINT

07/16/2012  16:41  21368:  7  FROM  8  Page 23 of 25
5/23/2012 5:51 PM (GMT)    From: Law Offices of Louis Benowitz    310-492-4056    To: 12136253244    Page  17 of 20

1 premium wages when meal or rest periods are not provided.

2      43.     Plaintiff has suffered injuries due to Defendants' failures to provide him with

3 accurate written wage statements in that, among other things, his legal rights to receive accurate

4 wage statements have been violated, he has been misled about the amounts of wages he has

5 earned, has been prevented from immediately challenging allegedly unlawful pay practices, has

6 needed to reconstruct time and pay records and perform mathematical computations to

7 determine the amounts of wages he has earned, and has had inaccurate information about his

8 wages and deductions submitted to government agencies.

9      44.     Plaintiff is informed and believes and thereon alleges that **Wage Statement**

10 **Subclass** members have suffered injuries due to Defendants' failures to provide them with

11 accurate written wage statements in that, among other things, their legal rights to receive

12 accurate wage statements have been violated, they have been misled about the amounts of

13 wages they have earned, have been prevented from immediately challenging allegedly unlawful

14 pay practices, have needed to reconstruct time and pay records and perform mathematical

15 computations to determine the amounts of wages they have earned, and/or have had inaccurate

16 information about their wages and deductions submitted to government agencies.

17      45.     Pursuant to Labor Code § 226(e), Plaintiff, on behalf of himself and the Wage

18 Statement Subclass, seeks to recover the greater of actual damages or $50 for the initial pay

19 period in which a § 226(a) violation occurred, the greater of actual damages or $100 for each

20 violation of § 226(a) in a subsequent pay period, up to the greater of actual damages or an

21 aggregate $4,000 penalty per class member, as well as awards of reasonable attorneys' fees and

22 costs, all in amounts subject to proof.

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

9

COMPLAINT

EXHIBIT A   022

## FOURTH CAUSE OF ACTION

### WAITING TIME PENALTIES

#### (Lab. Code § 203)

**(By Plaintiff and the Former Employee Subclass, Against All Defendants)**

46.   Plaintiff incorporates all of the preceding paragraphs of this Complaint as if fully set forth herein.

47.   Labor Code § 201 provides that all of the earned and unpaid wages of an employee who is discharged become due and payable immediately at the time of discharge.

48.   Labor Code § 202 provides that all of the earned and unpaid wages of an employee who quits become due and payable at the time of quitting if the employee gives at least 72-hours notice before quitting, or within 72 hours of quitting if the employee gives less than 72-hours notice before quitting.

49.   Labor Code § 203 provides that the wages of a terminated employee will continue as a penalty for up to thirty calendar days if the employer willfully fails to timely pay any earned and unpaid wages to the employee in the times set forth in Labor Code §§ 201–202.

50.   By failing to pay Plaintiff earned premium wages, Defendants failed to timely pay him all earned and unpaid wages in violation of Labor Code § 201.

51.   Plaintiff is informed and believes and thereon alleges that, by failing to pay Former Employee Subclass members earned premium wages, Defendants have failed to timely pay them all earned and unpaid wages in violation of Labor Code §§ 201–202.

52.   Plaintiff is informed and believes and thereon alleges that, at all relevant times, Defendants' failures to pay him and Former Employee Subclass members earned and unpaid wages in violation of Labor Code §§ 201–202 have been willful in that Defendants have had the ability to fully comply with the requirements set forth in those statutes, but have deliberately chosen to maintain policies and practices with respect to payroll that are incompatible with those requirements.

///
///

10

COMPLAINT

EXHIBIT A   023

53. Pursuant to Labor Code § 203, Plaintiff, on behalf of himself and the **Former Employee Subclass**, seeks up to thirty days of wages as waiting time penalties in amounts subject to proof.

54. Pursuant to Code of Civil Procedure § 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and the **Former Employee Subclass**, seeks awards of reasonable attorneys' fees and costs in amounts subject to proof.

### FIFTH CAUSE OF ACTION
### UNFAIR COMPETITION
#### (Bus. & Prof. Code § 17200 *et seq.*)
#### (By Plaintiff and the Plaintiff Class, Against All Defendants)

55. Plaintiff incorporates all of the preceding paragraphs of this Complaint as if fully set forth herein.

56. Business and Professions Code § 17200 defines "unfair competition" to include any unlawful business practice.

57. Business and Professions Code § 17203 allows a person who has lost money or property as a result of unfair competition to bring a class action in accordance with Code of Civil Procedure § 382 to recover money or property that may have been acquired from similarly situated persons by means of unfair competition.

58. As set forth above, Plaintiff has lost money or property in the form of earned premium wages as a result of Defendants' failures to pay him premium wages in violation of Labor Code § 226.7 and Sections 11 and 12 of the Wage Order.

59. Plaintiff is informed and believes and thereon alleges that, at all relevant times and as set forth above, Defendants have either have acquired, or may have acquired, money or property in the form of earned premium wages from **Plaintiff Class** members by means of unfair competition as a result of Defendants' failures to pay them premium wages in violation of Labor Code § 226.7 and Sections 11 and 12 of the Wage Order.

///

///

EXHIBIT A    024

6/23/2012 5:51 PM (GMT)   From: Law Offices of Louis Benowitz   310-492-4056   To: 12136253244   Page 20 of 20

60. Pursuant to Business and Professions Code § 17203, Plaintiff, on behalf of himself and the **Plaintiff Class**, seeks restitution of all moneys and property, including, but not limited to, earned premium wages, that Defendants either acquired, or may have acquired, from them by means of unfair competition in amounts subject to proof at trial.

61. Pursuant to Code of Civil Procedure § 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and the **Plaintiff Class**, seeks awards of reasonable attorneys' fees and costs in amounts subject to proof.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself, and all others similarly situated, prays for relief and judgment against Defendants as follows:

A. An order that the action be certified as a class action;

B. An order that Plaintiff be appointed class representative;

C. An order that counsel for Plaintiff be appointed class counsel;

D. Damages;

E. Restitution;

F. Declaratory relief;

G. Statutory penalties;

H. Pre-judgment interest;

I. Post-judgment interest;

J. Costs of suit;

K. Reasonable attorney's fees;

L. Such other relief as the Court deems just and proper.

Respectfully submitted,

LAW OFFICES OF LOUIS BENOWITZ
SAMANI LAW FIRM

Dated: May 23, 2012          BY _____
                                  LOUIS BENOWITZ
                                  Attorneys for Plaintiff
                                  JAMES SHIPLEY

EXHIBIT A   025

1  Louis Benowitz (SBN 262300)
        louis@benowitzlaw.com
2  LAW OFFICES OF LOUIS BENOWITZ
3  9454 Wilshire Boulevard, Penthouse
   Beverly Hills, California 90212
4  Telephone:   (310) 844-5141
   Facsimile:   (310) 492-4056
5
6  Michelle D. Samani (SBN 249852)
   SAMANI LAW FIRM
7  1901 Avenue of the Stars, Suite 390
8  Los Angeles, California 90067
   Telephone:   (818) 399-8339
9  Facsimile:   (818) 530-9298
   Email:    michelle@samanilaw.com
10
11 Attorneys for Plaintiff
   JAMES SHIPLEY
12

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

**JUN 2 1 2012**

John A. Clarke, Executive Officer/Clerk

BY _____, Deputy
        Marcos Zelaya

## SUPERIOR COURT OF CALIFORNIA

13

14 ### FOR THE COUNTY OF LOS ANGELES—CENTRAL DISTRICT

15 | JAMES SHIPLEY, on behalf of himself and        | Case No. BC485207
16 | all others similarly situated,
17 |        Plaintiff,                              | **CLASS ACTION**
18 |        vs.                                     | **FIRST AMENDED COMPLAINT FOR:**
19 | JONATHAN CLUB, a California corporation;        | 1. Failure to Provide Meal Periods
20 | and DOES 1–50, inclusive,                       |    (Lab. Code §§ 226.7, 512, & 1198);
21 |        Defendants.                              | 2. Failure to Provide Rest Periods

JAMES SHIPLEY, on behalf of himself and
all others similarly situated,

        Plaintiff,

        vs.

JONATHAN CLUB, a California corporation;
and DOES 1–50, inclusive,

        Defendants.

Case No. BC485207

**CLASS ACTION**

**FIRST AMENDED COMPLAINT FOR:**
1.  Failure to Provide Meal Periods
    (Lab. Code §§ 226.7, 512, & 1198);
2.  Failure to Provide Rest Periods
    (Lab. Code §§ 226.7 & 1198);
3.  Wage Statement Penalties
    (Lab. Code § 226);
4.  Waiting Time Penalties
    (Lab. Code § 203);
5.  Unfair Competition
    (Bus. & Prof. Code § 17200 et seq.);
    and
6.  Civil Penalties
    (Lab. Code § 2698 et seq.).

---

### FIRST AMENDED COMPLAINT

1    Plaintiff James Shipley ("Plaintiff"), on behalf of himself and all others similarly

2    situated, complains and alleges as follows:

3                                    **INTRODUCTION**

4         1.    This is a class and representative private attorney general action against

5    defendants Jonathan Club and Does 1–50, inclusive (collectively "Defendants") for violations

6    of the Labor Code and Industrial Welfare Commission Order 5-2001 ("the Wage Order")

7    arising out of Defendants' failures to provide meal and rest periods (or pay premium wages in

8    lieu thereof). As set forth below, Defendants, as matters of policy and/or practice, have failed to

9    provide them with meal and rest periods, or pay them premium wages in lieu thereof, failed to

10   provide them with accurate wage statements, and/or failed to timely pay them all earned and

11   unpaid wages after resignation or discharge.

12                               **JURISDICTION AND VENUE**

13        2.    Plaintiff is informed and believes and thereon alleges that this Court has subject

14   matter jurisdiction to hear this case in that the amount in controversy in this case, exclusive of

15   costs and attorneys' fees, exceeds $25,000.

16        3.    Plaintiff is informed and believes and thereon alleges that there is no basis for

17   federal subject matter jurisdiction in this case in that all of the causes of action alleged herein

18   arise under the laws of the State of California, that all defendants are citizens of the State of

19   California, that Plaintiff's individual claims place less than $75,000 in controversy, inclusive of

20   all relief sought, and that Plaintiff's aggregate class action claim places less than $5 million in

21   controversy, inclusive of all relief sought.

22        4.    Venue is proper in the County of Los Angeles under Code of Civil Procedure

23   §§ 395(a) and 395.5 because the events giving rise to liability in this action arose in the County of

24   Los Angeles in that at least some of the transactions that are the subject matter of this Complaint

25   occurred therein and/or because each defendant either is found, maintains offices, transacts

26   business, and/or has an agent therein.

27   ///

28   ///

                                            1

                        FIRST AMENDED COMPLAINT

EXHIBIT A   027

## PARTIES

5.    Plaintiff James Shipley is an individual who was employed by Defendants as a server and bartender on an hourly non-exempt basis during the one-year time period before the filing of this action.

6.    Plaintiff is informed and believes and thereon alleges that defendant Jonathan Club is a corporation organized under the laws of California that maintains its business offices, and employs persons, in the County of Los Angeles.

7.    Plaintiff is ignorant of the true names, capacities, relationships, and extent of participation in the conduct alleged herein, of the defendants sued as Does 1–50, inclusive, but is informed and believes and thereon alleges that said defendants are legally responsible for the wrongful conduct alleged herein and therefore sues these defendants by such fictitious names.

8.    Plaintiff will amend this Complaint to allege the true names and capacities of the Doe defendants when ascertained.

9.    Plaintiff is informed and believes and thereon alleges that each of the Defendants acted in all respects pertinent to this action as the agent or employee of the other defendants, carried out a joint scheme, business plan, or policy in all respects hereto, and therefore the acts of each of the Defendants are legally attributable to the other Defendants.

10.    Plaintiff is informed and believes and thereon alleges that, at all relevant times, Defendants have acted as the employers and/or joint employer of Plaintiff and members of the below-defined classes.

11.    Plaintiff is informed and believes and thereon alleges that, at all relevant times herein, except as otherwise indicated, Defendants have been the agents, employees and/or servants, masters or employers of the remaining defendants, and in doing the things hereinafter alleged, have been acting within the course and scope of such agency or employment, and with the approval and ratification of each of the other Defendants.

12.    Plaintiff is informed and believes and thereon alleges that, at all relevant times, and except as otherwise indicated, each and every one of the acts and omissions alleged herein were performed by, and/or attributable to, all Defendants, each acting as agents and/or

FIRST AMENDED COMPLAINT

EXHIBIT A   028

1   employees, and/or under the direction and control of each of the other Defendants, and that said
2   acts and failures to act have been within the course and scope of said agency, employment,
3   and/or direction and control.

4   13.   Plaintiff is informed and believes and thereon alleges that, at all relevant times,
5   in perpetrating the acts and omissions alleged herein, Defendants, and each of them, acted
6   pursuant to and in furtherance of a policy and practice of not paying Plaintiff and class members
7   in accordance with the Labor Code and the Wage Order as alleged herein.

8                               **CLASS ALLEGATIONS**

9   14.   Plaintiff incorporates all of the preceding paragraphs of this Complaint as if fully
10  set forth herein.

11  15.   Plaintiff brings this action on behalf of himself and all others similarly situated
12  pursuant to Code of Civil Procedure § 382 on behalf of the following class and subclasses:

13          A.   **Plaintiff Class**: All persons employed by Defendants in California as
14               servers, bartenders, and/or other positions with similar job titles and/or
15               duties during the period beginning four years before the filing of this
16               action and ending when final judgment is entered.

17          B.   **Former Employee Subclass**: All members of the **Plaintiff Class** who
18               have voluntarily or involuntarily separated from Defendants' employment
19               during the period beginning four years before the filing of this action and
20               ending when final judgment is entered.

21          C.   **Wage Statement Subclass**: All members of the **Plaintiff Class** who
22               have been employed by Defendants during the period beginning one year
23               before the filing of this action and ending when final judgment is entered.

24  16.   **Reservation of Rights**: Pursuant to Rule of Court 3.765(b), Plaintiff reserves the
25  right to amend or modify the class definitions with greater specificity, by further division into
26  subclasses, and/or by limitation to particular issues. In addition, Plaintiff reserves the right to
27  pursue his cause of action for civil penalties under the Labor Code Private Attorneys General
28  Act of 2004 in a representative capacity without complying with Code of Civil Procedure § 382.

                                    3
                          FIRST AMENDED COMPLAINT

EXHIBIT A   029

17.   **Numerosity:** Plaintiff is informed and believes and thereon alleges that class members are so numerous that the individual joinder of each class member is impractical. While Plaintiff does not currently know the exact number of class members, he is informed and believes and thereon alleges that the actual number exceeds the minimum number required for numerosity purposes under Code of Civil Procedure § 382.

18.   **Predominant Common Questions:** Plaintiff is informed and believes and thereon alleges that common questions of law and fact exist as to all class members and predominate over any questions that only affect individual class members. These questions include, but are not limited to:

A.   Whether Defendants, as matters of policy or practice, have failed to relieve **Plaintiff Class** members of all duty for first meal periods before the end of the fifth hour of their shifts?

B.   Whether Defendants, as matters of policy or practice, have failed to relieve **Plaintiff Class** members of all duty for second meal periods before the end of the tenth hour of their shifts?

C.   Whether Defendants have failed to maintain a policy or practice of that authorizes and permits **Plaintiff Class** members to take net rest periods of ten minutes for each four-hour work period, or major portion thereof?

D.   Whether Defendants have, as matters of policy or practice, failed to make good faith efforts to provide **Plaintiff Class** members with rest periods of during the middle of each four-hour work period?

E.   Whether Defendants lack any mechanism for paying premium wages to **Plaintiff Class** members when they are not provided with timely meal and/or rest periods?

F.   Whether, by failing to pay premium wages to **Wage Statement Subclass** members, Defendants have failed to provide them with written wage statements that accurately reflect their gross and net wages earned?

///

4

FIRST AMENDED COMPLAINT

EXHIBIT A   030

G.      Whether, by failing to pay premium wages to **Former Employee Subclass** members, Defendants are liable to them for waiting time penalties under Labor Code § 203?

19.     **Typicality:** Plaintiff is informed and believes and thereon alleges that his claims are typical of class members' claims in that Defendants have policies and practices that violate the Labor Code, Wage Order, and Business and Professions Code as alleged herein that enable him to seek the same relief as they are under the same theories of recovery.

20.     **Adequacy of Representation:** Plaintiff will fairly and adequately represent and protect the interests of class members in that he has no interests that are adverse to theirs and is represented by counsel experienced in employment and wage and hour class action litigation.

21.     **Superiority:** A class action is superior to other available means for fair and efficient adjudication of class members' claims and offers significant benefits to the parties and the court. A class action will allow a number of similarly situated persons to simultaneously and efficiently prosecute their common claims in a single forum without the unnecessary duplication of effort and expense that numerous individual actions would entail. The monetary amounts due to many class members are likely to be relatively small, thus making it difficult, if not impossible, for individual class members to seek and obtain relief. Moreover, a class action will serve important public interests by enabling the non-waivable statutory rights of class members to be effectively asserted, and fundamental public policies to be vindicated, in one proceeding. A class action will also provide a means for vindicating the rights of current employees who are less likely to come forward to assert those rights based on fears of employer reprisal. Finally, a class action will prevent the potential for inconsistent or contradictory judgments inherent in individual litigation and address the problems inherent in random and fragmentary enforcement.

///
///
///
///
///

5

FIRST AMENDED COMPLAINT

EXHIBIT A   031

## FIRST CAUSE OF ACTION

### FAILURE TO PROVIDE MEAL PERIODS

#### (Lab. Code §§ 226.7, 512, and 1198)

#### (By Plaintiff and the Plaintiff Class, Against All Defendants)

22.  Plaintiff incorporates all of the preceding paragraphs of this Complaint as if fully set forth herein.

23.  Labor Code § 512 and Section 11 of the Wage Order impose an affirmative obligation on employers to provide non-exempt employees with a first uninterrupted, duty-free, meal period of at least thirty minutes for each work period of five or more hours before the end of the fifth hour of work, and to provide them with a second uninterrupted, duty-free, meal period of at least thirty minutes for each work period of more than ten hours before the end of the tenth hour of work.

24.  Labor Code § 226.7 and Section 11 of the Wage Order require employers to pay non-exempt employees an additional hour of premium wages at the employee's regular rate of compensation on each workday that the employee is not provided with a meal period.

25.  Labor Code § 1198 makes it unlawful for an employer to employ any person under conditions of employment that violate the Wage Order.

26.  At relevant times during his employment, Defendants failed to relieve Plaintiff of all duty for a first uninterrupted meal period of at least thirty minutes before the end of his fifth hour of work and/or for a second uninterrupted meal period of at least thirty minutes before the end of his tenth hour of work, and failed to pay him premium wages on those workdays.

27.  Plaintiff is informed and believes and thereon alleges that, at all relevant times, Defendants have maintained policies and practices with respect to employee scheduling and meal periods that have prevented **Plaintiff Class** members from being relieved of all duty for a first uninterrupted meal period of at least thirty minutes before the end of their fifth hour of work and/or for a second uninterrupted meal period of at least thirty minutes before the end of their tenth hour of work, and have failed to pay them premium wages on those workdays.

///

FIRST AMENDED COMPLAINT

EXHIBIT A  032

28. Pursuant to Labor Code § 226.7, Plaintiff seeks to recover premium wages on behalf of himself and **Plaintiff Class** members in amounts subject to proof.

29. Pursuant to Code of Civil Procedure § 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and the **Plaintiff Class**, seeks awards of reasonable attorneys' fees and costs in amounts subject to proof at trial.

## SECOND CAUSE OF ACTION

### FAILURE TO PROVIDE REST PERIODS

### (Lab. Code §§ 226.7 and 1198)

### (By Plaintiff and the Plaintiff Class, Against All Defendants)

30. Plaintiff incorporates all of the preceding paragraphs of this Complaint as if fully set forth herein.

31. Section 12 of the Wage Order imposes an affirmative obligation on employers to permit and authorize employees to take required rest periods at a rate of no less than ten minutes of net rest time for each four hour work period, or major portion thereof, that must be in the middle of each work period insofar as is practicable.

32. Labor Code § 226.7 and Section 12 of the Wage Order require employers to pay non-exempt employees an additional hour of premium wages at the employee's regular rate of compensation on each workday that the employee is not provided with a rest period.

33. Labor Code § 1198 makes it unlawful for an employer to employ any person under conditions of employment that violate the Wage Order.

34. At relevant times during his employment, Defendants failed to authorize and permit Plaintiff to take net rest periods of at least ten minutes for each four-hour work period, or major portion thereof, and failed to pay him premium wages on those workdays.

35. Plaintiff is informed and believes and thereon alleges that, at all relevant times, Defendants have maintained policies and practices with respect to employee scheduling and rest periods that have failed to authorize and permit **Plaintiff Class** members to take net rest periods for each four-hour work period, or major portion thereof, by, among other things, failing to promulgate any policies that authorize rest periods in the manner and number that the Wage

7

FIRST AMENDED COMPLAINT

EXHIBIT A   033

1  Order requires, by not scheduling such rest periods, and by not paying premium wages.

2      36.    Pursuant to Labor Code § 226.7, Plaintiff seeks to recover premium wages on

3  behalf of himself and **Plaintiff Class** members in amounts subject to proof.

4      37.    Pursuant to Code of Civil Procedure § 1021.5, the substantial benefit doctrine,

5  and/or the common fund doctrine, Plaintiff, on behalf of himself and the **Plaintiff Class**, seeks

6  awards of reasonable attorneys' fees and costs in amounts subject to proof.

7                           **THIRD CAUSE OF ACTION**

8                          **WAGE STATEMENT PENALTIES**

9                              **(Lab. Code § 226)**

10      **(By Plaintiff and the Wage Statement Subclass, Against All Defendants)**

11      38.    Plaintiff incorporates all of the preceding paragraphs of this Complaint as if fully

12  set forth herein.

13      39.    Pursuant to Labor Code § 226(a), Defendants have been obliged to provide

14  Plaintiff and **Wage Statement Subclass** members, either semimonthly or at the time of each

15  payment of wages, accurate itemized statement showing, among other things, the gross and net

16  wages earned by each class member.

17      40.    By failing to pay premium wages to Plaintiff as set forth above, Defendants have

18  furnished him with written wage statements that do not accurately reflect, among other things,

19  his amounts of gross and net wages earned.

20      41.    Plaintiff is informed and believes and thereon alleges that by failing to pay

21  premium wages to **Wage Statement Subclass** members as set forth above, Defendants have

22  also furnished them with written wage statements that do not accurately reflect, among other

23  things, their amounts of gross and net wages.

24      42.    Plaintiff is informed and believes and thereon alleges that Defendants' failures to

25  provide him and Wage Statement Subclass members with accurate wage statements have been

26  knowing and intentional, in that Defendants have, at all relevant times, had the ability to provide

27  them with accurate wage statements but, instead, have knowingly and intentionally provided

28  them with inaccurate wage statements as a result of not maintaining any mechanism for paying

                                        8
                            FIRST AMENDED COMPLAINT

premium wages when meal or rest periods are not provided.

43.    Plaintiff has suffered injuries due to Defendants' failures to provide him with accurate written wage statements in that, among other things, his legal rights to receive accurate wage statements have been violated, he has been misled about the amounts of wages he has earned, has been prevented from immediately challenging allegedly unlawful pay practices, has needed to reconstruct time and pay records and perform mathematical computations to determine the amounts of wages he has earned, and has had inaccurate information about his wages and deductions submitted to government agencies.

44.    Plaintiff is informed and believes and thereon alleges that **Wage Statement Subclass** members have suffered injuries due to Defendants' failures to provide them with accurate written wage statements in that, among other things, their legal rights to receive accurate wage statements have been violated, they have been misled about the amounts of wages they have earned, have been prevented from immediately challenging allegedly unlawful pay practices, have needed to reconstruct time and pay records and perform mathematical computations to determine the amounts of wages they have earned, and/or have had inaccurate information about their wages and deductions submitted to government agencies.

45.    Pursuant to Labor Code § 226(e), Plaintiff, on behalf of himself and the **Wage Statement Subclass**, seeks to recover the greater of actual damages or $50 for the initial pay period in which a § 226(a) violation occurred, the greater of actual damages or $100 for each violation of § 226(a) in a subsequent pay period, up to the greater of actual damages or an aggregate $4,000 penalty per class member, as well as awards of reasonable attorneys' fees and costs, all in amounts subject to proof.

///
///
///
///
///
///

9

FIRST AMENDED COMPLAINT

EXHIBIT A   035

## FOURTH CAUSE OF ACTION

### WAITING TIME PENALTIES

#### (Lab. Code § 203)

#### (By Plaintiff and the Former Employee Subclass, Against All Defendants)

46.     Plaintiff incorporates all of the preceding paragraphs of this Complaint as if fully set forth herein.

47.     Labor Code § 201 provides that all of the earned and unpaid wages of an employee who is discharged become due and payable immediately at the time of discharge.

48.     Labor Code § 202 provides that all of the earned and unpaid wages of an employee who quits become due and payable at the time of quitting if the employee gives at least 72-hours notice before quitting, or within 72 hours of quitting if the employee gives less than 72-hours notice before quitting.

49.     Labor Code § 203 provides that the wages of a terminated employee will continue as a penalty for up to thirty calendar days if the employer willfully fails to timely pay any earned and unpaid wages to the employee in the times set forth in Labor Code §§ 201–202.

50.     By failing to pay Plaintiff earned premium wages, Defendants failed to timely pay him all earned and unpaid wages in violation of Labor Code § 201.

51.     Plaintiff is informed and believes and thereon alleges that, by failing to pay Former Employee Subclass members earned premium wages, Defendants have failed to timely pay them all earned and unpaid wages in violation of Labor Code §§ 201–202.

52.     Plaintiff is informed and believes and thereon alleges that, at all relevant times, Defendants' failures to pay him and Former Employee Subclass members earned and unpaid wages in violation of Labor Code §§ 201–202 have been willful in that Defendants have had the ability to fully comply with the requirements set forth in those statutes, but have deliberately chosen to maintain policies and practices with respect to payroll that are incompatible with those requirements.

///

///

10

FIRST AMENDED COMPLAINT

EXHIBIT A   036

53.     Pursuant to Labor Code § 203, Plaintiff, on behalf of himself and the **Former Employee Subclass**, seeks up to thirty days of wages as waiting time penalties in amounts subject to proof.

54.     Pursuant to Code of Civil Procedure § 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and the **Former Employee Subclass**, seeks awards of reasonable attorneys' fees and costs in amounts subject to proof.

<u>FIFTH CAUSE OF ACTION</u>

UNFAIR COMPETITION

(Bus. & Prof. Code § 17200 *et seq.*)

(By Plaintiff and the Plaintiff Class, Against All Defendants)

55.     Plaintiff incorporates all of the preceding paragraphs of this Complaint as if fully set forth herein.

56.     Business and Professions Code § 17200 defines "unfair competition" to include any unlawful business practice.

57.     Business and Professions Code § 17203 allows a person who has lost money or property as a result of unfair competition to bring a class action in accordance with Code of Civil Procedure § 382 to recover money or property that may have been acquired from similarly situated persons by means of unfair competition.

58.     As set forth above, Plaintiff has lost money or property in the form of earned premium wages as a result of Defendants' failures to pay him premium wages in violation of Labor Code § 226.7 and Sections 11 and 12 of the Wage Order.

59.     Plaintiff is informed and believes and thereon alleges that, at all relevant times and as set forth above, Defendants have either have acquired, or may have acquired, money or property in the form of earned premium wages from **Plaintiff Class** members by means of unfair competition as a result of Defendants' failures to pay them premium wages in violation of Labor Code § 226.7 and Sections 11 and 12 of the Wage Order.

///

///

11

FIRST AMENDED COMPLAINT

EXHIBIT A   037

07/16/2012  16:41   2136838   PMOOS

60.    Pursuant to Business and Professions Code § 17203, Plaintiff, on behalf of himself and the **Plaintiff Class**, seeks restitution of all moneys and property, including, but not limited to, earned premium wages, that Defendants either acquired, or may have acquired, from them by means of unfair competition in amounts subject to proof at trial.

61.    Pursuant to Code of Civil Procedure § 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and the **Plaintiff Class**, seeks awards of reasonable attorneys' fees and costs in amounts subject to proof.

### SIXTH CAUSE OF ACTION

### CIVIL PENALTIES

### (Lab. Code § 2698 *et seq.*)

### (By Plaintiff, Against All Defendants)

62.    Plaintiff incorporates each of the preceding paragraphs of this Complaint as if fully set forth herein.

63.    Labor Code §§ 2699(a) and (g) authorize an aggrieved employee, on behalf of himself and other current and former employees, to bring a representative civil action to recover civil penalties pursuant to the procedures specified in Labor Code § 2699.3 that may, but need not, be brought or maintained as class action pursuant to Code of Civil Procedure § 382.

64.    Plaintiff, as an employee against whom Defendants have committed one or more alleged violations of the Labor Code during the applicable limitations period is an "aggrieved employee" within the meaning of Labor Code § 2699(c).

65.    During the applicable limitations period, Defendants have violated Labor Code §§ 201, 202, 203, 204, 226(a), 226.7, 512, and 1198, and Sections 11 and 12 of the Wage Order.

66.    Pursuant to Labor Code §§ 2699(a) and (f), Plaintiff, on behalf of himself and other aggrieved employees, seeks the following civil penalties for Defendants' violations of Labor Code §§ 201, 202, 203, 204, 226(a), 226.7, 512, and 1198, and Sections 11 and 12 of the Wage Order:

///
///

12

### FIRST AMENDED COMPLAINT

EXHIBIT A   038

A. For violations of Labor Code §§ 201, 202, 203, and 226.7, $100 for each employee per pay period for each initial violation and $200 for each employee per pay period for each subsequent violation (penalties set by Labor Code § 2699(f)(2));

B. For violations of Labor Code § 204, $100 for each employee for each initial violation, and $200 for each employee, plus 25% of the amount unlawfully withheld from each employee, for each subsequent violation (penalties set by Labor Code § 210);

C. For violations of Labor Code § 226(a), if this action is deemed to be an initial citation, $250 for each employee for each violation; alternatively, if an initial citation or its equivalent occurred before the filing of this action, $1,000 for each employee for each violation (penalties set by Labor Code § 226.3); and

D. For violations of Labor Code §§ 512 and 1198, and Sections 11 and 12 of the Wage Order, $50 for each employee for each initial pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages, and $100 for each employee for each subsequent pay period for which the employee was underpaid, in addition to an amount sufficient to recover underpaid wages (penalties set by Labor Code § 558).

67. Plaintiff has complied with the procedures for bringing suit set forth in Labor Code § 2699.3. By letter dated May 17, 2012, Plaintiff gave written notice via certified mail to the Labor and Workforce Development Agency ("LWDA") and Defendants of the specific provisions of the Labor Code that he alleges to have been violated, including the facts and theories to support the alleged violations. More than 33 days have passed since the mailing of Plaintiff's letter without the LWDA informing him that it intends to investigate the violations of the Labor Code he has alleged.

///

13

FIRST AMENDED COMPLAINT

68. Pursuant to Labor Code § 2699(g)(1), Plaintiff seeks awards of reasonable costs and attorneys' fees in connection with his claims for civil penalties on behalf of himself and other aggrieved employees.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself, and all others similarly situated, prays for relief and judgment against Defendants as follows:

 A. An order that the action be certified as a class action;

 B. An order that Plaintiff be appointed class representative;

 C. An order that counsel for Plaintiff be appointed class counsel;

 D. Damages;

 E. Restitution;

 F. Declaratory relief;

 G. Statutory penalties;

 H. Civil penalties;

 I. Pre-judgment interest;

 J. Post-judgment interest;

 K. Costs of suit;

 L. Reasonable attorney's fees;

 M. Such other relief as the Court deems just and proper.

Respectfully submitted,

LAW OFFICES OF LOUIS BENOWITZ
SAMANI LAW FIRM

Dated: June 21, 2012   BY _Louis Benowitz_
        LOUIS BENOWITZ
        Attorneys for Plaintiff
        JAMES SHIPLEY

FIRST AMENDED COMPLAINT

EXHIBIT A 040

07/16/2012  16:41  2136#  47  FMCUS  PAGE  35/54

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE

**BC485207**

Case Number _____

THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 7.3(c)). There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|
| Hon. Carolyn B. Kuhl | 1 | 534 | Hon. Holly E. Kendig | 42 | 416 |
| Hon. J. Stephen Czuleger | 3 | 224 | Hon. Mel Red Recana | 45 | 529 |
| Hon. Luis A. Lavin | 13 | 630 | Hon. Debre Katz Weintraub | 47 | 507 |
| Hon. Terry A. Green | 14 | 300 | Hon. Elizabeth Allen White | 48 | 506 |
| Hon. Richard Fruin | 15 | 307 | Hon. Deirdre Hill | 49 | 509 |
| Hon. Rita Miller | 16 | 306 | Hon. John L. Segal | 50 | 508 |
| Hon. Richard E. Rico | 17 | 309 | Hon. Abraham Khan | 51 | 511 |
|  | 19 | 311 | Hon. Susan Bryant-Deason | 52 | 510 |
| Hon. Kevin C. Brazile | 20 | 310 | Hon. Steven J. Kleifield | 53 | 513 |
| Hon. Michael P. Linfield | 10 | 315 | Hon. Ernest M. Hiroshige | 54 | 512 |
| Hon. Robert L. Hess | 24 | 314 | Hon. Malcolm H. Mackey | 55 | 515 |
| Hon. Mary Ann Murphy | 25 | 317 | Hon. Michael Johnson | 56 | 514 |
| Hon. James R. Dunn | 26 | 316 | Hon. Ralph W. Dau | 57 | 517 |
| Hon. Yvette M. Palazuelos | 28 | 318 | Hon. Rolf M. Treu | 58 | 516 |
| Hon. Barbara Scheper | 30 | 400 | Hon. David L. Minning | 61 | 632 |
| Hon. Alan S. Rosenfield | 31 | 407 | Hon. Michael L. Stern | 62 | 600 |
| Hon. Mary H. Strobel | 32 | 406 | Hon. Fredrick C. Shaller | 46 | 601 |
| Hon. Charles F. Palmer | 33 | 409 | Hon. Mark Mooney | 68 | 617 |
| Hon. Amy D. Hogue | 34 | 408 | Hon. Ramona See | 69 | 621 |
| Hon. Daniel Buckley | 35 | 411 | Hon. Soussan G. Bruguera | 71 | 729 |
| Hon. Gregory Alarcon | 36 | 410 | Hon. Ruth Ann Kwan | 72 | 731 |
| Hon. Joanne O'Donnell | 37 | 413 | Hon. Teresa Sanchez-Gordon | 74 | 735 |
| Hon. Maureen Duffy-Lewis | 38 | 412 | Hon. William F. Fahey | 78 | 730 |
|  | 39 | 415 | **Hon. Emilie H. Elias** | ~~324~~ | **CCW** |
| Hon. Michelle R. Rosenblatt | 40 | 414 | **Hon. Elihu M. Berle*** | (323) | **CCW** |
| Hon. Ronald M. Sohigian | 41 | 417 | other | | |

*Class Actions
All class actions are initially assigned to Judge Elihu M. Berle in Department 323 of the Central Civil West Courthouse (600 S. Commonwealth Ave., Los Angeles 90005). This assignment is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the class action case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____    JOHN A. CLARKE, Executive Officer/Clerk
                                                                By _____, Deputy Clerk

LACIV CCH 190 (Rev. 01/12)                    NOTICE OF CASE ASSIGNMENT –
LASC Approved 05-06                              UNLIMITED CIVIL CASE                              Page 1 of 2

EXHIBIT A   041

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Seven Rules, as applicable in the Central District, are summarized for your assistance.

### APPLICATION

The Chapter Seven Rules were effective January 1, 1994. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Chapter Seven Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Seven Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Seven Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Seven Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

EXHIBIT A   042

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| DATE: 05/31/12 | | | DEPT. 323 |
|---|---|---|---|
| HONORABLE ELIHU M. BERLE | JUDGE | S. McKinney | DEPUTY CLERK |
| HONORABLE | JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| NONE | Deputy Sheriff | NONE | Reporter |

| 8:30 am | BC485207 | Plaintiff | |
| | | Counsel | NO APPEARANCES |
| | JAMES SHIPLEY | | |
| | VS | Defendant | |
| | JONATHAN CLUB | Counsel | |

NON-COMPLEX (05-31-12)

**NATURE OF PROCEEDINGS:**

COURT'S RULING REGARDING NON-COMPLEX DETERMINATION

This case is hereby determined to be non-complex within the meaning of Rule 3.400 of the California Rules of Court.

The case is ordered reassigned to Judge Abraham Khan in Department 51 located in the Stanley Mosk Courthouse for all further proceedings.

The stay is lifted. Complex fees paid, if any, are ordered refunded.

Plaintiff is ordered to serve a copy of this minute order on all parties, forthwith, and to file a proof of service in Department 51 within five (5) days of service.

Any party objecting to the non-complex designation must file an objection with proof of service in Department 323 within ten (10) days of service of this minute order. Any response to the objection must be filed in Department 323 within seven (7) days of service of the objection. This Court will make its ruling on the submitted pleadings.

CLERK'S CERTIFICATE OF MAILING

Page 1 of 2 DEPT. 323

MINUTES ENTERED
05/31/12
COUNTY CLERK

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| DATE: 05/31/12 | | DEPT. 323 |
|---|---|---|
| HONORABLE ELIHU M. BERLE | JUDGE | S. McKinney DEPUTY CLERK |
| HONORABLE | JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| NONE | Deputy Sheriff | NONE Reporter |

| 8:30 am | BC485207 | | Plaintiff Counsel | NO APPEARANCES |
|---|---|---|---|---|
| | JAMES SHIPLEY VS JONATHAN CLUB | | Defendant Counsel | |
| | NON-COMPLEX (05-31-12) | | | |

NATURE OF PROCEEDINGS:

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the
Minute order of 05-31-12
upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Dated: 05-31-12

John A. Clarke, Executive Officer/Clerk

By: _K. Bowen_____
         K. Bowen

LAW OFFICES OF LOUIS BENOWITZ
Louis Benowitz, Esq.
9454 Wilshire Boulevard, Penthouse
Beverly Hills, California 90212

Page 2 of 2 DEPT. 323

MINUTES ENTERED
05/31/12
COUNTY CLERK

EXHIBIT A 044

51

**NOTICE SENT TO:**

Samani, Michelle D., Esq.
Samani Law Firm
1901 Avenue of the Stars, Suite 390
Los Angeles          CA   90067

**FILED**

**LOS ANGELES SUPERIOR COURT**
FILE STAMP

JUN 0 8 2012

JOHN A. CLARKE, CLERK

BY ALISON ALEN, DEPUTY

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | CASE NUMBER |
|---|---|---|
| JAMES SHIPLEY | Plaintiff(s), | BC485207 |
| VS. | | |
| JONATHAN CLUB | Defendant(s). | **NOTICE OF CASE MANAGEMENT CONFERENCE** |

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled for October 1, 2012 at 8:45 am in Dept. 51 at 111 North Hill Street, Los Angeles, California 90012.

**NOTICE TO DEFENDANT:**   **THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.**

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least **15 calendar days** prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, section 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions pursuant to LASC Local Rule 7.13, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code Section 68608 (b), and California Rules of Court 2.2 et seq.

Date: June 8, 2012

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named above:

[✓] by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed herein in a separate sealed envelope to each address as shown above with postage thereon fully prepaid.

[ ] by personally giving the party notice upon filing the complaint.
Date: June 8, 2012

John A. Clarke, Executive Officer/Clerk

by _____, Deputy Clerk

LACIV 132 (Rev. 09/07)
LASC Approved 10-03

Cal. Rules of Court, rule 3.720-3.730
LASC Local Rules, Chapter Seven

EXHIBIT A   045

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties.  The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

07/16/2012  16:41  213683F   FMCOS

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:  FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

EXHIBIT A   047

07/16/2012  16:41    213683(

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.   Computation of damages, including documents not privileged or protected from disclosure, on which such computation is based;

i.   Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lasuperiorcourt.org* under "*Civil*" and then under "*General Information*").

2.   The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
(INSERT DATE)                               (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation.

3.   The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.   References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____          ➤  _____
        (TYPE OR PRINT NAME)                        (ATTORNEY FOR PLAINTIFF)

Date:

_____          ➤  _____
        (TYPE OR PRINT NAME)                        (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤  _____
        (TYPE OR PRINT NAME)                        (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤  _____
        (TYPE OR PRINT NAME)                        (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤  _____
        (TYPE OR PRINT NAME)                        (ATTORNEY FOR _____)

Date:

_____          ➤  _____
        (TYPE OR PRINT NAME)                        (ATTORNEY FOR _____)

Date:

_____          ➤  _____
        (TYPE OR PRINT NAME)                        (ATTORNEY FOR _____)

LACIV 229 (new)          **STIPULATION – EARLY ORGANIZATIONAL MEETING**          Page 2 of 2
LASC Approved 04/11

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i.   File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii.  Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i.   Also be filed on the approved form (copy attached);

        ii.  Include a brief summary of why the requested relief should be denied;

LACIV 036 (new)
LASC Approved 04/11

**STIPULATION – DISCOVERY RESOLUTION**

Page 1 of 3

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

    iii.   Be filed within two (2) court days of receipt of the Request; and

    iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying ex parte for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

**The following parties stipulate:**

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

EXHIBIT A   051

| | STATE BAR NUMBER: | Reserved for Clerk's File Stamp |
|---|---|---|

NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY:

TELEPHONE NO.:          FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference
2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).
3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).
4. For a **Request for Informal Discovery Conference**, **briefly** describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an **Answer to Request for Informal Discovery Conference**, **briefly** describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

LACIV 094 (new)
LASC Approved 04/11

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

EXHIBIT A   053

| SHORT TITLE: | | CASE NUMBER |
|---|---|---|
| | | |

## The following parties stipulate:

Date: _____

> _____          > _____
   (TYPE OR PRINT NAME)                    (ATTORNEY FOR PLAINTIFF)

Date: _____

> _____          > _____
   (TYPE OR PRINT NAME)                    (ATTORNEY FOR DEFENDANT)

Date: _____

> _____          > _____
   (TYPE OR PRINT NAME)                    (ATTORNEY FOR DEFENDANT)

Date: _____

> _____          > _____
   (TYPE OR PRINT NAME)                    (ATTORNEY FOR DEFENDANT)

Date: _____

> _____          > _____
   (TYPE OR PRINT NAME)                    (ATTORNEY FOR _____ )

Date: _____

> _____          > _____
   (TYPE OR PRINT NAME)                    (ATTORNEY FOR _____ )

Date: _____

> _____          > _____
   (TYPE OR PRINT NAME)                    (ATTORNEY FOR _____ )

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER

LACIV 075 (new)
LASC Approved 04/11        **STIPULATION AND ORDER – MOTIONS IN LIMINE**        Page 2 of 2

EXHIBIT A   054

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

[CRC 3.221 Information about Alternative Dispute Resolution]

For additional ADR information and forms visit the Court ADR web application at www.lasuperiorcourt.org (click on ADR).

**The plaintiff shall serve a copy of this Information Package on each defendant along with the complaint (Civil only).**

**What is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation (NE), and settlement conferences, are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

> **Cases for Which Mediation May Be Appropriate**
> Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

> **Cases for Which Mediation May Not Be Appropriate**
> Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." Binding arbitration means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Nonbinding arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

> **Cases for Which Arbitration May Be Appropriate**
> Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

> **Cases for Which Arbitration May Not Be Appropriate**
> If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

> **Cases for Which Neutral Evaluation May Be Appropriate**
> Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

> **Cases for Which Neutral Evaluation May Not Be Appropriate**
> Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences:**
Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

LAADR 005 (Rev. 12-09)
LASC Approved 05-09

Page 1 of 2

## LOS ANGELES SUPERIOR COURT ADR PROGRAMS

**CIVIL:**
- **Civil Action Mediation** (Governed by Code of Civil Procedure (CCP) sections 1775-1775.15, California Rules of Court, rules 3.850-3.868 and 3.890-3.898 Evidence Code sections 1115-1128, and Los Angeles Superior Court Rules, chapter 12.)
- **Retired Judge Settlement Conference**
- **Neutral Evaluation** (Governed by Los Angeles Superior Court Rules, chapter 12.)
- **Judicial Arbitration** (Governed by Code of Civil Procedure sections 1141.10-1141.31, California Rules of Court, rules 3.810-3.830, and Los Angeles Superior Court Rules, chapter 12.)
- **Eminent Domain Mediation** (Governed by Code of Civil Procedure section 1250.420.)
- **Civil Harassment Mediation**
- **Small Claims Mediation**

**FAMILY LAW (non-custody):**
- **Mediation**
- **Forensic Certified Public Accountant (CPA) Settlement Conference**
- **Settlement Conference**
- **Nonbinding Arbitration** (Governed by Family Code section 2554.)

**PROBATE:**
- **Mediation**
- **Settlement Conference**

### NEUTRAL SELECTION

Parties may select a mediator, neutral evaluator, or arbitrator from the Court Party Select Panel or may hire someone privately, at their discretion. If the parties utilize the Random Select Mediation or Arbitration Panel, the parties will be assigned on a random basis the name of one neutral who meets the case criteria entered on the court's website.

### COURT ADR PANELS

| | |
|---|---|
| Party Select Panel | The Party Select Panel consists of mediators, neutral evaluators, and arbitrators who have achieved a specified level of experience in court-connected cases. The parties (collectively) may be charged $150.00 per hour for the first three hours of hearing time. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing. |
| Random Select Panel | The Random Select Panel consists of trained mediators, neutral evaluators, and arbitrators who have not yet gained the experience to qualify for the Party Select Panel, as well as experienced neutrals who make themselves available pro bono as a way of supporting the judicial system. It is the policy of the Court that all Random Select panel volunteer mediators, neutral evaluators, and arbitrators provide three hours hearing time per case. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing. |
| Private Neutral | The market rate for private neutrals can range from $300-$1,000 per hour. |

### ADR ASSISTANCE

For assistance regarding ADR, please contact the ADR clerk at the courthouse in which your case was filed.

| COURTHOUSE | ADDRESS | ROOM | CITY | PHONE | FAX |
|---|---|---|---|---|---|
| Antonovich | 42011 4th St. West | None | Lancaster, CA 93534 | (661)974-7275 | (661)974-7080 |
| Chatsworth | 9425 Penfield Ave. | 1200 | Chatsworth, CA 91311 | (818)576-8565 | (818)576-8687 |
| Compton | 200 W. Compton Blvd. | 1002 | Compton, CA 90220 | (310)603-3072 | (310)223-0337 |
| Glendale | 600 E. Broadway | 273 | Glendale, CA 91206 | (818)500-3160 | (818)548-5470 |
| Long Beach | 415 W. Ocean Blvd. | 316 | Long Beach, CA 90802 | (562)491-6272 | (562)437-3802 |
| Norwalk | 12720 Norwalk Blvd. | 308 | Norwalk, CA 90650 | (562)807-7243 | (562)462-8019 |
| Pasadena | 300 E. Walnut St. | 109 | Pasadena, CA 91101 | (626)356-5685 | (626)666-1774 |
| Pomona | 400 Civic Center Plaza | 106 | Pomona, CA 91766 | (909)620-3183 | (909)629-6283 |
| San Pedro | 505 S. Centre | 209 | San Pedro, CA 90731 | (310)519-6151 | (310)514-0314 |
| Santa Monica | 1725 Main St. | 203 | Santa Monica, CA 90401 | (310)260-1829 | (310)319-6130 |
| Stanley Mosk | 111 N. Hill St. | 113 | Los Angeles, CA 90012 | (213)974-5425 | (213)633-5115 |
| Torrance | 825 Maple Ave. | 100 | Torrance, CA 90503 | (310)222-1701 | (310)782-7326 |
| Van Nuys | 6230 Sylmar Ave. | 418 | Van Nuys, CA 91401 | (818)974-2337 | (818)902-2440 |

Partially Funded by the Los Angeles County Dispute Resolution Program

A complete list of the County Dispute Resolution Programs is available online and upon request in the Clerk's Office.

LAADR 005 (Rev. 12-09)
LASC Approved 05-09

Page 2 of 2

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF LOS ANGELES

**Information About Alternative Dispute Resolution:**

California Rules of Court, rule 3.221, requires counties participating in the Dispute Resolution Programs Act ("DRPA"), to provide information about the availability of local dispute resolution programs funded under DRPA. In Los Angeles County, these services are made possible through major support from the Los Angeles County Department of Community and Senior Services through DRPA. The list of the local dispute resolution programs funded in Los Angeles County is set forth below.

Superior Court of California, Los Angeles County, ADR Office (213) 974-5425
www.lasuperiorcourt.org/ADR

**Staff and volunteers of the following identified agencies are not employees of the Los Angeles Superior Court:**

Asian-Pacific American Dispute Resolution Center (213) 250-8190 www.apadrc.org

California Academy of Mediation Professionals (818) 377-7250 www.mediationprofessionals.org

California Lawyers for the Arts, Arbitration and Mediation Service (310) 998-5590 www.calawyersforthearts.org/

Center for Conflict Resolution (818) 705-1090 www.ccr4peace.org

Inland Valleys Justice Center (909) 621-7479 www.ivjc.org

Korean American Coalition 4.29 Center (213) 365-5999 www.kacla.org

Los Angeles City Attorney's Office Dispute Resolution Program (213) 485-8324
www.lacity.org/mediate

Los Angeles County Bar Association Dispute Resolution Services
(877) 473-7658 (323) 930-1841 (888) 922-1322 (562) 570-1019 www.lacba.org/drs

Los Angeles County Department of Consumer Affairs (213) 974-0825

The Loyola Law School Center for Conflict Resolution (213) 736-1145 www.lls.edu/ccr

City of Norwalk Dispute Resolution Program (562) 929-5603
www.ci.norwalk.ca.us/socialservices2.asp

> *These programs do not offer legal advice or help you respond to a summons,*
> *but they can assist in resolving your problem through mediation.*
>
> Dispute Resolution Programs Act
> **Contracts Administration Office: (213) 738-2621**

LAADR 007 (Rev. 04/10)
LASC Approved 07-04

**INFORMATION ABOUT**
**ALTERNATIVE DISPUTE RESOLUTION**

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
Click on the button to select the appropriate court address.

PLAINTIFF:

DEFENDANT:

| STIPULATION TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: |
|---|---|

The undersigned parties stipulate to participate in an Alternative Dispute Resolution (ADR) process in the above-entitled action, as follows:

☐ Mediation

☐ Non-Binding Arbitration

☐ Binding Arbitration

☐ Early Neutral Evaluation

☐ Settlement Conference

☐ Other ADR Process *(describe):* _____

Dated: _____

| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |

☐ Additional signature(s) on reverse

LAADR 001 10-04
LASC Approved
(Rev. 01-07)

## STIPULATION TO PARTICIPATE IN
## ALTERNATIVE DISPUTE RESOLUTION (ADR)

Cal. Rules of Court, rule 3.221
Page 1 of 2

EXHIBIT A   058

| Short Title | Case Number |
|---|---|
|  |  |

| Name of Stipulating Party | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff ☐ Defendant ☐ Cross-defendant |  |  |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |

LAADR D01 10-04
LASC Approved
(Rev. 01-07)

**STIPULATION TO PARTICIPATE IN
ALTERNATIVE DISPUTE RESOLUTION (ADR)**

Cal. Rules of Court, rule 3.221
Page 2 of 2

EXHIBIT A   059

William E. Weinberger SBN 102581
Michael B. Mellema SBN 247323
PARKER, MILLIKEN, CLARK, O'HARA & SAMUELIAN
  A Professional Corporation
555 S. Flower St., 30th Floor
Los Angeles, California 90071-2440
Telephone:    (213) 683-6500
Facsimile:    (213) 683-6669
wweinberger@pmcos.com
mmellema@pmcos.com

Attorneys for defendant JONATHAN CLUB

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| JAMES SHIPLEY, on behalf of himself and all others similarly situated,<br><br>               Plaintiff,<br><br>          v.<br><br>JONATHAN CLUB, a California corporation; and DOES 1-50, Inclusive,<br><br>               Defendants. | Case No.   BC485207<br>*Assigned for all purposes to Department 51 before the Hon. Abraham Khan*<br><br>Date:        October 1, 2012<br>Time:        9:00 a.m.<br>Dept:        51<br><br>**NOTICE OF MOTION BY DEFENDANT JONATHAN CLUB TO COMPEL ARBITRATION AND TO DISMISS CLASS CLAIMS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF KRIS CARROLL AND MICHAEL B. MELLEMA** |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

     **PLEASE TAKE NOTICE** that on October 1, 2012 at, 9:00 a.m., or as soon thereafter as

this matter may be heard, in Department 51 of the above-entitled Court, located at 111 N. Hill

Street, Los Angeles, California 90012, defendant Jonathan Club (the "Club") will bring on for

hearing its motion for an Order compelling arbitration, staying this action while its motion is

pending, and until such time as the arbitration is completed, and dismissing all class claims.

     This Motion is brought pursuant to sections 1281, 1281.2 and 1281.4 of the California

Code of Civil Procedure, on the grounds that plaintiff James Shipley ("Shipley") and the Club

entered into a written arbitration agreement on or about April 26, 2010, providing for mandatory

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN A
PROFESSIONAL
CORPORATION

---

MOTION TO COMPEL ARBITRATION AND DISMISS CLASS CLAIMS

399171

1    arbitration, to the fullest extent permitted by law, of any and all claims "relating in any way to

2    [Shipley's] employment…"; all the claims in Shipley's First Amended Complaint (for alleged

3    wage and hour violations) arise out of his employment with the Club; and, therefore, the claims

4    alleged in this action fall within the scope of the agreement and are subject to mandatory

5    arbitration.  Moreover, as the parties have not ever agreed to participate in class arbitration,

6    Shipley's class allegations must be dismissed.  (*Kinecta Alternative Financial Solutions, Inc. v.*

7    *Superior Court* (2012) 205 Cal.App.4th 506; *Iskanian v. CLS Transportation Los Angeles, LLC*

8    (Cal.App. 2 Dist., June 4, 2012) 2012 WL 1979266.)

9         This Motion is based upon this Notice, the Club's Memorandum of Points and Authorities

10   and Declarations of Kris Carroll and Michael B. Mellema filed concurrently, the complete files

11   and records in this action, all matters that the Court may judicially notice, and any argument,

12   authority and/or evidence as may be presented at the hearing on this Motion.

13

14   DATED: August 27, 2012              PARKER, MILLIKEN, CLARK, O'HARA &
                                          SAMUELIAN
15                                        A Professional Corporation

16

17                                   By: _____
                                          William E. Weinberger
18                                        Michael B. Mellema
                                          Attorneys for Defendant JONATHAN CLUB
19

20

21

22

23

24

25

26

27

PARKER MILLIKEN   28
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION
                                        - 2 -
                  MOTION TO COMPEL ARBITRATION AND DISMISS CLASS CLAIMS
399171

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

In this case, plaintiff James Shipley ("Shipley") has asserted six causes of action against defendant Jonathan Club (the "Club"), for the Club's alleged: (1) failure to provide meal periods, (2) failure to provide rest periods, (3) wage statement penalties, (4) waiting time penalties, (5) unfair competition, and (6) civil penalties under the PAGA.  He seeks to bring these claims on his own behalf and on behalf of the Club's other banquet employees.

Contrary to Shipley's allegations, the evidence will ultimately show that the Club has complied with all applicable wage and hour requirements, including but not limited to providing and fully apprising its banquet workers, including Shipley, of their rights to take rest and meal breaks or to receive premium pay if they were unable to do so.  That said, this Court is the wrong forum for the parties' presentation of merits evidence and the adjudication of the claims alleged by Shipley.

Shipley has entered into two written agreements by which he and the Club mutually agreed to arbitrate any and all claims relating to Shipley's employment.  (Declaration of Kris Carroll ("Carroll Decl."), Exhs. 1-2.)  Neither document includes any terms evidencing an agreement by the Club to arbitrate class claims.  The Court should accordingly grant this motion to compel arbitration and dismiss Shipley's class claims because (1) Shipley signed two valid, enforceable arbitration agreements that encompass the individual claims Shipley has alleged, and (2) the two written arbitration agreements contain no explicit agreement by the Club to submit class claims to arbitration or any language by which such an agreement could be inferred.

### II.   FACTUAL AND PROCEDURAL BACKGROUND

On April 26, 2010, Shipley applied for employment with the Club by signing and submitting the Club's standard one-page employment application and acknowledgment form (the "Application").  (Carroll Decl., Exh. 1.)  The Application includes, among other terms, three full paragraphs providing for mandatory, binding arbitration of all claims between the Club and Shipley, relating in any manner to Shipley's employment.

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

399171

- 3 -

EXHIBIT A   062

1   Specifically, the Application states, in pertinent part:

2       "The Jonathan Club and I agree that to the fullest extent permitted
        by law, any and all claims or controversies between us ... relating
3       in any manner to my employment or the termination of my
        employment shall be resolved by final and binding arbitration....
4       Except as provided herein, any arbitration proceeding shall be
        conducted in accordance with California Code of Civil Procedure §
5       1280 et seq.

6       "Claims subject to arbitration shall include contract claims, tort
        claims, and common law claims, as well as claims based on any
7       federal, state, or local law, statute or regulation, including but not
        limited to any claims arising under Title VII of the Civil Rights Act
8       of 1964, the Age Discrimination in Employment Act, the
        Americans with Disabilities Act, and the California Fair
9       Employment and Housing Act...."

10  In addition to completing the informational section at the top of his Application, Shipley signed

11  and dated the acknowledgment at the bottom, expressly confirming his agreement to arbitrate all

12  claims arising out of his employment with the Club.  (Carroll Decl., Exh. 1.)

13      In connection with the commencement of his employment with the Club, on or about May

14  14, 2010, Shipley also signed a further two-page written "Acknowledgment", in which he

15  reaffirmed the parties' agreement to submit any and all claims to binding arbitration.  (Carroll

16  Decl., Exh 2.)  The Acknowledgment contains all of the same terms as the Application, and these

17  terms are further reiterated in the Club's employee handbook.

18      Notwithstanding his execution of two separate, but identical, arbitration agreements,

19  Shipley initiated this action on or about May 23, 2012, in which he has asserted a standard array

20  of unsubstantiated wage and hour allegations against the Club.  These claims and allegations are

21  unquestionably within the scope of the arbitration provisions in the Application and the

22  Acknowledgment (collectively, the "Agreements").

23      On or about August 7, 2012, the Club orally requested that Shipley agree to submit this

24  case to binding arbitration pursuant to the Agreements.  (Declaration of Michael B. Mellema

25  ("Mellema Decl."), ¶ 2.)  On August 23, 2012, the Club followed up on its request with a written

26  arbitration demand.  (Mellema Decl., Exh. 3.)  Shipley appears to concede that there is an

27  applicable arbitration agreement in this case, but he contends that he will only agree to submit to

28  arbitration if the Club will stipulate to do so on a class-wide basis.  (Mellema Decl., Exh. 4.)

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

- 4 -
MOTION TO COMPEL ARBITRATION AND DISMISS CLASS CLAIMS

399171

1    Shipley's position breaches the terms of the parties' Agreements to arbitrate. He is

2    conditioning his compliance with the Agreements on the addition of a new material term, to

3    which the Club has not agreed and does not agree. Under well-settled United States Supreme

4    Court precedent, "a party may not be compelled to submit to class arbitration unless the

5    arbitration contract provides a basis for concluding that the party agreed to do so." (*Kinecta*

6    *Alternative Fin. Solutions, Inc. v. Superior Court*, 205 Cal.App.4th at 510 (citing *Stolt–Nielsen v.*

7    *AnimalFeeds International Corp.* (2010) 130 S.Ct. 1758).)[1]

8    Because Shipley refuses to honor the terms of the *two* arbitration Agreements he entered

9    into with the Club, the Club requests: (i) that the Court compel him to submit his claims to

10   binding arbitration, and (ii) that all of Shipley's class claims and allegations be dismissed in

11   accordance with the Second District's recent decisions in *Kinecta* and *Iskanian*, as discussed

12   below.

13   **III.    THE COURT SHOULD COMPEL ARBITRATION AND STAY THIS ACTION**

14   **FROM THE DATE OF THIS MOTION UNTIL THE CONCLUSION OF THE**

15   **ARBITRATION.**

16   **A.    California Law and Public Policy Favor Arbitration and Direct that**

17   **Arbitration Agreements Be Enforced According to Their Terms.**

18   Arbitration is a matter of contract, and parties may freely delineate the areas of its

19   application. (*Morris v. Zuck-Erman* (1967) 257 Cal.App.2d 91, 96.) As such, the power of courts

20   over disputes is drastically limited upon determination that an agreement to arbitrate exists.

21   (*Id.* at 95.) Sections 1281 and 1281.2 of the California Code of Civil Procedure mandate that

22   courts to grant motions to compel arbitration where they are based upon written arbitration

23   agreements: "A written agreement to submit to arbitration an existing controversy or a

24   controversy thereafter arising is valid, enforceable and irrevocable save upon such grounds as

---

25
26   [1] Shipley's counsel's contention that his client will not agree to perform under the Agreements
     unless the Club stipulates to class arbitration also raises questions regarding Shipley's
27   involvement, or lack thereof, in this decision. Class arbitration will have no direct monetary
     benefit for any party other than Shipley's attorney. However, the class action mechanism is not
28   for the benefit of lawyers. (*Jutkowitz v. Bourns, Inc.* (1981) 118 Cal.App.3d 102, 110 (class
     action concept is not a vehicle for "fee hunting" by lawyers).)

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

- 5 -

MOTION TO COMPEL ARBITRATION AND DISMISS CLASS CLAIMS

1   exist for the revocation of any contract." (Code Civ. Proc. § 1281.)

2      Absent circumstances that Shipley has the burden to show, and that are not present here,

3          "[o]n petition of a party to an arbitration agreement alleging the existence
             of a written agreement to arbitrate a controversy and that a party thereto

4          refuses to arbitrate such controversy, the court shall order the petitioner
             and the respondent to arbitrate the controversy if it determines that an

5          agreement to arbitrate the controversy exists[.]"

6   (*Id.* at § 1281.2.)  The failure of courts to compel arbitration under such circumstances constitutes

7   reversible error.  (*Morris*, 257 Cal.App.2d at 97.)

8      In addition, strong public policy in this state favors arbitration.  (*EFund Capital Partners*

9   *v. Pless* (2007) 150 Cal.App.4th 1311, 1320.)  Courts are required to liberally construe arbitration

10   agreements, and any doubts regarding the applicability of such agreements are resolved in favor

11   of arbitration.  (*Id.* at 1320-21, 1329.)  This strong public policy has resulted in the general rule

12   that arbitration must be compelled unless it can be said with assurance that an arbitration

13   agreement is not susceptible to an interpretation covering the asserted dispute.  (*Id.* at at 1321.)

14   The burden is on the party opposing arbitration to demonstrate either that an arbitration

15   agreement cannot be interpreted to require the arbitration of the dispute or that the agreement

16   cannot be enforced.  (*Id.*; *Higgins v. Superior Court* (2006)140 Cal.App.4th 1238, 1249.)

17      Moreover, Code of Civil Procedure section 1281.4 provides that (upon motion of a party)

18   the Court must stay an action pending before it: (1) while a motion to arbitrate is pending and (2)

19   until an arbitration is had in accordance with an order to arbitrate or until such time as the Court

20   desires.  (Code Civ. Proc. § 1281.4; *Twentieth Century Fox Film Corp. v. Superior Court* (2000)

21   79 Cal.App.4th 188, 192.)  The purpose of the stay is to protect the jurisdiction of the arbitrator

22   by preserving the status quo until the arbitration is completed.  (*Heritage Provider Network, Inc.*

23   *v. Superior Court* (2008) 158 Cal.App.4th 1146, 1152.)  In the absence of such a stay, the

24   continuation of the judicial proceeding disrupts the arbitration proceeding and may render the

25   proceeding ineffective.  (*Id.*)

26   **B.**    **All of Shipley's Claims and Allegations are Subject to the Parties' Arbitration**

27        **Agreements.**

28      On both his Application for employment with the Club, signed April 26, 2010, and again

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

- 6 -

MOTION TO COMPEL ARBITRATION AND DISMISS CLASS CLAIMS

EXHIBIT A   065

1   on the Acknowledgment he signed on May 14, 2010, Shipley expressly agreed, in pertinent part:

2
3       "The Jonathan Club and I agree that to the fullest extent permitted
        by law any and all claims or controversies between us ... relating in
        any manner to my employment or the termination of my
4       employment shall be resolved by final and binding arbitration ...."

5       Shipley's Complaint, First Amended Complaint, and all allegations and causes of

6   action he pleaded, are plainly within the parameters of this broad arbitration provision.  Recent

7   case law confirms that even Shipley's PAGA claims are subject to mandatory arbitration on an

8   individual basis.  (*Iskanian v. CLS Transp. Los Angeles, LLC*, 206 Cal.App.4th at 966 fn. 6

9   (affirming trial court's dismissal of class claims and finding that "[a]lthough [plaintiff] may not

10  pursue a representative action ... he may pursue his individual PAGA claims in arbitration").)

11      The Club therefore requests that the Court order the parties to submit this action, and all

12  claims alleged therein, to arbitration on an individual basis.  In addition, the Club requests that the

13  Court stay this action while this Motion is pending and until such time as the arbitration is

14  completed.  (Code Civ. Proc. § 1281.4; *Twentieth Century Fox Film Corp.*, 79 Cal. App. 4th at

15  192.)

16  **IV.     SINCE THE PARTIES HAVE NOT AGREED TO ARBITRATE ON A CLASS-**

17  **WIDE BASIS, SHIPLEY'S CLASS CLAIMS SHOULD BE DISMISSED.**

18      The Second District's recent decisions in *Kinecta* and *Iskanian* confirm that this Court

19  should dismiss Shipley's class claims in connection with the enforcement of the arbitration

20  provisions in the parties' Agreements.

21      In *Kinecta*, the arbitration agreement -- like the Agreements here -- was silent as to the

22  possibility of arbitrating class claims.  The *Kinecta* Court held that in light of the United States

23  Supreme Court's holding in *Stolt–Nielsen v. AnimalFeeds International Corp.* (2010) 130 S.Ct.

24  1758, plaintiffs could not compel class-wide arbitration because the employer had never agreed to

25  it in the parties' arbitration provision:

26      "In *Stolt-Nielsen, supra* ... the arbitration clause contained no
        reference to or express waiver of class arbitration. [citation omitted]
27      The United States Supreme Court granted certiorari to determine
        whether the FAA permitted the imposition of class arbitration on
28      parties whose arbitration clause was silent on class arbitration.

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

- 7 -

MOTION TO COMPEL ARBITRATION AND DISMISS CLASS CLAIMS

399171

EXHIBIT A   066

1    *Stolt–Nielsen* reversed a judgment allowing class arbitration in this circumstance...

2

3    "The parties may agree to limit issues they choose to arbitrate, may agree on rules under which an arbitration will proceed, and 'may specify with whom they choose to arbitrate their disputes.' (*Id.* at p. 1774.)... Thus arbitration, as a matter of contract between the parties, is a way to resolve only those disputes which the parties have agreed to submit to arbitration. [citation omitted] Consequently 'a party may not be compelled under the FAA to submit to class arbitration unless there is a contractual basis for concluding that the party agreed to do so.' (*Stolt–Nielsen*, at p. 1775.) ...

4

5

6

7

8    "'*An implicit agreement to authorize class-action arbitration ... is not a term that the arbitrator may infer solely from the fact of the parties' agreement to arbitrate.* This is so because class-action arbitration changes the nature of arbitration to such a degree that it cannot be presumed the parties consented to it by simply agreeing to submit their disputes to an arbitrator.' (*Stolt–Nielsen, supra*, 130 S.Ct. at p. 1775.) '[T]he differences between bilateral and class-action arbitration are too great for arbitrators to presume ... that the parties' mere silence on the issue of class-action arbitration constitutes consent to resolve their disputes in class proceedings.' (*Id.* at p. 1776.)" (*Id.* at 517-18 (emphasis added).)

9

10

11

12

13

14    In the present case, as in *Kinecta*, the arbitration Agreements make no mention of, or

15 reference to, any right to class arbitration. To the contrary, the language in the Agreements

16 strongly suggests that the parties only contemplated arbitrating *individual* claims, not class

17 claims.

18    For example, the Agreements use the first person singular, from Shipley's perspective, in

19 stating the parties' agreement that: "The Jonathan Club and **I** agree that to the fullest extent

20 permitted by law any and all claims or controversies between **us** ... relating in any manner to **my**

21 employment or the termination of **my** employment shall be resolved by final and binding

22 arbitration ...." (Carroll Decl., Exhs. 1-2 (emphasis added).) The Agreements similarly

23 contemplate that "[e]ither the Jonathan Club or **I** may bring an action in court to compel

24 arbitration under this agreement and enforce an arbitration award" and that "*no other employee*"

25 has the right to enter into any subsequent agreement purporting to modify either of the

26 Agreements. (*Id.* (emphasis added).)

27    Even setting aside the fact that class treatment is "fundamentally at odds" with the "very

28 nature" of arbitration (*Coneff v. AT & T Corp.* (9th Cir. 2012) 673 F.3d 1155, 1158), there can be

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

- 8 -

MOTION TO COMPEL ARBITRATION AND DISMISS CLASS CLAIMS

399171

EXHIBIT A   067

1  no class arbitration with respect to Shipley's claims because the terms of the parties' Agreements

2  do not provide any basis for concluding that the parties have agreed to participate in class

3  arbitration. (*Kinecta Alternative Fin. Solutions, Inc. v. Superior Court* (2012) 205 Cal.App.4th at

4  510 (finding "[t]he arbitration agreement made no reference to, and did not authorize, class

5  arbitration of disputes. Thus the parties did not agree to authorize class arbitration in their

6  arbitration agreement, and the order denying Kinecta's motion to dismiss class claims must be

7  reversed").)

8        Shipley's class claims must accordingly be dismissed in conjunction with the Court's

9  entry of an order compelling arbitration. (*Id.; Iskanian v. CLS Transportation Los Angeles, LLC*

10  (Cal.App. 2 Dist., June 4, 2012) 2012 WL 1979266; *see also AT&T Mobility LLC v. Concepcion*

11  (2011) 131 S.Ct. 1740, 1748 ("Requiring the availability of classwide arbitration interferes with

12  fundamental attributes of arbitration and thus creates a scheme inconsistent with the FAA").)

13  **V.    CONCLUSION**

14        For the foregoing reasons, the Club respectfully requests that this Court enter an order

15  compelling arbitration, staying this action while this motion is pending, and until such time as the

16  arbitration is completed, and dismissing all of Shipley's class claims.

17  DATED: August 27, 2012                PARKER, MILLIKEN, CLARK, O'HARA &
                                          SAMUELIAN
18                                        A Professional Corporation

19

20                                        By: _____

21                                        William E. Weinberger
                                          Michael B. Mellema

22                                        Attorneys for defendant
                                          JONATHAN CLUB

23

24

25

26

27

28

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

- 9 -

399171

MOTION TO COMPEL ARBITRATION AND DISMISS CLASS CLAIMS

EXHIBIT A   068

## DECLARATION OF KRIS CARROLL

I, Kris Carroll, declare:

1.    I am over the age of eighteen and the director of human resources for the Jonathan Club.  Except where noted, I have personal knowledge of all facts stated in this declaration.  If called and sworn as a witness, I could and would testify competently to those facts.

2.    The Jonathan Club (the "Club") is a private social club headquartered in Los Angeles, California.  It maintains two physical clubhouses, one in downtown Los Angeles (built in 1924) and one on the beach in Santa Monica.  The Club has been in operation for more than a century.  It serves members from both inside and outside of California, and routinely purchases its supplies and materials from vendors located both inside and outside of California.

3.    As director of human resources for the Club, I am responsible for developing and overseeing the Club's employment policies, practices, processes, and systems.  My responsibilities also include the maintenance of personnel records.

4.    The Club's personnel records are maintained in individual files in my office, under my supervision, and their contents include, among other things, the individual job applications and "Acknowledgment" forms, which are completed and signed by every Club employee.  I am in charge of the persons directly responsible for the maintenance, inputting and upkeep of these personnel records, which constitute the business records of the Club and are reliable records of, among other things, the arbitration agreements entered into between the Club and its employees.

5.    A true and correct copy of the written employment application that Mr. Shipley completed, signed and submitted to the Club, on or about April 26, 2010, and which we have maintained in the normal course of business, in his personnel file, is attached as Exhibit 1.  A true and correct copy of the Acknowledgment form that Mr. Shipley executed and provided to the Club, on or about May 14, 2010, and which we have maintained in the normal course of

//

//

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

- 10 -

MOTION TO COMPEL ARBITRATION AND DISMISS CLASS CLAIMS

399171

business, in his personnel file, is attached as Exhibit 2.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was signed on August 27, 2012, at Los Angeles, California.

Kris Carroll

- 11 -

MOTION TO COMPEL ARBITRATION AND DISMISS CLASS CLAIMS

EXHIBIT A   070

### DECLARATION OF MICHAEL B. MELLEMA

I, Michael B. Mellema, declare:

1. I am an attorney licensed to practice law in all courts of the State of California and am an associate employed by the firm Parker, Milliken, Clark, O'Hara & Samuelian, A Professional Corporation, counsel of record for defendant Jonathan Club (the "Club"). Except where noted, I have personal knowledge of all facts stated in this declaration. If called and sworn as a witness, I could and would testify competently to those facts.

2. On or about August 7, 2012, I had a telephone conversation with Louis Benowitz, counsel for plaintiff James Shipley ("Shipley"), in which I requested, among other things, that Shipley agree to submit his claims to binding arbitration pursuant to the written arbitration agreements that had been entered into by and between Shipley and the Club.

3. On August 23, 2012, I followed up on this telephone conversation by transmitting a written arbitration demand to Mr. Benowitz on behalf of the Club. A true and correct copy of this arbitration demand, and the copies of the parties' arbitration agreements that I enclosed therewith, are collectively attached as Exhibit 3.

4. On the evening of August 23, 2012, I received an e-mail from Mr. Benowitz in response to the Club's arbitration demand. Although Mr. Benowitz appears to concede that there is an applicable arbitration agreement in this case, he has asserted that Shipley will only agree to submit his claims to arbitration if the Club will stipulate to do so on a class-wide basis. A true and correct copy of Mr. Benowitz's August 23, 2012 e-mail is attached as Exhibit 4.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was signed on August 27, 2012, at Los Angeles, California.

_Michael B. Mellema_
Michael B. Mellema

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN A
PROFESSIONAL
CORPORATION

- 12 -

MOTION TO COMPEL ARBITRATION AND DISMISS CLASS CLAIMS

399171

# Exhibit 1

EXHIBIT A   072

## Jonathan Club Employment Application – Education, Training, Acknowledgment

**Highschool**

Edwardsville HS    Edwardsville, IL
Name _____ Address _____ City/State  Did you graduate?  Yes ☒  No ☐

**College/University**

University of Missouri   Columbia, MO    Major: BFA - Education, Art, Theatre
Name _____ Address _____ City/State  Did you graduate?  Yes ☒  No ☐

**Vocational/Business**

_____    Major: _____
Name _____ Address _____ City/State  Did you graduate?  Yes ☐  No ☐

**Certifications & Licenses:** Health Code certification

**Please read Carefully, Initial Each Paragraph and Sign Below**

_____ I hereby certify that I have not knowingly withheld any information that might adversely affect my changes for employment and that the answers given by me are true and correct to the best of my knowledge. I further certify that I, the undersigned applicant, have personally completed this application. I understand that any omission or misstatement of material fact on this application or on any document used to secure employment shall be grounds for rejection of this application or for immediate discharge if I am employed, regardless of the time elapsed before discovery.

_____ Should a search of public records (including records documenting an arrest, indictment, conviction, civil judicial action, tax lien or outstanding judgement) be conducted by internal personnel employed by the Company, I am entitled to copies of any such public records obtained by the Company unless I mark the check box below. If I am not hired as a result of such information, I am entitled to a copy of any such records even though I have checked the following box. ☐ I waive receipt of a copy of any public record described in the paragraph above.

I understand and agree that the Jonathan Club is an at-will employer, which means should I be hired by the Jonathan Club, my employment is for no definite period and may be terminated by me or by the Jonathan Club at any time and for any reason with or without cause or advance notice. I also understand that the Jonathan Club may demote, discipline, transfer, or reassign me or alter the terms of my employment at any time at its discretion, with or without cause or advance notice.

The Jonathan Club and I agree that to the fullest extent permitted by law, any and all claims or controversies between us for between me and any present or former officer, director, agent, or employee of the Jonathan Club relating in any manner to my employment or the termination of my employment shall be resolved by final and binding arbitration, except to the extent that I elect to pursue such claim exclusively in the Small Claims Division of the Los Angeles Superior Court and limit my claim to its then jurisdictional amount, currently $5000. Except as specifically provided herein, any arbitration proceeding shall be conducted in accordance with California Code of Civil Procedure § 1280, et seq.

Claims subject to arbitration shall include contract claims, tort claims, and common law claims, as well as claims based on any federal, state, or local law, statute or regulation, including but not limited to any claims arising under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, the Americans with Disabilities Act, and the California Fair Employment and Housing Act. However, claims for unemployment compensation, workers' compensation, and claims under the National Labor Relations Act shall not be subject to arbitration.

A neutral and impartial arbitrator, who shall be a retired Los Angeles Superior Court Judge, shall be chosen by mutual agreement of the parties; however, if the parties are unable to agree upon an arbitrator within a reasonable period of time, then a neutral and impartial arbitrator shall be appointed by the Los Angeles Superior Court by Petition to Compel Arbitration. The arbitrator shall prepare a written decision containing the essential findings and conclusions on which the award is based so as to ensure meaningful judicial review of the decision. The Los Angeles Superior Court shall have jurisdiction to review the final award for errors of law and shall have the power to review any award of punitive damages to the same extent as such damages are reviewable on appeal from a court judgement. The arbitrator shall apply the same substantive law, with the same statutes of limitations and same remedies that would apply if the claims were brought in a court of law. Discovery will be conducted pursuant to the California Code of Civil Procedure § 1283.05. The arbitrator shall have the authority to consider and decide pre-hearing motions, including dispositive motions. Either the Jonathan Club or I may bring an action in court to compel arbitration under this agreement and enforce an arbitration award. Except as otherwise provided herein, neither party shall initiate or prosecute any lawsuit in any way related to any arbitrable claim, including without limitation any claim as to the making, existence, validity, or enforceability of the agreement to arbitrate. All arbitration hearing shall be conducted in Los Angeles, California. Nothing herein precludes you from filing an administrative charge before an agency that has jurisdiction over an arbitrable claim. In addition, any party may seek provisional or injunctive relief under the California Code of Civil Procedure § 1281.8 in a court of competent jurisdiction for any claim or controversy arising out of or related to the unauthorized use, disclosure or misappropriation of the confidential and/or proprietary information of any party. In ruling on procedural and substantive issues raised in the arbitration itself, the arbitrator shall in all cases apply the substantive law of the State of California. Each party shall pay its own costs and attorney's fees, unless a party prevails on a statutory claim, and the statute provides that the prevailing party is entitled to payment of his or her attorneys' fees. In that case, the arbitrator may award reasonable attorneys' fees and costs to the prevailing party as provided by law. The costs and fees of the arbitrator initially shall be paid by the Jonathan Club but the arbitrator shall have the power to award such costs and fees to the prevailing party to the extent he deems appropriate. I ALSO UNDERSTAND AND AGREE THAT THIS ACKNOWLEDGMENT CONSTITUTES A WAIVER OF MY RIGHT TO A TRIAL BY JURY OF ANY CLAIMS OR CONTROVERSIES COVERED BY THIS ACKNOWLEDGMENT AND THAT NO CLAIMS OR CONTROVERSIES SHALL BE RESOLVED BY A JURY TRIAL.

I understand and agree that the terms of this Acknowledgment may not be modified or superseded except by a written agreement signed by me and the General Manager of the Jonathan Club, that no other employee or representative of the Jonathan Club has the authority to enter into any such agreement, and that any agreement to employ me for any specified period of time or that is otherwise inconsistent with the terms of this Acknowledgment will be unenforceable unless in writing and signed by me and the General Manager of the Jonathan Club. I further understand and agree that if the terms of this Acknowledgment are inconsistent with any policy or practice of the Jonathan Club now or in the future, the terms of this Acknowledgment shall control.

Finally, I agree that this Acknowledgment contains a full and complete statement of the agreements and understandings that it recites, and I agree that this Acknowledgment supersedes all previous agreements and representations, whether written or oral, express or implied, relating to the subjects covered in this Acknowledgment.

Dated: 4/26/10

Signed: _____

# Exhibit 2

# ACKNOWLEDGMENT

Employee Name: Jim Shipley

I acknowledge that I have received a copy of the Jonathan Club's Employee Handbook. I understand that I am responsible for knowing and adhering to the policies set forth in the Handbook during my employment with the Jonathan Club.

The policies contained in the Handbook are not intended to create any contractual rights or obligations, and the Jonathan Club reserves the right to amend, interpret, modify, or withdraw any portion of this Handbook at any time.

I understand and agree that my relationship with the Jonathan Club is at will, which means that my employment is for no definite period and may be terminated by me or by the Jonathan Club at any time and for any reason with or without cause or advance notice. I also understand that the Jonathan Club may demote, discipline, transfer, or reassign me or alter the terms of my employment at any time at its discretion, with or without cause or advance notice.

The Jonathan Club and I agree that to the fullest extent permitted by law, any and all claims or controversies between us (or between me and any present or former officer, director, agent, or employee of the Jonathan Club) relating in any manner to my employment or the termination of my employment shall be resolved by final and binding arbitration, except to the extent that I elect to pursue such claim exclusively in the Small Claims Division of the Los Angeles Superior Court and limit my claim to its then jurisdictional amount, currently $5000. Except as specifically provided herein, any arbitration proceeding shall be conducted in accordance with California Code of Civil Procedure §1280 *et seq.*

Claims subject to arbitration shall include contract claims, tort claims, and common law claims, as well as claims based on any federal, state, or local law, statute or regulation, including but not limited to any claims arising under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, the Americans with Disabilities Act, and the California Fair Employment and Housing Act. However, claims for unemployment compensation, workers' compensation, and claims under the National Labor Relations Act shall not be subject to arbitration.

A neutral and impartial arbitrator, who shall be a retired Los Angeles Superior Court Judge, shall be chosen by mutual agreement of the parties; however, if the parties are unable to agree upon an arbitrator within a reasonable period of time, then a neutral and impartial arbitrator shall be appointed by the Los Angeles Superior Court by Petition to Compel Arbitration. The arbitrator shall prepare a written decision containing the essential findings and conclusions on which the award is based so as to ensure meaningful judicial review of the decision. The Los Angeles Superior Court shall have jurisdiction to review the final award for errors of law and shall have the power to review any award of punitive damages to the same extent as such damages are reviewable on appeal from a court judgement. The arbitrator shall apply the same substantive law, with the same statutes of limitations and same remedies that would apply if the claims were brought in a court of law. Discovery will be conducted pursuant to the California Code of Civil Procedure §1283.05.

ACKNOWLEDGMENT   13

The arbitrator shall have the authority to consider and decide pre-hearing motions, including dispositive motions.

Either the Jonathan Club or I may bring an action in court to compel arbitration under this agreement and enforce an arbitration award. Except as otherwise provided herein, neither party shall initiate or prosecute any lawsuit in any way related to any arbitrable claim, including without limitation any claim as to the making, existence, validity, or enforceability of the agreement to arbitrate. All arbitration hearings shall be conducted in Los Angeles, California. Nothing herein precludes you from filing an administrative charge before an agency that has jurisdiction over an arbitrable claim. In addition, any party may seek provisional or injunctive relief under the California Code of Civil Procedure §1281.8 in a court of competent jurisdiction for any claim or controversy arising out of or related to the unauthorized use, disclosure or misappropriation of the confidential and/or proprietary information of any party.

In ruling on procedural and substantive issues raised in the arbitration itself, the arbitrator shall in all cases apply the substantive law of the State of California. Each party shall pay its own costs and attorney's fees, unless a party prevails on a statutory claim, and the statute provides that the prevailing party is entitled to payment of his or her attorneys' fees. In that case, the arbitrator may award reasonable attorneys' fees and costs to the prevailing party as provided by law. The costs and fees of the arbitrator initially shall be paid by the Jonathan Club but the arbitrator shall have the power to award such costs and fees to the prevailing party to the extent he deems appropriate.

I ALSO UNDERSTAND AND AGREE THAT THIS ACKNOWLEDGMENT CONSTITUTES A WAIVER OF MY RIGHT TO A TRIAL BY JURY OF ANY CLAIMS OR CONTROVERSIES COVERED BY THIS ACKNOWLEDGMENT AND THAT NO CLAIMS OR CONTROVERSIES SHALL BE RESOLVED BY A JURY TRIAL.

I understand and agree that the terms of this Acknowledgment may not be modified or superseded except by a written agreement signed by me and the General Manager of the Jonathan Club, that no other employee or representative of the Jonathan Club has the authority to enter into any such agreement, and that any agreement to employ me for any specified period of time or that is otherwise inconsistent with the terms of this Acknowledgment will be unenforceable unless in writing and signed by me and the General Manager of the Jonathan Club. I further understand and agree that if the terms of this Acknowledgment are inconsistent with any policy or practice of the Jonathan Club now or in the future, the terms of this Acknowledgment shall control.

Finally, I agree that this Acknowledgment contains a full and complete statement of the agreements and understandings that it recites, and I agree that this Acknowledgment supersedes all previous agreements and representations, whether written or oral, express or implied, relating to the subjects covered in this Acknowledgment.

Dated   5/14/03

Signed.

**Human Resource** Copy

14 ACKNOWLEDGMENT

EXHIBIT A   076

# Exhibit 3

EXHIBIT A   077

8/27/12                                    Zimbra

**Zimbra**                                    **mmellema@pmcos.com**

---

### Shipley v. Jonathan Club et al. - Arbitration Demand

---

**From :** Michael B. Mellema <mmellema@pmcos.com>          Thu, Aug 23, 2012 01:18 PM

**Subject :** Shipley v. Jonathan Club et al. - Arbitration          1 attachment
Demand

**To :** louis@benowitzlaw.com, michelle@samanilaw.com

**Cc :** William Weinberger <wweinberger@pmcos.com>,
Karl Schmidt <kschmidt@pmcos.com>

Counsel,

Please find our attached correspondence, on behalf of defendant Jonathan Club,
requesting that Mr. Shipley agree to submit all claims at issue in LASC Case No.
BC485207 to binding arbitration.

Thank you,

Michael B. Mellema
Parker, Milliken, Clark, O'Hara & Samuelian
555 S. Flower Street, 30th Floor
Los Angeles, California 90071
Tel:  213 683-6692
Fax: 213 683-6669

---

**2012_08_23 JC - Arbitration Demand & Enclosures.pdf**
388 KB

---

EXHIBIT A   078

$$\boxed{\text{PARKER MILLIKEN}}$$

PARKER, MILLIKEN, CLARK, O'HARA, SAMUELIAN
A PROFESSIONAL CORPORATION

Direct Dial: (213) 683-6692
E-mail: MMELLEMA@PMCOS.COM

MICHAEL B. MELLEMA

August 23, 2012

**Via E-Mail and Overnight Mail**

Louis Benowitz, Esq.
Law Offices of Louis Benowitz
9454 Wilshire Blvd., Penthouse
Beverly Hills, California 90212
louis@benowitzlaw.com

Michelle D. Samani, Esq.
Samani Law Firm
1901 Avenue of the Stars, Suite 390
Los Angeles, California 90067
michelle@samanilaw.com

Re:   *James Shipley v. Jonathan Club et al.*, LASC Case No. BC485207

Dear Counsel:

This letter follows up on my August 7, 2012 telephone conversation with Mr. Benowitz regarding the matter referenced above (the "Action").

During our call, I noted that your client, Mr. Shipley, previously agreed with the Jonathan Club (the "Club") that if a dispute ever arose between him and the Club relating to or arising out of his employment, the parties would submit that dispute to final and binding arbitration to be conducted in accordance with California Code of Civil Procedure section 1280 *et seq.*, before a mutually selected retired Los Angeles Superior Court Judge. Specifically, on both his employment application, signed April 26, 2010, and again on the Acknowledgment he signed on May 14, 2010, Mr. Shipley agreed with the Club, in pertinent part, as follows:

"The Jonathan Club and I agree that to the fullest extent permitted by law any and all claims or controversies between us ... relating in any manner to my employment or the termination of my employment shall be resolved by final and binding arbitration ...."

True and correct copies of Mr. Shipley's employment application and Acknowledgment are enclosed. I understand, further, that the other servers who may be the members of your alleged putative class, as identified in the First Amended Complaint, have entered into the same or similar arbitration agreements with the Club regarding how to resolve disputes (none of which allows for class treatment).

California has a strong public policy in favor of arbitration, and "any doubts regarding the arbitrability of a dispute are resolved in favor of arbitration." (*Coast Plaza Doctors Hospital v. Blue Cross of California* (2000) 83 Cal.App.4th 677, 686.) This strong

ATTORNEYS AT LAW
THIRTIETH FLOOR
555 SO. FLOWER STREET · LOS ANGELES, CA  90071-2440
(213) 683-6500 · FAX (213) 683-6669
WWW.PMCOS.COM

EXHIBIT A   079

**PARKER MILLIKEN**

ATTORNEYS AT LAW

Louis Benowitz, Esq.
Michelle D. Samani, Esq.
August 23, 2012
Page 2

public policy has resulted in the general rule that arbitration should be upheld "unless it can be said with assurance that an arbitration clause is not susceptible to an interpretation covering the asserted dispute." (*Bos Material Handling, Inc. v. Crown Controls* Corp. (1982) 137 Cal.App.3d 99, 105.)

     The Club hereby demands that Mr. Shipley honor his contractual commitments to arbitrate his alleged claims against the Club, solely as an individual. Given that the Club's deadline to file a responsive pleading is August 27, 2012, please advise us in writing or by email as soon as possible, and no later than 5:00 p.m. on August 24, 2012, whether your client will stipulate to binding arbitration of the claims he has pleaded.

     If we do not hear from you by that date and time, we will assume that Mr. Shipley refuses to submit to arbitration, and we will move to compel arbitration.

              Very truly yours,

              Michael B. Mellema

Enclosure

cc: William E. Weinberger, Esq.
    Karl A. Schmidt, Esq.

EXHIBIT A   080

## Jonathan Club Employment Application – Education, Training, Acknowledgment

High School

Edwardsville HS    Edwardsville, IL

Name _____ Address _____ City/State  Did you graduate? Yes ☑ No ☐

College/University

University of Missouri  Columbia, MO                    Major: BFA – Education Art, Theatre

Name _____ Address _____ City/State  Did you graduate? Yes ☑ No ☐

Vocational/Business

_____    Major:

Name _____ Address _____ City/State  Did you graduate? Yes ☐ No ☐

Certifications & Licenses  Health Code Certification

**Please read Carefully, Initial Each Paragraph and Sign Below**

I hereby certify that I have not knowingly withheld any information that might adversely affect my chances for employment and that the answers given by me are true and correct to the best of my knowledge. I further certify that I, the undersigned applicant, have personally completed this application. I understand that any omission or misstatement of material fact on this application or on any document used to secure employment shall be grounds for rejection of this application or for immediate discharge if I am employed, regardless of the time elapsed before discovery.

Should a search of public records (including records documenting an arrest, indictment, conviction, civil judicial action, tax lien or outstanding judgement) be conducted by internal personnel employed by the Company, I am entitled to copies of any such public records obtained by the Company unless I mark the check box below. If I am not hired as a result of such information, I am entitled to a copy of any such records even though I have checked the following box. ☐ I waive receipt of a copy of any public record described in the paragraph above.

I understand and agree that the Jonathan Club is an at will employee, which means should I be hired by the Jonathan Club, my employment is for no definite period and may be terminated by me or by the Jonathan Club at any time and for any reason with or without cause or advance notice. I also understand that the Jonathan Club may demote, discipline, transfer, or reassign me or alter the terms of my employment at any time at its discretion, with or without cause or advance notice.

The Jonathan Club and I agree that to the fullest extent permitted by law, any and all claims or controversies between us for between me and any present or former officer, director, agent, or employee of the Jonathan Club relating in any manner to my employment or the termination of my employment shall be resolved by final and binding arbitration, except to the extent that I elect to pursue such claim exclusively in the Small Claims Division of the Los Angeles Superior Court and limit my claim to its then jurisdictional amount, currently $5000. Except as specifically provided herein, any arbitration proceeding shall be conducted in accordance with California Code of Civil Procedure § 1280, et seq.

Claims subject to arbitration shall include contract claims, tort claims, and common law claims, as well as claims based on any federal, state, or local law, statute or regulation, including but not limited to any claims arising under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, the Americans with Disabilities Act, and the California's Fair Employment and Housing Act However, claims for unemployment compensation, workers' compensation, and claims under the National Labor Relations Act shall not be subject to arbitration.

A neutral and impartial arbitrator, who shall be a retired Los Angeles Superior Court Judge, shall be chosen by mutual agreement of the parties; however, if the parties are unable to agree upon an arbitrator within a reasonable period of time, then a neutral and impartial arbitrator shall be appointed by the Los Angeles Superior Court by Petition to Compel Arbitration. The arbitrator shall prepare a written decision containing the essential findings and conclusions on which the award is based so as to ensure meaningful judicial review of the decision. The Los Angeles Superior Court shall have jurisdiction to review the final award for errors of law and shall have the power to review any award of punitive damages to the same extent as such damages are reviewable on appeal from a court judgement. The arbitrator shall apply the same substantive law, with the same statutes of limitations and some remedies that would apply if the claims were brought in a court of law. Discovery will be conducted pursuant to the California Code of Civil Procedure § 1283.05. The arbitrator shall have the authority to consider and decide pre-hearing motions, including dispositive motions. Either the Jonathan Club or I may bring an action in court to compel arbitration under this agreement and enforce an arbitration award. Except as otherwise provided herein, neither party shall initiate or prosecute any lawsuit in any way related to any arbitrable claim, including without limitation any claim as to the making, existence, validity, or enforceability of the agreement to arbitrate. All arbitration hearing shall be conducted in Los Angeles, California. Nothing herein precludes you from filing an administrative charge before an agency that has jurisdiction over an arbitrable claim. In addition, any party may seek provisional or injunctive relief under the California Code of Civil Procedure § 1281.8 in a court of competent jurisdiction for any claim or controversy arising out of or related to the unauthorized use, disclosure or misappropriation of the confidential and/or another proprietary information of any party. In ruling on procedural and substantive issues raised in the arbitration itself, the arbitrator shall in all cases apply the substantive law of the State of California. Each party shall pay its own costs and attorney's fees, unless a party prevails on a statutory claim, and the statute provides that the prevailing party is entitled to payment of his of her attorneys' fees. In that case, the arbitrator may award reasonable attorneys' fees and costs to the prevailing party as provided by law. The costs and fees of the arbitrator initially shall be paid by the Jonathan Club but the arbitrator shall have the power to award such costs and fees to the prevailing party to the extent he deems appropriate. I ALSO UNDERSTAND AND AGREE THAT THIS ACKNOWLEDGMENT CONSTITUTES A WAIVER OF MY RIGHT TO A TRIAL BY JURY OF ANY CLAIMS OR CONTROVERSIES COVERED BY THIS ACKNOWLEDGMENT AND THAT I NO CLAIMS OR CONTROVERSIES SHALL BE RESOLVED BY A JURY TRIAL.

I understand and agree that the terms of this Acknowledgment may not be modified or superseded except by a written agreement signed by me and the General Manager of the Jonathan Club, that no other employee or representative of the Jonathan Club has the authority to enter into any such agreement, and that any agreement to employ me for any specified period of time or that is otherwise inconsistent with the terms of this Acknowledgment will be unenforceable unless in writing and signed by me and the General Manager of the Jonathan Club. I further understand and agree that if the terms of this Acknowledgment are inconsistent with any policy or practice of the Jonathan Club now or in the future, the terms of this Acknowledgment shall control.

Finally, I agree that this Acknowledgment contains a full and complete statement of the agreements and understandings that it recites, and I agree that this Acknowledgment supersedes all previous agreements and representations, whether written or oral, express or implied, relating to the subjects covered in this Acknowledgment.

Dated:  4/24/10

Signed: _____

## ACKNOWLEDGMENT

Employee Name  Jim Shipley

I acknowledge that I have received a copy of the Jonathan Club's Employee Handbook. I understand that I am responsible for knowing and adhering to the policies set forth in the Handbook during my employment with the Jonathan Club.

The policies contained in the Handbook are not intended to create any contractual rights or obligations, and the Jonathan Club reserves the right to amend, interpret, modify, or withdraw any portion of this Handbook at any time.

I understand and agree that my relationship with the Jonathan Club is at will, which means that my employment is for no definite period and may be terminated by me or by the Jonathan Club at any time and for any reason with or without cause or advance notice. I also understand that the Jonathan Club may demote, discipline, transfer, or reassign me or alter the terms of my employment at any time at its discretion with or without cause or advance notice.

The Jonathan Club and I agree that to the fullest extent permitted by law, any and all claims or controversies between us (or between me and any present or former officer, director, agent, or employee of the Jonathan Club) relating in any manner to my employment or the termination of my employment shall be resolved by final and binding arbitration, except to the extent that I elect to pursue such claim exclusively in the Small Claims Division of the Los Angeles Superior Court and limit my claim to its then jurisdictional amount, currently $5000. Except as specifically provided herein, any arbitration proceeding shall be conducted in accordance with California Code of Civil Procedure §1280, *et seq.*

Claims subject to arbitration shall include contract claims, tort claims, and common law claims, as well as claims based on any federal, state, or local law, statute or regulation, including but not limited to any claims arising under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, the Americans with Disabilities Act and the California Fair Employment and Housing Act. However, claims for unemployment compensation, workers' compensation, and claims under the National Labor Relations Act shall not be subject to arbitration.

A neutral and impartial arbitrator, who shall be a retired Los Angeles Superior Court Judge, shall be chosen by mutual agreement of the parties, however, if the parties are unable to agree upon an arbitrator within a reasonable period of time, then a neutral and impartial arbitrator shall be appointed by the Los Angeles Superior Court by Petition to Compel Arbitration. The arbitrator shall prepare a written decision containing the essential findings and conclusions on which the award is based so as to ensure meaningful judicial review of the decision. The Los Angeles Superior Court shall have jurisdiction to review the final award for errors of law and shall have the power to review any award of punitive damages to the same extent as such damages are reviewable on appeal from a court judgement. The arbitrator shall apply the same substantive law, with the same statutes of limitations and same remedies that would apply if the claims were brought in a court of law. Discovery will be conducted pursuant to the California Code of Civil Procedure §1283.05,

ACKNOWLEDGMENT - 15

The arbitrator shall have the authority to consider and decide pre-hearing motions, including dispositive motions.

Either the Jonathan Club or I may bring an action in court to compel arbitration under this agreement and enforce an arbitration award. Except as otherwise provided herein, neither party shall initiate or prosecute any lawsuit in any way related to any arbitrable claim, including without limitation any claim as to the making, existence, validity, or enforceability of the agreement to arbitrate. All arbitration hearing shall be conducted in Los Angeles, California. Nothing herein precludes you from filing an administrative charge before an agency that has jurisdiction over an arbitrable claim. In addition, any party may seek provisional or injunctive relief under the California Code of Civil Procedure § 1281.8 in a court of competent jurisdiction for any claim or controversy arising out of or related to the unauthorized use, disclosure or misappropriation of the confidential and/or proprietary information of any party.

In ruling on procedural and substantive issues raised in the arbitration itself, the arbitrator shall in all cases apply the substantive law of the State of California. Each party shall pay its own costs and attorney's fees, unless a party prevails on a statutory claim, and the statute provides that the prevailing party is entitled to payment of his of her attorneys fees. In that case, the arbitrator may award reasonable attorneys' fees and costs to the prevailing party as provided by law. The costs and fees of the arbitrator initially shall be paid by the Jonathan Club but the arbitrator shall have the power to award such costs and fees to the prevailing party to the extent he deems appropriate.

I ALSO UNDERSTAND AND AGREE THAT THIS ACKNOWLEDGMENT CONSTITUTES A WAIVER OF MY RIGHT TO A TRIAL BY JURY OF ANY CLAIMS OR CONTROVERSIES COVERED BY THIS ACKNOWLEDGMENT AND THAT NO CLAIMS OR CONTROVERSIES SHALL BE RESOLVED BY A JURY TRIAL.

I understand and agree that the terms of this Acknowledgment may not be modified or superceded except by a written agreement signed by me and the General Manager of the Jonathan Club, that no other employee or representative of the Jonathan Club has the authority to enter into any such agreement, and that any agreement to employ me for any specified period of time or that is otherwise inconsistent with the terms of this Acknowledgment will be unenforceable unless in writing and signed by me and the General Manager of the Jonathan Club. I further understand and agree that if the terms of this Acknowledgment are inconsistent with any policy or practice of the Jonathan Club now or in the future, the terms of this Acknowledgment shall control.

Finally, I agree that this Acknowledgment contains a full and complete statement of the agreements and understandings that it recites, and I agree that this Acknowledgment supersedes all previous agreements and representations, whether written or oral, express or implied, relating to the subjects covered in this Acknowledgment.

Dated _5/14/13_

Signed _____

**Human Resource Copy**

14 ACKNOWLEDGMENT

# Exhibit 4

EXHIBIT A   084

8/27/12                                           Zimbra

**Zimbra**                                        **mmellema@pmcos.com**

## Re: Shipley v. Jonathan Club et al. - Arbitration Demand

**From :** Louis Benowitz <louis@benowitzlaw.com>        Thu, Aug 23, 2012 07:41 PM

**Subject :** Re: Shipley v. Jonathan Club et al. - Arbitration
Demand

**To :** Michael B. Mellema <mmellema@pmcos.com>

**Cc :** michelle@samanilaw.com, William Weinberger
<wweinberger@pmcos.com>, Karl Schmidt
<kschmidt@pmcos.com>

**Reply To :** louis@benowitzlaw.com

Counsel,

Given that, among other things, Gentry v. Superior Court remains the law of the land,
that numerous courts have held that claims under the Labor Code Private Attorneys
General Act of 2004 must proceed on a representative basis, and that a petition for
review is currently pending before the California Supreme Court in Iskanian v. CLS
Transportation Los Angeles, LLC, Mr. Shipley will agree to arbitrate on a
class/representative basis, but not on an individual basis, at this time. Thank you.

Regards,
Louis Benowitz
Law Offices of Louis Benowitz
9454 Wilshire Boulevard, Penthouse
Beverly Hills, California 90212
(310) 844-5141 / Telephone
(310) 492-4056 / Facsimile
louis@benowitzlaw.com

This communication (including attachments, if any) constitutes an electronic
communication within the meaning of the Electronic Communications Privacy Act, 18
U.S.C. § 2510, and its disclosure is strictly limited to the recipient intended by the sender
of this message. This communication may contain confidential and privileged material
and receipt by anyone other than the intended recipient does not constitute a loss of the
confidential or privileged nature of this communication.

Nothing contained herein should be construed as creating or intending to create an
attorney-client relationship. Any and all communications are undertaken in an effort to
evaluate potential claims and determine whether we are interested in representing you.
Unless and until a formal attorney-client contract/retainer agreement is signed by both
the client and the firm, we will not take any action to protect your rights.

EXHIBIT A   085

🖶 Before printing this e-mail - think if it is necessary.  Think Green!

On Thu, Aug 23, 2012 at 1:18 PM, Michael B. Mellema <mmellema@pmcos.com> wrote:

Counsel,

Please find our attached correspondence, on behalf of defendant Jonathan Club, requesting that Mr. Shipley agree to submit all claims at issue in LASC Case No. BC485207 to binding arbitration.

Thank you,

Michael B. Mellema
Parker, Milliken, Clark, O'Hara & Samuelian
555 S. Flower Street, 30th Floor
Los Angeles, California 90071
Tel:  213 683-6692
Fax: 213 683-6669

EXHIBIT A   086

**PROOF OF SERVICE**
**James Shipley v. Jonathan Club**
**LASC Case No. BC485207**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 555 So. Flower Street, 30th Floor, Los Angeles, California 90071.

On August 27, 2012, I served the foregoing document described as **NOTICE OF MOTION BY DEFENDANT JONATHAN CLUB TO COMPEL ARBITRATION AND TO DISMISS CLASS CLAIMS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF KRIS CARROLL AND MICHAEL B. MELLEMA** on all interested parties as follows:

**PLEASE SEE ATTACHED SERVICE LIST**

☒  (BY MAIL) By placing a true copy in an envelope addressed as referenced on the ATTACHED SERVICE LIST. The envelope was then sealed and deposited for collection and mailing in accordance with my employer's normal procedures. I am readily familiar with the firm's practice for collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service, with all postage prepaid, at Los Angeles, California, on the same day in the ordinary course of business.

☐  (BY OVERNIGHT DELIVERY) By placing a true copy in an envelope addressed as listed on the ATTACHED SERVICE LIST. The envelope was then sealed and deposited for collection and delivery in accordance with my employer's normal procedures. I am readily familiar with the firm's practice for collection and processing correspondence for overnight delivery. Under that practice it would be placed in a box or other facility regularly maintained by the express service carrier, or delivered to an authorized courier or driver authorized by the express service carrier to receive documents.

☐  (BY FACSIMILE) I also served courtesy copies of the above-referenced document on all interested parties in this action to the facsimile number(s) listed in the ATTACHED SERVICE LIST prior to 6:00 p.m. The transmissions were reported as complete and without error on a printed report issued by said facsimile machine upon completion of the transmission.

☒  (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐  (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on August 27, 2012, at Los Angeles, California.

_____
Martha Kalenderian

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

1
PROOF OF SERVICE

EXHIBIT A   087

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SERVICE LIST**
James Shipley v. Jonathan Club
LASC Case No. BC485207

Louis Benowitz, Esq.
Law Offices of Louis Benowitz
9454 Wilshire Blvd., Penthouse
Beverly Hills, CA  90212

Michelle C. Samani, Esq.
Samani Law Firm
1901 Avenue of the Stars, Suite 390
Los Angeles, CA  90067

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

- 2 -
PROOF OF SERVICE

399293

EXHIBIT A   088

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Louis Benowitz (SBN 262300) | |
| Law Offices of Louis Benowitz | |
| 9454 Wilshire Boulevard, Penthouse, Beverly Hills, California 90212 | |
| TELEPHONE NO: (310) 844-5141     FAX NO. *(Optional):* (310) 492-4056 | |
| E-MAIL ADDRESS *(Optional):* louis@benowitzlaw.com | |
| ATTORNEY FOR *(Name):* Plaintiff James Shipley | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, California 90012
BRANCH NAME: Central District - Stanley Mosk Courthouse

PLAINTIFF/PETITIONER: James Shipley

DEFENDANT/RESPONDENT: Jonathan Club, et al.

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| *(Check one):*  ☒ UNLIMITED CASE     ☐ LIMITED CASE | BC485207 |
| (Amount demanded   (Amount demanded is $25,000 exceeds $25,000)   or less) | |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date: October 1, 2012      Time: 9:00 a.m.      Dept.: 51      Div.:      Room:

Address of court *(if different from the address above):*

☐ Notice of Intent to Appear by Telephone, by *(name):*

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

1. **Party or parties** *(answer one):*
   a. ☑ This statement is submitted by party *(name):* Plaintiff James Shipley
   b. ☐ This statement is submitted jointly by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):* May 23, 2012
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☑ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not):*
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*
      (3) ☐ have had a default entered against them *(specify names):*
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in ☑ complaint     ☐ cross-complaint     *(Describe, including causes of action):*
      Class/representative private attorney general action for: (1) failure to provide meal periods; (2) failure to provide rest periods; (3) wage statement penalties; (4) waiting time penalties; (5) unfair competition; and (6) civil penalties.

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Page 1 of 5
Cal. Rules of Court,
rules 3.720–3.730
www.courts.ca.gov

EXHIBIT A   089

CM-110

| PLAINTIFF/PETITIONER: James Shipley | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Jonathan Club, et al. | BC485207 |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

Plaintiff alleges that Defendant failed to provide him and class members/aggrieved employees (other servers and bartenders) with meal and rest periods or pay them premium wages in lieu thereof in violation of the Labor Code and the Wage Order, and also failed to provide them with accurate written wage statements and timely pay all earned wages after termination. Plaintiff seeks restitution of unpaid wages, statutory and civil penalties, and related relief. Defendant denies liability and seeks to compel the case to individual arbitration.

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
The party or parties request ☑ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
a. ☐ The trial has been set for *(date):*
b. ☑ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*
It is premature to set a trial date until after arbitration and class certification issues are resolved.
c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a. ☑ days *(specify number):* 10-20 days (class/representative); 2-3 days (individual)
b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☑ by the attorney or party listed in the caption ☑ by the following:
a. Attorney: Michelle D. Samani (SBN 249852)
b. Firm: Samani Law Firm
c. Address: 1901 Avenue of the Stars, Suite 390, Los Angeles, California 90067
d. Telephone number: (818) 399-8339      f. Fax number: (818) 530-9298
e. E-mail address: michelle@samanilaw.com      g. Party represented: Plaintiff James Shipley
☐ Additional representation is described in Attachment 8.

9. **Preference**
☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**
a. **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
(1) For parties represented by counsel: Counsel ☑ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
(2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.
b. **Referral to judicial arbitration or civil action mediation** *(if available).*
(1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
(2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
(3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: James Shipley | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Jonathan Club, et al. | BC485207 |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed to** participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☑ | ☑ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)*:<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Page 3 of 5

EXHIBIT A   091

CM-110

| PLAINTIFF/PETITIONER: James Shipley | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Jonathan Club, et al. | BC485207 |

**11. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy ☑ Other *(specify):* Defendant's Motion to Compel Arbitration/Dismiss Class Claims

Status: Pending

**13. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

(1) Name of case:

(2) Name of court:

(3) Case number:

(4) Status:

☐ Additional cases are described in Attachment 13a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**

☑ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

One or more of the parties may seek to bifurcate legal and equitable issues before trial depending on how the case proceeds.

**15. Other motions**

☑ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

Defendant - Motion to Compel Arbitration/Dismiss Class Claims (Pending); Motion to Strike Attorney Fee Allegations (TBD); Plaintiff - Motion for Class Certification (TBD).

**16. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☑ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Plaintiff | Form/Special Interrogatories | TBD |
| Plaintiff | Requests for Production of Documents | TBD |
| Plaintiff | Depositions of PMQ/Adverse Witnesses | TBD |

c. ☑ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

Plaintiff intends to request leave to conduct discovery pertaining to the factors set forth in Gentry v. Superior Court (2007) 42 Cal.4th 443 for purposes of supplementing his opposition to Defendant's motion to compel arbitration if this court is inclined to grant Defendant's motion on the record then before it. As part of this discovery, Plaintiff intends to seek discovery of the contact information of absent putative class members/ aggrieved employees. It is anticipated that Defendant will oppose this discovery.

CM-110 [Rev. July 1, 2011] **CASE MANAGEMENT STATEMENT** Page 4 of 5

EXHIBIT A 092

CM-110

| PLAINTIFF/PETITIONER: James Shipley | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Jonathan Club, et al. | BC485207 |

17. **Economic litigation**

   a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90–98 will apply to this case.

   b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed (*if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case*):

18. **Other issues**

   ☑ The party or parties request that the following additional matters be considered or determined at the case management conference (*specify*):

   In connection with the motion to compel arbitration/dismiss class allegations hearing, Plaintiff may request for this Court to allow the discovery discussed above. Plaintiff may also request for this Court to continue the hearing on Defendant's motion until after the October 12, 2012 deadline for the California Supreme Court to decide whether to grant review in Iskanian v. CLS Transportation Los Angeles, LLC (2012) 206 Cal.App.4th 949.

19. **Meet and confer**

   a. ☑ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court (*if not, explain*):

   b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following (*specify*):

20. Total number of pages attached (*if any*):    1

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: September 13, 2012

| | |
|---|---|
| Louis Benowitz | ▶ *[signature]* |
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |
| | ▶ |
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |

☐ Additional signatures are attached.

**CASE MANAGEMENT STATEMENT**

EXHIBIT A   093

**PROOF OF SERVICE**

State of California,
County of Los Angeles

     1.     I am a citizen of the United States and am employed in the County of Los Angeles, State of California. I am over the age of 18 years, and not a party to this action.

     2.     My business address is 9454 Wilshire Boulevard, Penthouse, Beverly Hills, California 90212.

     3.     I am familiar with the practice of the Law Offices of Louis Benowitz for collection and processing of correspondence for mailing with the United States Postal Service. It is the practice that correspondence is deposited with the United States Postal Service the same day it is submitted for mailing.

     4.     On the 13th day of September, 2012, I served the document described as **CASE MANAGEMENT STATEMENT** on interested parties by placing a true and correct copy thereof enclosed in a sealed envelope, with postage fully prepaid, addressed as follows:

William E. Weinberger, Esq.
Michael B. Mellema, Esq.
PARKER, MILLIKEN, CLARK, O'HARA & SAMUELIAN
555 South Flower Street, 30th Floor
Los Angeles, California 90071-2440

X     (BY MAIL)
     I caused such an envelope to be mailed by placing it for collection and mailing, in the course of ordinary business practice, with other correspondence of the Law Offices of Louis Benowitz, 9454 Wilshire Boulevard, Penthouse, Beverly Hills, California 90212.

     EXECUTED on the 13th day of September, 2012, at Beverly Hills, California.

X     (STATE)
     I declare under penalty of perjury under the laws of the State of California that the above is true and correct to the best of my knowledge.

_Louis Benowitz_
LOUIS BENOWITZ

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| William E. Weinberger (SBN 102581)<br>Michael B. Mellema (SBN 247323)<br>PARKER, MILLIKEN, CLARK, O'HARA & SAMUELIAN<br>555 S. Flower Street, 30th Floor<br>Los Angeles, California 90071-2440<br>TELEPHONE NO.: (213) 683-6500   FAX NO. (Optional): (213) 683-6669<br>E-MAIL ADDRESS (Optional): wweinberger@pmcos.com<br>ATTORNEY FOR (Name): Jonathan Club | CONFORMED COPY<br>ORIGINAL FILED<br>Superior Court of California<br>County of Los Angeles<br><br>SEP 17 2012<br><br>John A. Clarke Executive Officer/Clerk<br>BY _____ Deputy<br>Glorietta Robinson |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Stanley Mosk

PLAINTIFF/PETITIONER: James Shipley

DEFENDANT/RESPONDENT: Jonathan Club, et al.

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| (Check one): [X] UNLIMITED CASE    [ ] LIMITED CASE<br>(Amount demanded     (Amount demanded is $25,000<br>exceeds $25,000)       or less) | BC485207 |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:
Date: October 1, 2012   Time: 8:30 a.m.   Dept.: 51   Div.:   Room:
Address of court (if different from the address above):

[ ] Notice of Intent to Appear by Telephone, by (name):

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** (answer one):
   a. [X]  This statement is submitted by party (name): Jonathan Club
   b. [ ]  This statement is submitted jointly by parties (names):

2. **Complaint and cross-complaint** (to be answered by plaintiffs and cross-complainants only)
   a.  The complaint was filed on (date):
   b. [ ]  The cross-complaint, if any, was filed on (date):

3. **Service** (to be answered by plaintiffs and cross-complainants only)
   a. [ ]  All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. [ ]  The following parties named in the complaint or cross-complaint
      (1) [ ]  have not been served (specify names and explain why not):
      (2) [ ]  have been served but have not appeared and have not been dismissed (specify names):
      (3) [ ]  have had a default entered against them (specify names):
   c. [ ]  The following additional parties may be added (specify names, nature of involvement in case, and date by which they may be served):

4. **Description of case**
   a. Type of case in  [X] complaint   [ ] cross-complaint   (Describe, including causes of action):
      Alleged class/representative private attorney general action for: (1) missed meal periods, (2) missed rest breaks, (3) inaccurate wage statements, (4) waiting time penalties, (5) unfair competition, and (6) PAGA penalties.

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Legal
Solutions
Plus

Cal. Rules of Court,
rules 3.720–3.730

CM-110

| PLAINTIFF/PETITIONER: James Shipley | CASE NUMBER: |
| DEFENDANT/RESPONDENT: Jonathan Club, et al. | BC485207 |

4.  b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

Defendant denies that there is any truth to plaintiff's allegations and maintains that it complied, at all relevant times, with California's wage and hour laws. Moreover, as set forth in Defendant's pending motion to compel arbitration, Plaintiff's claims and allegations in this case are all subject to a binding written arbitration agreement between the parties. This agreement does not include, or contain any indicia of, an agreement by the parties to arbitrate class claims. Thus, all class allegations should be dismissed and plaintiff ordered to submit his claims to arbitration.

☐   *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**

The party or parties request   ☒ a jury trial   ☐ a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):* In the event that Defendant's motion to compel arbitration is not granted, Defendant hereby reserves its rights to a jury trial.

6.  **Trial date**
   a.  ☐  The trial has been set for *(date):*
   b.  ☒  No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):* This case is subject to a mandatory arbitration agreement and cannot be tried in court.
   c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*
      In the event that Defendant's motion to compel arbitration is not granted, Defendant will submit an amended CMC statement to facilitate future calendaring and trial setting.

7.  **Estimated length of trial**

The party or parties estimate that the trial will take *(check one):*
   a.  ☒  days *(specify number):* 3  (assuming no class certified)
   b.  ☐  hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*

The party or parties will be represented at trial   ☒ by the attorney or party listed in the caption   ☐ by the following:
   a.  Attorney:
   b.  Firm:
   c.  Address:
   d.  Telephone number:                          f.  Fax number:
   e.  E-mail address:                            g.  Party represented:
   ☐  Additional representation is described in Attachment 8.

9.  **Preference**
   ☐  This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**
   a.  **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
      (1)  For parties represented by counsel: Counsel ☒ has   ☐ has not  provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
      (2)  For self-represented parties: Party ☐ has   ☐ has not reviewed the ADR information package identified in rule 3.221.
   b.  **Referral to judicial arbitration or civil action mediation (if available).**
      (1)  ☐  This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
      (2)  ☐  Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
      (3)  ☒  This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):* This case is subject to a mandatory arbitration agreement.

EXHIBIT A   096

CM-110

| PLAINTIFF/PETITIONER: James Shipley<br>DEFENDANT/RESPONDENT: Jonathan Club, et al. | CASE NUMBER:<br>BC485207 |
|---|---|

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing to** participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case have **agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date):*<br>☐ Agreed to complete mediation by *(date):*<br>☐ Mediation completed on *(date):* |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date):*<br>☐ Agreed to complete settlement conference by *(date):*<br>☐ Settlement conference completed on *(date):* |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date):*<br>☐ Agreed to complete neutral evaluation by *(date):*<br>☐ Neutral evaluation completed on *(date):* |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date):*<br>☐ Agreed to complete judicial arbitration by *(date):*<br>☐ Judicial arbitration completed on *(date):* |
| (5) Binding private arbitration | ☒ | ☒ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date):*<br>☐ Agreed to complete private arbitration by *(date):*<br>☐ Private arbitration completed on *(date):* |
| (6) Other *(specify):* | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date):*<br>☐ Agreed to complete ADR session by *(date):*<br>☐ ADR completed on *(date):* |

CM-110 [Rev. July 1, 2011]  **CASE MANAGEMENT STATEMENT**  Page 3 of 5

EXHIBIT A   097

CM-110

| PLAINTIFF/PETITIONER: James Shipley | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Jonathan Club, et al. | BC485207 |

**11. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy ☒ Other *(specify):* Defendant's pending motion to compel arbitration and dismiss class claims

Status:

**13. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

    (1) Name of case:

    (2) Name of court:

    (3) Case number:

    (4) Status:

    ☐ Additional cases are described in Attachment 13a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**

☒ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):* In the event that the motion to compel arbitration is not granted, Defendant may move to bifurcate legal and equitable issues before trial.

**15. Other motions**

☒ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):* Defendant has already moved to compel arbitration and dismiss class claims. Irrespective of the forum in which this matter proceeds, Defendant also intends to move to strike Plaintiff's attorney fee allegations. If Plaintiff's class allegations are not dismissed, Plaintiff will ultimately move for class certification, following class discovery. Pending discovery, Defendant may also move for summary judgment or summary adjudication.

**16. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Defendant | Discovery will be taken after this case is moved to arbitration. | |

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

EXHIBIT A   098

CM-110

| PLAINTIFF/PETITIONER: James Shipley | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Jonathan Club, et al. | BC485207 |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90–98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed (*if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case*):

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference (*specify*):

**19. Meet and confer**

a. ☒ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court (*if not, explain*):

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following (*specify*):

**20. Total number of pages attached (*if any*): 1**

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: September 17, 2012

| Michael B. Mellema | ▶ *[signature]* |
|---|---|
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |
| | ▶ |
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |

☐ Additional signatures are attached.

**CASE MANAGEMENT STATEMENT**

EXHIBIT A   099

**PROOF OF SERVICE**
**James Shipley v. Jonathan Club**
**LASC Case No. BC485207**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 555 So. Flower Street, 30th Floor, Los Angeles, California 90071.

On September 17, 2012, I served the foregoing document described as **CASE MANAGEMENT STATEMENT** on all interested parties as follows:

**PLEASE SEE ATTACHED SERVICE LIST**

☒   (BY MAIL) By placing a true copy in an envelope addressed as referenced on the ATTACHED SERVICE LIST. The envelope was then sealed and deposited for collection and mailing in accordance with my employer's normal procedures. I am readily familiar with the firm's practice for collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service, with all postage prepaid, at Los Angeles, California, on the same day in the ordinary course of business.

☐   (BY OVERNIGHT DELIVERY)  By placing a true copy in an envelope addressed as listed on the ATTACHED SERVICE LIST.  The envelope was then sealed and deposited for collection and delivery in accordance with my employer's normal procedures.  I am readily familiar with the firm's practice for collection and processing correspondence for overnight delivery.  Under that practice it would be placed in a box or other facility regularly maintained by the express service carrier, or delivered to an authorized courier or driver authorized by the express service carrier to receive documents.

☐   (BY FACSIMILE) I also served courtesy copies of the above-referenced document on all interested parties in this action to the facsimile number(s) listed in the ATTACHED SERVICE LIST prior to 6:00 p.m. The transmissions were reported as complete and without error on a printed report issued by said facsimile machine upon completion of the transmission.

☒   (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐   (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on September 17, 2012, at Los Angeles, California.

Martha Kalenderian

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN A
PROFESSIONAL
CORPORATION

1
PROOF OF SERVICE

**SERVICE LIST**
James Shipley v. Jonathan Club
LASC Case No. BC485207

Louis Benowitz, Esq.
Law Offices of Louis Benowitz
9454 Wilshire Blvd., Penthouse
Beverly Hills, CA  90212

- 2 -

PROOF OF SERVICE

399293

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

**PROOF OF SERVICE**
**James Shipley v. Jonathan Club**
**LASC Case No. BC485207**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 555 So. Flower Street, 30th Floor, Los Angeles, California 90071.

On September 17, 2012, I served the foregoing document described as **CASE MANAGEMENT STATEMENT** on all interested parties as follows:

**PLEASE SEE ATTACHED SERVICE LIST**

☒ (BY MAIL) By placing a true copy in an envelope addressed as referenced on the ATTACHED SERVICE LIST. The envelope was then sealed and deposited for collection and mailing in accordance with my employer's normal procedures. I am readily familiar with the firm's practice for collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service, with all postage prepaid, at Los Angeles, California, on the same day in the ordinary course of business.

☐ (BY OVERNIGHT DELIVERY) By placing a true copy in an envelope addressed as listed on the ATTACHED SERVICE LIST. The envelope was then sealed and deposited for collection and delivery in accordance with my employer's normal procedures. I am readily familiar with the firm's practice for collection and processing correspondence for overnight delivery. Under that practice it would be placed in a box or other facility regularly maintained by the express service carrier, or delivered to an authorized courier or driver authorized by the express service carrier to receive documents.

☐ (BY FACSIMILE) I also served courtesy copies of the above-referenced document on all interested parties in this action to the facsimile number(s) listed in the ATTACHED SERVICE LIST prior to 6:00 p.m. The transmissions were reported as complete and without error on a printed report issued by said facsimile machine upon completion of the transmission.

☒ (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐ (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on September 17, 2012, at Los Angeles, California.

Martha Kalenderian

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

1

PROOF OF SERVICE

**SERVICE LIST**
James Shipley v. Jonathan Club
LASC Case No. BC485207

Louis Benowitz, Esq.
Law Offices of Louis Benowitz
9454 Wilshire Blvd., Penthouse
Beverly Hills, CA  90212

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

- 2 -
PROOF OF SERVICE

399293

1  Louis Benowitz (SBN 262300)
          louis@benowitzlaw.com
2  LAW OFFICES OF LOUIS BENOWITZ
   9454 Wilshire Boulevard, Penthouse
3  Beverly Hills, California 90212
   Telephone:    (310) 844-5141
4  Facsimile:    (310) 492-4056

5  Michelle D. Samani (SBN 249852)
          michelle@samanilaw.com
6  SAMANI LAW FIRM
   1901 Avenue of the Stars, Suite 390
7  Los Angeles, California 90067
   Telephone:    (818) 399-8339
8  Facsimile:    (818) 530-9298

9

10 Attorneys for Plaintiff
   JAMES SHIPLEY
11

12              **SUPERIOR COURT OF CALIFORNIA**

13        **FOR THE COUNTY OF LOS ANGELES—CENTRAL DISTRICT**

14

15 JAMES SHIPLEY, on behalf of himself and    Case No. BC485207
   all others similarly situated,
16                                            [Assigned for All Purposes to the Honorable
          Plaintiff,                          Abraham Khan of Department 51]
17
       vs.                                    **MEMORANDUM OF POINTS AND**
18                                            **AUTHORITIES IN SUPPORT OF**
   JONATHAN CLUB, a California corporation;   **PLAINTIFF JAMES SHIPLEY'S**
   and DOES 1–50, inclusive,                  **OPPOSITION TO DEFENDANT**
19                                            **JONATHAN CLUB'S MOTION TO**
          Defendants.                         **COMPEL ARBITRATION AND TO**
20                                            **DISMISS CLASS CLAIMS**

21                                            ***Submitted Under Separate Cover***
                                              1.  Declaration of James Shipley;
22                                            2.  Declaration of Adam Slemon;
                                              3.  Declaration of Louis Benowitz; and
23                                            4.  Proof of Service.

24                                            ***Hearing Information***
                                              Date:        October 1, 2012
25                                            Time:        9:00 a.m.
                                              Location:    Department 51
26                                            Judge:       Hon. Abraham Khan

27

28

   MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S OPPOSITION TO
   DEFENDANT'S MOTION TO COMPEL ARBITRATION AND TO DISMISS CLASS CLAIMS

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................iii

INTRODUCTION ....................................................................................................... 1

FACTUAL AND PROCEDURAL BACKGROUND ................................................ 1

ARGUMENT ............................................................................................................. 2

I.  DEFENDANT'S MOTION SHOULD BE DENIED IN ITS ENTIRETY BECAUSE LABOR CODE § 229 APPLIES IN THIS CASE AND EXPLICITLY PRESERVES PLAINTIFF'S RIGHT TO PROCEED IN A JUDICIAL FORUM................................. 2

II.  DEFENDANT'S MOTION SHOULD ALSO BE DENIED IN ITS ENTIRETY BECAUSE THE PURPORTED ARBITRATION AGREEMENTS ARE NOT ONLY PROCEDURALLY UNCONSCIONABLE, BUT ARE ALSO PERMEATED WITH SUBSTANTIVE UNCONSCIONABILITY................................. 4

    A.  The Arbitration Agreement Is Procedurally Unconscionable Because Defendant Forced Its Employees to Sign Them as Conditions of Both Applying for and Accepting Employment Without Even Giving Them Meaningful Opportunities to Review the Agreements Before Signing Them, or to Negotiate Over the Terms of the Agreements. ................................. 5

    B.  The Arbitration Agreement Is Substantively Unconscionable Because It Is Permeated with One-Sided Terms That Consistently Shift All of the Risks of the Arbitral Forum Over to Defendant's Employees................................. 6

        1.  The Arbitration Agreement is substantively unconscionable because the employee handbook in which it is set forth may be unilaterally modified by Defendant at any time in its sole and absolute discretion.................... 7

        2.  The Arbitration Agreement is also substantively unconscionable because it preserves Defendant's right to meaningfully access a judicial forum in instances where it is to its benefit but not in instances where access is to an employee's benefit. ................................. 7

        3.  The Arbitration Agreement is further substantively unconscionable because it allows the arbitrator to award costs and fees to Defendant that Plaintiff would not have to pay if he proceeded in court, and gives the arbitrator discretion to deny costs and fees to Plaintiff to which he would necessarily be entitled in court................................. 9

    C.  The Arbitration Agreement at Issue Is So Permeated Throughout with Substantive Unconscionability That the Unconscionable Terms Cannot, and Should Not, Be Severed So as to Save the Agreement........................ 10

III.  THIS COURT SHOULD ALSO DENY DEFENDANT'S MOTION BECAUSE THE FACTORS SET FORTH IN *GENTRY* SHOW THAT THE CLASS ACTION VEHICLE IS NECESSARY FOR PLAINTIFF AND CLASS MEMBERS TO EFFECTIVELY VINDICATE THEIR STATUTORY RIGHTS................................. 11

i

IV.    PLAINTIFF'S CLAIMS ALSO CANNOT BE COMPELLED TO INDIVIDUAL ARBITRATION BECAUSE CONSTRUING THE PURPORTED ARBITRATION AGREEMENT AS A CLASS ACTION WAIVER CONTRAVENES HIS RIGHT TO ENGAGE IN CONCERTED ACTIVITIES PROTECTED UNDER THE NATIONAL LABOR RELATIONS ACT..............................................................................................12

V.    PLAINTIFF'S REPRESENTATIVE CLAIMS UNDER THE PAGA CANNOT BE COMPELLED TO ARBITRATION BECAUSE THE STATUTE REQUIRES THAT THEY PROCEED ON A REPRESENTATIVE BASIS. ....................................................13

VI.    IF THIS COURT IS INCLINED TO COMPEL ARBITRATION, IT SHOULD NOT DISMISS THE CLASS AND REPRESENTATIVE ALLEGATIONS BECAUSE THE ARBITRATION    AGREEMENT    IMPLICITLY    AUTHORIZES    CLASS ARBITRATION. .......................................................................................................14

CONCLUSION.........................................................................................................................15

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION AND TO DISMISS CLASS CLAIMS

EXHIBIT A    106

# TABLE OF AUTHORITIES

**Cases**

*A&M Produce Co. v. FMC Corp.*
(1982) 135 Cal.App.4th 473 ............................................................... 7

*Abramson v. Juniper Networks, Inc.*
(2004) 115 Cal. App. 4th 638 ............................................................ 8

*Armendariz v. Foundation Health Psychcare Services, Inc.*
(2000) 24 Cal.4th 83 ................................................................ passim

*AT&T Mobility, LLC v. Concepcion*
(2012) 131 S.Ct. 1740 ..................................................................... 11

*Brinker Restaurant Corp. v. Superior Court*
(2012) 53 Cal.4th 1004 .................................................................... 12

*Brown v. Ralphs Grocery Co.*
(2011) 197 Cal.App.4th 489, cert. den. Apr. 16, 2012, No. 11-880, 132 S.Ct. 1910 .............. 13

*Circuit City Stores, Inc. v. Adams,*
(9th Cir. 2002) 279 F.3d 889 ............................................................. 6

*Circuit City Stores, Inc. v. Mantor*
(9th Cir. 2003) 335 F.3d 1101 ............................................................ 7

*Ferguson v. Countrywide Credit Industries, Inc.*
(9th Cir. 2002) 298 F. 3d 778 ........................................................ 6, 11

*Flores v. Transamerica HomeFirst, Inc.*
(2001) 93 Cal.App.4th 846 ................................................................. 5

*Franco v. Athens Disposal Co.*
(2009) 171 Cal.App.4th 1277 ............................................................. 13

*Gentry v. Superior Court*
(2007) 42 Cal.4th 443 ................................................................ passim

*Hoover v. American Income Life Insurance Co.*
(2012) 206 Cal.App.4th 1193, review den. Sept. 12, 2012, S204218 .................... 2, 3

*Ingle v. Circuit City Stores, Inc.*
(9th Cir. 2003) 328 F.3d 1165 ........................................................ 6, 7

*Iskanian v. CLS Transportation Los Angeles, LLC*
(2012) 206 Cal.App.4th 949 .......................................................... passim

*Kinecta Alternative Financial Solutions, Inc. v. Superior Court*
(2012) 205 Cal.App.4th 506 .......................................................... 11, 15

*Kinney v. United Healthcare Services, Inc.*
(1999) 70 Cal.App.4th 1322 ............................................................... 5

iii

*Kirby v. Immoos Fire Protection Services, Inc.*
  (2012) 53 Cal.4th 1244 .................................................................... 12

*Mercuro v. Superior Court*
  (2002) 96 Cal.App.4th 167 .............................................................. 5

*Nyulassy v. Lockheed Martin Corp.*
  (2004) 120 Cal.App.4th 1267 .......................................................... 10

*O'Hare v. Municipal Resource Consultants*
  (2003) 107 Cal.App.4th 267 ............................................................ 4

*Ontiveros v. DHL Exp. (USA) Inc*
  (2008) 164 Cal.App.4th 494 ............................................................ 10

*Pokorny v. Quixtar, Inc.*
  (9th Cir. 2010) 601 F.3d 987 .......................................................... 10

*Prince v. CLS Tramp., Inc.*
  (2004) 118 Cal. App. 4th 1320 ........................................................ 14

*Reyes v. Macy's, Inc.*
  (2012) 202 Cal.App.4th 1119 .......................................................... 13

*Sparks v. Vista Del Mar Child & Family Services*
  (2012) 207 Cal.App.4th 1511 .......................................................... 7

*Stirlen v. Supercuts, Inc.*
  (1997) 51 Cal.App.4th 1519 .......................................................... 5, 7, 9

*Urbino v. Orkin Services of California, Inc.*
  (C.D. Cal. 2011) 2011 U.S. Dist. LEXIS 114746 ............................... 13

*Wayne v. Staples, Inc.*
  (2006) 135 Cal.App.4th 466 ............................................................ 6

*Wherry v. Award, Inc.*
  (2011) 192 Cal.App.4th 1242 .......................................................... 10

*Zullo v. Superior Court*
  (2011) 197 Cal.App.4th 477 ............................................................ 7

**Statutes**

29 U.S.C. § 157 .................................................................................. 13

9 U.S.C. § 1 *et seq.* ......................................................................... 3

Business and Professions Code § 17200 *et seq.* ................................. 2

Civil Code § 1670.5 .......................................................................... 4

Code of Civil Procedure § 382 ........................................................... 2, 14

iv

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION TO COMPEL ARBITRATION AND TO DISMISS CLASS CLAIMS

Code of Civil Procedure § 1281 ................................................................4

Code of Civil Procedure § 1281.8 ...........................................................8

Labor Code § 201 ....................................................................................2

Labor Code § 202 ....................................................................................2

Labor Code § 203 ....................................................................................2

Labor Code § 226 ....................................................................................2

Labor Code § 226.7 ..........................................................................2, 3, 12

Labor Code § 229 .................................................................................2, 3

Labor Code § 512 .................................................................................2, 3

Labor Code § 1198 ..................................................................................2

Labor Code § 2698 *et seq.* ...............................................................passim

**Other Authorities**

*D.R. Horton*
 (2012) 357 NLRB No. 184 [2012 NLRB LEXIS 11] ...........................12

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION TO COMPEL ARBITRATION AND TO DISMISS CLASS CLAIMS

EXHIBIT A   109

## INTRODUCTION

Plaintiff James Shipley ("Plaintiff") respectfully requests for this Court to deny defendant Jonathan Club's ("Defendant") motion to compel arbitration and to dismiss class claims in their entirety. First, as set forth below, Labor Code § 229 precludes the enforcement of the arbitration agreements in their entirety. Second, even assuming otherwise, the adhesive form arbitration agreements are so completely permeated with substantive unconscionability and illegality that they cannot be enforced. Third, in the event this Court is inclined to compel arbitration notwithstanding the severe defects with the arbitration agreements, it should decline to dismiss the class and representative claims because the agreements implicitly authorize class and representative arbitration by their terms. Alternatively, if this Court is otherwise inclined to grant Defendant's motion in its entirety based on the current record, Plaintiff respectfully requests for this Court to continue the hearing until after the California Supreme Court decides whether to grant review in *Iskanian v. CLS Transportation Los Angeles, LLC* (2012) 206 Cal.App.4th 949 ("*Iskanian*") and afford him an opportunity to conduct discovery on the factors set forth in *Gentry v. Superior Court* (2007) 42 Cal.4th 443 ("*Gentry*").

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant is a private social club that maintains two locations in Los Angeles County and no locations anywhere else. (See Carroll Decl., ¶ 2.) Plaintiff is a former employee of Defendant who worked as a server and bartender from approximately May 2010 to approximately May 2011 at one of its locations in Los Angeles County. (See Shipley Decl., ¶ 2.) Before he started his employment with Defendant, he was required to submit Defendant's standard form job application, which includes a purported arbitration agreement that he did not know about at the time, to apply for a position. (*Id.*, ¶ 3.) After starting his employment, Defendant also required Plaintiff to sign an employee handbook acknowledgement, which he was also unaware contained a purported arbitration agreement. (*Id.*, ¶ 4.) As set forth below, the purported arbitration agreement is permeated with unconscionable and illegal provisions.

During his employment, Plaintiff was frequently prevented from taking meal and rest periods, was unaware of many of his rights with respect to meal and rest periods, and did not

---

1

1  receive premium wages when meal and rest period violations occurred. These experiences

2  effectively dovetail those of Adam Slemon, an absent class member who has also submitted a

3  declaration in support of this opposition brief.

4       On May 17, 2012, Plaintiff gave notice to the Labor and Workforce Development

5  Agency ("LWDA") of alleged Labor Code violations by certified mail in accordance with the

6  Labor Code Private Attorneys General Act of 2004 ("the PAGA"). On May 23, 2012, Plaintiff

7  filed the original Complaint in this action. Therein, on behalf of himself and putative classes of

8  Defendant's employees consisting of other servers and bartenders, Plaintiff asserted the

9  following five causes of action: (1) failure to provide meal periods (Labor Code §§ 226.7, 512,

10  & 1198); (2) failure to provide rest periods (Labor Code §§ 226.7 & 1198); (3) wage statement

11  penalties (Labor Code § 226); (4) waiting time penalties (Labor Code § 203); and (5) unfair

12  competition (Business and Professions Code § 17200 *et seq.*). On June 23, 2012, more than

13  thirty-three days after giving notice to the LWDA, Plaintiff filed the now-operative First

14  Amended Complaint ("FAC"). In the FAC, Plaintiff added a sixth cause of action for civil

15  penalties under the PAGA (Labor Code § 2698 *et seq.*) that he reserved the right to pursue in a

16  representative capacity without regard to the class certification requirements of Code of Civil

17  Procedure § 382. (See FAC, ¶ 16.)

18       On August 27, 2012, after being granted an extension by Plaintiff to respond to the FAC,

19  Defendant filed its motion to compel arbitration and to dismiss class claims. That motion is set

20  for hearing on October 1, 2011 at 9:00 a.m. (which is also the same date and time as the initial

21  case management conference).

**ARGUMENT**

22

23  **I.   DEFENDANT'S MOTION SHOULD BE DENIED IN ITS ENTIRETY BECAUSE
     LABOR CODE § 229 APPLIES IN THIS CASE AND EXPLICITLY PRESERVES
24   PLAINTIFF'S RIGHT TO PROCEED IN A JUDICIAL FORUM.**
         As a general rule, under Labor Code § 229, an action for unpaid wages "may be
25
     maintained without regard to the existence of any private agreement to arbitrate[.]" (*Hoover v.*
26
     *American Income Life Insurance Co.* (2012) 206 Cal.App.4th 1193, 1207, review den. Sept. 12,
27
     2012, S204218 ("*Hoover*").) Because the individual, class, and representative private attorney
28
     general claims set forth in the FAC under Labor Code §§ 201, 202, 203, 226, 226.7, 512, 1198,

2

EXHIBIT A   111

and 2698 *et seq.* are not subject to negotiation or waiver, they are squarely within the ambit of § 229.[1] (See *Hoover*, 206 Cal.App.4th at pp. 1206-1209.) Accordingly, absent an exception to the general rule of § 229, the claims at issue in this case cannot be compelled to arbitration.

There is no exception to the general rule of § 229 that applies in this case. While it is true that the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, preempts § 229 to the extent that a particular arbitration agreement falls within its purview (see, e.g., *Hoover*, 206 Cal.App.4th at pp. 1207-1208), Defendant has not met its burden of establishing that the FAA covers the subject arbitration agreement in this case. To meet this burden, Defendant would have had to offer actual evidence showing that its relationship with Plaintiff "had a specific effect or 'bear[ing] on interstate commerce in a *substantial* way.'" (See *id.* at p. 1208 [emphasis added and internal citations omitted].) In *Hoover*, the court found that the defendant failed to meet its burden where the evidence showed that the California-resident plaintiff sold life insurance policies in California for a Texas-based company. (See *id.*)

Defendant has not established that the FAA applies in this case. Here, in fact, the evidence is even flimsier than in *Hoover*. Indeed, the evidence shows that Defendant is incorporated in California and that its only two locations are in California. (Benowitz Decl., Exh. A; Carroll Decl., ¶ 2; Shipley Decl., Exh. A, at pp. 3-4.) Rather, and at best, the evidence only shows that Defendant may have some out-of-state members and vendors. (Carroll Decl., ¶ 2.) The evidence does not show that *the relationship between Plaintiff and Defendant* has any *substantial bearing* on interstate commerce. (See *id.*) Considering that the *sale* of life insurance contracts on behalf of a Texas company were insufficient to invoke FAA preemption in *Hoover*, Defendant has not met its burden of establishing that the FAA applies in this case. This is especially so considering that the arbitration agreement is *silent* as to FAA applicability and solely references California arbitration statutes. Accordingly, this Court can, and should, deny Defendant's motion in its entirety solely based on § 229.

---

[1] To the extent that Defendant is anticipated to argue that the core rights at issue under Labor Code §§ 226.7 and 512 are subject to waiver based on *Brinker Restaurant Corp. v. Superior Court* (2012) 53 Cal.4th 1004 ("*Brinker*"), such arguments miss the mark. While an employee may choose not to take a meal or rest period once it has been provided, the rights to be provided with meal and rest periods cannot be waived except in the narrow circumstances set forth in the laws themselves. (See, e.g., *id.* at pp. 1033, 1039-1040.)

3

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION TO COMPEL ARBITRATION AND TO DISMISS CLASS CLAIMS

**II.   DEFENDANT'S MOTION SHOULD ALSO BE DENIED IN ITS ENTIRETY
BECAUSE THE PURPORTED ARBITRATION AGREEMENTS ARE NOT
ONLY   PROCEDURALLY   UNCONSCIONABLE,   BUT   ARE   ALSO
PERMEATED WITH SUBSTANTIVE UNCONSCIONABILITY.**

The invalidity of an arbitration agreement may be proved "upon such grounds as exist

for the revocation of any contract." (Code Civ. Proc. § 1281.) Unconscionability is one such

ground. (See Civ. Code § 1670.5.) Unconscionability has both procedural and substantive

elements.  While both elements need to be present to invalidate a contract for unconscionability,

they need not be present in equal parts; the more one is present, the less the other is required.

(*Armendariz v. Foundation Health Psychcare Services, Inc.* (2000) 24 Cal.4th 83, 114

("*Armendariz*").)

In *Armendariz*, the California Supreme Court identified "minimum requirements" for

arbitration of claims brought by employees, and determined that such agreements must not be

procedurally or substantively unconscionable. For an arbitration agreement to be enforceable, it

must: (1) provide for a neutral arbitrator (*id.* at p. 91); (2) not limit the remedies available to the

employee (*id.* at pp. 103-104); (3) give an opportunity to conduct adequate discovery, which

includes access to essential documents and witnesses (*id.* at p. 104); (4) require a written

arbitration award setting forth the essential findings and conclusions on which the arbitrator

based the award (*id.* at pp. 106-107); and (5) not require employee to bear any type of expense

the employee would not be required to bear if the action were brought in court (*id.* at pp. 110-

111). The agreement also cannot be unconscionable:

> [U]nconscionability has both a 'procedural' and a 'substantive' element, the
> former focusing on 'oppression' or 'surprise' due to unequal bargaining power,
> the latter on 'overly harsh' or 'one-sided' results.  The prevailing view is that
> [procedural and substantive unconscionability] must both be present in order for a
> court to exercise its discretion to refuse to enforce a contract or clause under the
> doctrine of unconscionability.  But they need not be present in the same degree.
> Essentially a sliding scale is invoked which disregards the regularity of the
> procedural process of the contract formation, that creates the terms, in proportion
> to the greater harshness or unreasonableness of the substantive terms themselves.
> **In other words, the more substantively oppressive the contract term, the less
> evidence of procedural unconscionability is required to come to the
> conclusion that the term is unenforceable, and vice versa.**

(*Id.* at p. 114 [brackets in original; citations and some quotation marks omitted; emphasis

added].) Unconscionability is determined at the time the agreement is entered into. (Civ. Code §

1670.5; *O'Hare v. Municipal Resource Consultants* (2003) 107 Cal.App.4th 267, 281-282

4

1   ["The critical juncture for determining whether a contract is unconscionable is the moment

2   when it is entered into by both parties"].)

3     **A.**  **The Arbitration Agreement Is Procedurally Unconscionable Because**
      **Defendant Forced Its Employees to Sign Them as Conditions of Both**

4         **Applying for and Accepting Employment Without Even Giving Them**
      **Meaningful Opportunities to Review the Agreements Before Signing Them,**

5         **or to Negotiate Over the Terms of the Agreements.**

6     Defendant's arbitration agreements, which it admits requiring all putative class members

7   to sign as a condition of employment (see Carroll Decl., ¶ 4), are textbook examples of the

8   adhesion contracts that were found to be procedurally unconscionable in *Armendariz*.

9   "Procedural unconscionability turns on adhesiveness - a set of circumstances in which the

10   weaker or 'adhering' party is presented a contract drafted by the stronger party on a take it or

11   leave it basis." (E.g., *Mercuro v. Superior Court* (2002) 96 Cal.App.4th 167, 174.)

12     When an employee is required to consent to arbitration as a condition of employment

13   with no opportunity to negotiate, the agreement is procedurally unconscionable. (*Armendariz*,

14   24 Cal.4th at pp. 114-115; *Flores v. Transamerica HomeFirst, Inc.* (2001) 93 Cal.App.4th 846,

15   853 ["A finding of a contract of adhesion is essentially a finding of procedural

16   unconscionability"].)  In *Armendariz*, the plaintiffs signed arbitration agreements as a condition

17   of employment that were found to be procedurally unconscionable:

18       [I]n case of preemployment arbitration contracts, the economic pressure exerted
    by the employer on all but the most sought after employees may be particularly

19       acute, for the arbitration agreement stands between the employee and necessary
    employment, and few employees are in a position to refuse a job because of an

20       arbitration agreement.
  (*Armendariz*, 24 Cal.4th at p. 115.)

21     The court must examine "the manner in which the contract was negotiated and the

22   circumstances of the parties at that time." (E.g., *Kinney v. United Healthcare Services, Inc.*

23   (1999) 70 Cal.App.4th 1322, 1329.) A contract is oppressive if an inequality of bargaining

24   power between the parties precludes the weaker party from enjoying a meaningful opportunity

25   to negotiate and choose the terms of the contract.  (*Stirlen v. Supercuts, Inc.* (1997) 51

26   Cal.App.4th 1519, 1532 ("*Stirlen*").) "Oppression arises from an inequality of bargaining power

27   which results in no real negotiation and an absence of meaningful choice…surprise involves the

28   extent to which the terms of the bargain are hidden in a "prolix printed form" drafted by a party

5

EXHIBIT A   114

in a superior bargaining position." (*Wayne v. Staples, Inc.* (2006) 135 Cal.App.4th 466, 480.)

In *Circuit City Stores, Inc. v. Adams* (9th Cir. 2002) 279 F.3d 889, the court found an arbitration agreement procedurally unconscionable because it was a "take it or leave it" proposition. The court reasoned that "[t]he agreement is a prerequisite to employment, and job applicants are not permitted to modify the agreement's terms-they must take the contract or leave it." (*Id.* at p. 893; see also *Ferguson v. Countrywide Credit Industries, Inc.* (9th Cir. 2002) 298 F. 3d 778, 783 ("*Ferguson*").)

There is no doubt that the manner in which Defendant required Plaintiff and class members to "agree to" arbitration is oppressive. In this case, Defendant required Plaintiff and absent class members to complete job applications with pre-printed arbitration agreements (which did not even call attention to the fact that they contained arbitration agreements) just to *apply* to work for Defendant. Defendant also required them to sign "Acknowledgement" forms for Employee Handbooks after being hired (which also did not even call attention to the fact that they contained arbitration agreements). This is exactly the type of acute economic pressure that California law does not countenance. (*Armendariz,* 24 Cal.4th at p. 115.)

This is especially so considering that courts have even found arbitration agreements obtained under less oppressive circumstances to be procedurally unconscionable. In *Ingle v. Circuit City Stores, Inc.* (9th Cir. 2003) 328 F.3d 1165 ("*Ingle*"), the employee was given three days to consider the terms of the arbitration agreement, yet the Court found the agreement procedurally unconscionable on the grounds that the employer had considerably more bargaining power than the employee and the employee was not given a meaningful opportunity to negotiate. (See *id.* at p. 1172.) This "take it or leave it" approach that Defendant utilized in placing Plaintiff in a corner, failed to give him a fair opportunity to understand what he was signing, to ask questions, and level the unequal bargaining position in which he was placed.

**B.      The Arbitration Agreement Is Substantively Unconscionable Because It Is Permeated with One-Sided Terms That Consistently Shift All of the Risks of the Arbitral Forum Over to Defendant's Employees.**

The Court determines the substantive unconscionability of a binding arbitration agreement by examining the actual terms of the agreement and whether they create "overly harsh" or "one-sided" results. (*Armendariz,* 24 Cal.4th at p. 114.) "[P]rovisions of arbitration

6

agreements unduly advantageous to one party at the expense of the other will not be judicially enforced." (*Stirlen*, *supra*. 51 Cal.App.4th at p. 1541.) "Given the lack of choice and the potential disadvantages that even a fair arbitration system can harbor for employees, we must be particularly attuned to claims that employers with superior bargaining power have imposed one-sided, substantively unconscionable terms as part of an arbitration agreement." (*Armendariz*, 20 Cal.4th at p. 115.) Accordingly, "As has been recognized '"unconscionability turns not only on a `one-sided' result, but also on an absence of `justification' for it.'" (*Zullo v. Superior Court* (2011) 197 Cal.App.4th 477, 485 [quoting *A&M Produce Co. v. FMC Corp.* (1982) 135 Cal.App.4th 473, 487].)

> **1.    The Arbitration Agreement is substantively unconscionable because the employee handbook in which it is set forth may be unilaterally modified by Defendant at any time in its sole and absolute discretion.**

"An agreement to arbitrate is illusory if, as here, the employer can unilaterally modify the handbook." (E.g., *Sparks v. Vista Del Mar Child & Family Services* (2012) 207 Cal.App.4th 1511, 1522-1523 [relying on disclaimer in handbook as additional basis for declining to enforce arbitration agreement]; *Circuit City Stores, Inc. v. Mantor* (9th Cir. 2003) 335 F.3d 1101, 1107; *Ingle*, *supra*, 328 F.3d at p. 1179 ["we conclude that the provision affording Circuit City the unilateral power to terminate or modify the contract is substantively unconscionable"].) This is precisely the situation in this case. Indeed, the second paragraph of the Handbook Acknowledgement (i.e., the document in which the purported arbitration agreement is set forth) states, "The policies contained in the Handbook are not intended to create any contractual rights or obligations, and the Jonathan Club reserves the right to amend, interpret, modify, or withdraw any portion of this Handbook at any time." (See Def.'s Mot., Exh. 2, at p. 43; Shipley Decl., Exh. A, at p. 41.) In view of this provision, the Employee Handbook, and its arbitration provision, are completely illusory. This makes the agreement substantively unconscionable.

> **2.    The Arbitration Agreement is also substantively unconscionable because it preserves Defendant's right to meaningfully access a judicial forum in instances where it is to its benefit but not in instances where access is to an employee's benefit.**

"An agreement may be unfairly one-sided if it compels arbitration of the claims more likely to be brought by the weaker party but exempts from arbitration the types of claims that are more likely to be brought by the stronger party." (*Fitz v. NCR Corp.* (2004) 118 Cal.App.4th

7

702, 724 ("*Fitz*").) "Agreements to arbitrate must contain at least a modicum of bilaterality to avoid unconscionability. When only the weaker party's claims are subject to arbitration, and there is no reasonable justification for that lack of symmetry, the agreement lacks the requisite degree of mutuality." (*Abramson v. Juniper Networks, Inc.* (2004) 115 Cal. App. 4th 638, 657 [citations and quotations omitted].)

The arbitration agreement is completely one-sided insofar as it permits the parties thereto access to the court system. First, by its terms, the agreement only allows a party to go to court to seek an order compelling arbitration and does not allow a party to challenge the agreement in court:

> Either the Jonathan Club or I may bring an action in court to compel arbitration under this agreement and enforce an arbitration award. Except as otherwise provided herein, neither party shall initiate or prosecute any lawsuit in any way related to any arbitrable claim, including without limitation any claim as to the making, existence, validity, or enforceability of the agreement to arbitrate. . . .

Using this motion as an example, and applying the agreement by its terms, this would mean that Defendant would have the right to file the present motion but that Plaintiff would not even have the right to oppose it.

Second, the agreement preserves Defendant's abilities to pursue provisional and injunctive relief remedies solely as to claims that it is likely to pursue:

> [A]ny party may seek provisional or injunctive relief under the California Code of Civil Procedure § 1281.8 in a court of competent jurisdiction *for any claim or controversy arising out of or related to the unauthorized use, disclosure or misappropriation of the confidential or proprietary information of any party.*

(Def.'s Mot., Exh. 2, at p. 44 [emphasis added].)

Notably, this provision does not allow an employee to seek a provisional or injunctive remedy against the employer in any instance where, absent such relief, any arbitral award could be rendered ineffectual (e.g., an order restricting a transfer of assets). Given that Defendant limited the availability of relief under § 1281.8 to claims that it is likely to bring, and foreclosed that avenue to its employees as to claims that they are likely to bring, there is no justification for this unilateral provision. (See, e.g., *Fitz*, 118 Cal.App.4th at p. 724 ("*Fitz*") ["An agreement may be unfairly one sided if it compels arbitration of the claims more likely to be brought by the weaker party but exempts from arbitration the types of claims that are more likely to be brought

8

1   by the stronger party"]; see also *Stirlen, supra*, 51 Cal.App.4th at p. 1537.)

2       Third, the agreement provides Defendant with superior access to post-arbitration judicial

3   review of arbitral decisions: "The Los Angeles Superior Court shall have jurisdiction to review

4   the final award for errors of law and shall have the power to review any award of punitive

5   damages to the same extent as such damages are reviewable on appeal from a court judgement

6   [*sic*]." (See Def.'s Mot., Exh. 2, at p. 43; Shipley Decl., Exh. A, at p. 41.) While this provision

7   is bilateral in theory, in practice it is a one-sided term that only serves to benefit Defendant. For

8   instance, if an employee loses a motion for summary judgment (which the arbitration agreement

9   authorizes Defendant to bring), the reviewing court would be precluded from taking all

10  reasonable inferences in the employee's favor deciding whether to reverse it. By contrast, if an

11  employee prevails at arbitration, and obtains a substantial punitive damages award (or a

12  substantial penalties award), Defendant could then seek full appellate review. In turn, this

13  provision protects Defendant from one of the most significant risks that arbitration potentially

14  presents to defendants (i.e., large damages awards without meaningful appellate review) while

15  subjecting Plaintiff to one of the most significant downsides of arbitration (losing the ability to

16  pursue full appellate review). Thus, this one-sided provision is substantively unconscionable.

17       Taken as a whole, the arbitration agreement effectively denies its employees, like

18  Plaintiff, meaningful access to a judicial forum, while allowing such access to Defendant. These

19  provisions, without regard to any other provisions, render it substantively unconscionable.

20           **3.**    ***The Arbitration Agreement is further substantively unconscionable***

21                 ***because it allows the arbitrator to award costs and fees to Defendant***
                ***that Plaintiff would not have to pay if he proceeded in court, and gives***

22                 ***the arbitrator discretion to deny costs and fees to Plaintiff to which he***
                ***would necessarily be entitled in court.***

23       As noted above, an arbitration agreement cannot force an employee "to bear any *type* of

24  expense that he or she would not be required to bear if she or she were free to bring the action in

25  court." (*Armendariz*, 24 Cal.4th at pp. 110-111.) Here, the arbitration agreement states: "The

26  costs and fees of the arbitrator initially shall be paid by the Jonathan Club but the arbitrator shall

27  have the power to award such costs and fees to the prevailing party to the extent he deems

28  appropriate." (See Def.'s Mot., Exh. 2, at p. 44; Shipley Decl., Exh. A, at p. 42.) Defendant's

  anticipated argument that these costs may not be imposed until the end of the arbitration process

9

is unavailing. (See *Armendariz*, 24 Cal.4th at pp. 110-111 [rejecting notion that the ability of a court to potentially cancel improper cost allocation at the end of a case corrects the defect of such a cost allocation strategy].) To make matters worse, the agreement gives the arbitrator discretion over whether to award fees and costs per statute even when such fees are mandatory. (See Def.'s Mot., Exh. 2, at p. 44; Shipley Decl., Exh. A, at p. 42.) This is also substantively unconscionable. (See *Armendariz*, 24 Cal.4th at pp. 103-104; *Gentry*, 42 Cal.4th at p. 471.)

**C.    The Arbitration Agreement at Issue Is So Permeated Throughout with Substantive Unconscionability That the Unconscionable Terms Cannot, and Should Not, Be Severed So as to Save the Agreement.**

Where, as here, an arbitration agreement contains numerous unconscionable provisions, severance cannot save it. The *Armendariz* Court noted that a court's power to reform an arbitration agreement is "limited to instances in which parties make mistakes, not to correct illegal provisions." (*Armendariz*, 24 Cal.4th at p. 125.) The *Armendariz* court also stated, "if the central purpose of the contract is tainted with illegality, then the contract as a whole cannot be enforced" since "multiple defects [in an agreement] indicate a systematic effort to impose arbitration on an employee not simply as an alternative to litigation, but as an inferior forum that works to the employer's advantage." (*Id.* at p. 124.)

"The fact that an arbitration agreement contains more than one unlawful provision may indicate a systematic effort to impose arbitration on an employee... as an inferior forum that works to the employer's advantage." (*Ontiveros v. DHL Exp. (USA) Inc.* (2008) 164 Cal.App.4th 494, 515 ("*Ontiveros*").) There, the court held that given the multiple unlawful provisions in the agreement, severance of the unlawful provisions was not appropriate. (*Id.*) The court further explained that where no single provision can be stricken or restricted to remove the unconscionable taint from the agreement, it would have to cure the contract by reformation or augmentation, exceeding its judicial power. (*Id.* [citing *Fitz*, 118 Cal.App.4th at p. 727].)

Just recently, the Court of Appeal opined that where, as here, the agreement is rife with unconscionability, the overriding policy requires that the arbitration be rejected. (See *Wherry v. Award, Inc.* (2011) 192 Cal.App.4th 1242, 1250 [citing *Armendariz*, 24 Cal.4th at p. 127].) Where, there are multiple unconscionable provisions, and the unconscionable taint cannot be removed by striking just one offending provision, severance is inappropriate and the agreement

10

is unenforceable. (See, e.g., *Nyulassy v. Lockheed Martin Corp.* (2004) 120 Cal.App.4th 1267, 1287-1288.) Later decisions have refused to apply severance to agreement with multiple unconscionable provisions. (See, e.g., *Fitz*, 118 Cal.App.4th at pp. 726-727; *Pokorny v. Quixtar, Inc.* (9th Cir. 2010) 601 F.3d 987, 1004; *Abramson v. Juniper Networks, Inc.* (2004) 115 Cal.App.4th 638; *Ferguson, supra*, 298 F.3d at pp. 787-788.)

The number of unconscionable provisions in the arbitration agreement shows a systematic effort by Defendant to gain an unfair advantage over its employees. Each factor, standing on its own, provides sufficient ground for the Court to deny Defendant's motion to compel arbitration. Together, the unconscionable provisions are so numerous that they permeate the entire agreement and render it completely unenforceable.

**III.    THIS COURT SHOULD ALSO DENY DEFENDANT'S MOTION BECAUSE THE FACTORS SET FORTH IN *GENTRY* SHOW THAT THE CLASS ACTION VEHICLE IS NECESSARY FOR PLAINTIFF AND CLASS MEMBERS TO EFFECTIVELY VINDICATE THEIR STATUTORY RIGHTS.**

Under *Gentry*, this Court may consider the following factors in deciding whether to invalidate a class action waiver as unconscionable so as to ensure that class members' non-waivable statutory rights are vindicated: "[1] the modest size of any potential recovery, [2] the potential for retaliation against members of the class, [3] the fact that absent members of the class may be ill informed about their rights, and [4] other real world obstacles to the vindication of class members' right[s] . . . through individual arbitration." (*Gentry*, 443 Cal.4th at p. 463.)[2]

In this case, all of the factors weigh in favor of the class action vehicle. First, the potential recoveries for individual class members are modest. Based on the limited evidence available to Plaintiff without the benefit of formal discovery, class members earned less than $20 per hour and, with some exception, usually worked no more than eight hours per shift. (See Shipley Decl., ¶ 2; Slemon Decl., ¶ 2.) Even assuming, *arguendo*, that each employee

---

[2] Insofar as Defendant is expected to argue that *AT&T Mobility, LLC v. Concepcion* (2012) 131 S.Ct. 1740 overruled *Gentry*, only one California decision has accepted that argument (*Iskanian*, ). By contrast, numerous other California courts have held that *Gentry* remains the law unless and until it is overruled. (E.g., *Truly Nolen of America v. Superior Court* (2012) 208 Cal.App.4th 487, 507 ("*Truly Nolen*"); *Kinecta Alternative Financial Solutions, Inc. v. Superior Court* (2012) 205 Cal.App.4th 506, 516 ("*Kinecta*").) Accordingly, if this Court finds that the continuing viability of *Gentry* is necessary to adjudicating this motion, it should defer ruling on it until after the California Supreme Court decides whether to grant review in *Iskanian*.

11

experienced a daily meal or rest period violation, worked five days per workweek, and earned $19 per hour, this would only result in $95 per week in unpaid wages per employee under Labor Code § 226.7(b). Second, the limited evidence available without discovery shows that class members not only feared retaliation when they were current employees of Defendant, but also were ill informed of their rights. (See Shipley Decl., ¶¶ 5, 7-8; Slemon Decl., ¶¶ 5, 7-8.)

Finally, without the class action vehicle, it would be difficult for most class members to vindicate their rights. (See Benowitz Decl., ¶¶ 9-16.) This is because it is difficult for any employee to find an attorney who will undertake a wage and hour case on behalf of an hourly employee without being able to pursue claims in a representative capacity. This is especially so where, as here, lower courts are reaching inconsistent results in how they have construed *Brinker* and recoveries in many instances are still uncertain. That the most viable means for pursuing attorneys' fees in meal and rest period cases is now the PAGA only compounds this problem because, assuming that claims under the PAGA must proceed representatively (as discussed below), the strongest basis for recovering attorneys' fees would not even be an available remedy for any employee forced to proceed individually. (See Labor Code § 2699(g)(1) [providing that an aggrieved employee may recover attorneys' fees in a successful PAGA action]; *Kirby v. Immoos Fire Protection Services, Inc.* (2012) 53 Cal.4th 1244 [holding that attorneys' fees cannot be recovered under §§ 218.5 or 1194 in actions under § 226.7].)

Accordingly, the evidence available shows that this Court should deny Defendant's motion based on the *Gentry* factors. Alternatively, if this Court concludes that more evidence is necessary, and especially with respect to the first, second, or third *Gentry* factors, Plaintiff respectfully requests for this Court to continue the hearing on Defendant's motion so that Plaintiff may request the contact information of absent class members through formal discovery and obtain additional evidence.

**IV.  PLAINTIFF'S CLAIMS ALSO CANNOT BE COMPELLED TO INDIVIDUAL ARBITRATION BECAUSE CONSTRUING THE PURPORTED ARBITRATION AGREEMENT AS A CLASS ACTION WAIVER CONTRAVENES HIS RIGHT TO ENGAGE IN CONCERTED ACTIVITIES PROTECTED UNDER THE NATIONAL LABOR RELATIONS ACT.**
In *D.R. Horton* (2012) 357 NLRB No. 184 [2012 NLRB LEXIS 11] ("*D.R. Horton*"), the National Labor Relations Board held that requiring employees to proceed in individual

12

arbitration, without the ability to maintain class or collective actions, violates section 7 the National Labor Relations Act ("NLRA"), 29 U.S.C. § 157, by depriving them of the ability to engage in concerted activities for their mutual aid or protection. (See 2012 NLRB LEXIS, at p. *9; but see, e.g., *Iskanian*, 206 Cal.App.4th at pp. 961-963; *Nelsen v. Legacy Partners Residential, Inc.* (2012) 207 Cal.App.4th 1115, 1132-1135 ("*Nelsen*").) Because Plaintiff and class members are non-management employees entitled to the protections of section 7, this is an independent basis for denying Defendant's motion based on illegality.[3]

**V.   PLAINTIFF'S REPRESENTATIVE CLAIMS UNDER THE PAGA CANNOT BE COMPELLED TO ARBITRATION BECAUSE THE STATUTE REQUIRES THAT THEY PROCEED ON A REPRESENTATIVE BASIS.**

A purported waiver of rights under the PAGA is illegal and hence invalid. (E.g., *Brown v. Ralphs Grocery Co.* (2011) 197 Cal.App.4th 489, 498-499, cert. den. Apr. 16, 2012, No. 11-880, 132 S.Ct. 1910 ("*Brown*"); *Franco v. Athens Disposal Co.* (2009) 171 Cal.App.4th 1277, 1303.) An employee "may not and does not bring the PAGA claim as an individual claim, but as 'the proxy or agent of the state's labor law enforcement agencies.'" (*Reyes v. Macy's, Inc.* (2012) 202 Cal.App.4th 1119, 1123 ("*Reyes*") [quoting *Arias v. Superior Court* (2009) 46 Cal.4th 969, 986 ("*Arias*")].) Indeed, the PAGA "requires an aggrieved employee 'on behalf of herself or himself *and* other current or former employees to enforce violations of the Labor Code by their employers.'" (*Reyes*, 202 Cal.App.4th at p. 1124 [quoting *Urbino v. Orkin Services of California, Inc.* (C.D. Cal. 2011) 2011 U.S. Dist. LEXIS 114746, at p. *22].)

In this case, compelling Plaintiff to *individual* arbitration would contravene the PAGA by preventing him from vindicating the important public rights created thereunder.[4] Thus,

---

[3] Insofar as *Iskanian* and *Nelsen* reject the applicability of *D.R. Horton*, Plaintiff respectfully requests for this Court to defer ruling on Defendant's motion until after the California Supreme Court decides whether to grant review in both those cases if the outcome of those cases on this issue would otherwise be dispositive.

[4] In apparent recognition of this issue, Defendant argues, based on the *Iskanian* decision, that claims under the PAGA may proceed individually notwithstanding the ample conflicting authority. (See Def.'s Mot. at p. 7.) Moreover, unlike this case, *Iskanian* concerned an arbitration agreement with an express waiver of the right to proceed representatively. (See *Iskanian*, 206 Cal.App.4th at p. 954.) Because the *Iskanian* decision creates a clear conflict with the other authorities cited, and because the California Supreme Court extended its time for deciding whether to grant review in *Iskanian* to October 12, 2012 (see Benowitz Decl., Exh. B), Plaintiff respectfully requests for this Court to continue the hearing on this motion until after the time for granting review in *Iskanian* has expired (in the event it does not dispose of the arbitration agreement on one of the other grounds set forth herein).

13

1   Plaintiff's claim under the PAGA should not be compelled to *individual* arbitration. (See

2   *Brown*, 197 Cal.App.4th at p. 505 fn. 9.) Accordingly, if arbitration is compelled at all, it should

3   be allowed to proceed representatively. This can be done regardless of whether this case stays in

4   court or is compelled to something other than class arbitration. (See *Arias*, 46 Cal.4th at pp.

5   980-988 [holding that representative actions under the PAGA need not proceed as class actions

6   under Code of Civil Procedure § 382].)

7   **VI.    IF THIS COURT IS INCLINED TO COMPEL ARBITRATION, IT SHOULD
           NOT DISMISS THE CLASS AND REPRESENTATIVE ALLEGATIONS
8          BECAUSE THE ARBITRATION AGREEMENT IMPLICITLY AUTHORIZES
           CLASS ARBITRATION.**

9          With respect to Defendant's specific request for this Court to dismiss Plaintiff's class

10  claims, the request should be denied because the arbitration agreements implicitly authorize

11  class arbitration. On that basis alone, it is improper to dismiss the class claims in this case and,

12  if accepted, also unnecessary for this Court to even consider the *Gentry* factors. (See *Truly*

13  *Nolen of America v. Superior Court* (2012) 208 Cal.App.4th 487, 512-513.) "Where, as here,

14  there is no express class action waiver in an arbitration agreement, class action arbitration is not

15  prohibited if both parties have agreed to the procedure explicitly *or implicitly*." (*Id.* [emphasis

16  added].) Here, the arbitration agreement provides that all *substantive and procedural issues* will

17  be addressed based on California law and also provides that the arbitrator has the authority to

18  consider pre-hearing motions. Taken in conjunction, because California substantive and

19  procedural law provide for wage and hour class actions (and for representative actions under the

20  PAGA without class certification per the *Arias* decision), the arbitration agreement implicitly

21  authorizes class/representative proceedings notwithstanding Defendant's contrary assertions.

22         Defendant improperly relies upon *Stolt-Nielsen S.A. v. AnimalFeeds International Corp.*

23  (2010) 130 S. Ct. 1758 ("*Stolt-Nielsen*"), which held that an arbitration agreement silent on

24  class arbitration between sophisticated parties in business transactions acted to preclude the

25  arbitrator from ordering claims proceed as a class. (See *id.* at pp. 1764-1765, 1769-1770, 1775-

26  1776.) Indeed, it was found that, unlike in the area of wage and hour cases, such maritime

27  lawsuits had no tradition of proceeding as class actions. (*Id.*; see also *Prince v. CLS*

28  *Transportation, Inc.* (2004) 118 Cal. App. 4th 1320, 1328 [finding that wage and hour claims

---

14

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION TO COMPEL ARBITRATION AND TO DISMISS CLASS CLAIMS

1   routinely proceed as class actions].) Indeed, the California Supreme Court found in *Gentry* that,

2   in certain circumstances, a waiver of class action is an unconscionable provision in an

3   arbitration agreement. *Gentry* involved exactly the kind of suit Plaintiff is prosecuting here, a

4   wage and hour suit based on Labor Code violations such as failures to provide meal and rest

5   periods. (*Id.*) The *Gentry* Court found that, in such situations, waiver was expressly

6   unconscionable, given the likelihood that the rights of individuals would not be enforced but for

7   a class procedure. (*Id.*)[5]

8       On this point, Defendant has misplaced its reliance on a case involving a contract,

9   which, by all accounts, was free of procedural unconscionability. (*Stolt-Nielsen*, 130 S. Ct. at

10  pp. 1764-1765, 1769-1770, 1775-1776.) Here, Defendant admitted that it required Plaintiff to

11  sign an employment contract of adhesion, the type of agreement, which, as noted above, is

12  always procedurally unconscionable in California.

13                                   **CONCLUSION**

14      For the reasons set forth herein, this Court should deny Defendant's motion in its

15  entirety. Alternatively, this Court should order Plaintiff's claims to proceed to class or

16  representative arbitration or allow Plaintiff an opportunity to conduct discovery regarding the

17  *Gentry* factors. In the event that this Court's decision will hinge in whole or in part on whether

18  the California Supreme Court grants review in *Iskanian*, Plaintiff respectfully requests for this

19  Court to continue the hearing on the motion until after the October 13, 2012 deadline for the

20  California Supreme Court to decide whether to grant review in *Iskanian*.

21                           Respectfully submitted,

22                           LAW OFFICES OF LOUIS BENOWITZ

23      Dated: September 18, 2012      BY

24                                       LOUIS BENOWITZ
                                         Attorneys for Plaintiff
25                                       JAMES SHIPLEY

26  [5] Defendant's reliance on *Kinecta* is similarly misplaced. *Kinecta* relied on *Stolt-Nielsen*
27  without considering the factual distinctions between the two cases and did not consider whether
    there was an implied agreement to arbitrate on a class-wide basis. (See *Kinecta*, 205
28  Cal.App.4th at pp. 517-519.) In view of *Truly Nolen*, *Kinecta* should be limited to its facts (i.e.,
    where no showing was made under *Gentry*, where the PAGA was not at issue, and where there
    the lack of express references to class actions was construed as no agreement at all).

                                        15
    MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S OPPOSITION TO
    DEFENDANT'S MOTION TO COMPEL ARBITRATION AND TO DISMISS CLASS CLAIMS

1   Louis Benowitz (SBN 262300)
         louis@benowitzlaw.com
2   LAW OFFICES OF LOUIS BENOWITZ
    9454 Wilshire Boulevard, Penthouse
3   Beverly Hills, California 90212
    Telephone:     (310) 844-5141
4   Facsimile:     (310) 492-4056

5   Michelle D. Samani (SBN 249852)
         michelle@samanilaw.com
6   SAMANI LAW FIRM
    1901 Avenue of the Stars, Suite 390
7   Los Angeles, California 90067
    Telephone:     (818) 399-8339
8   Facsimile:     (818) 530-9298

9

10  Attorneys for Plaintiff
    JAMES SHIPLEY
11

                  **SUPERIOR COURT OF CALIFORNIA**
12
            **FOR THE COUNTY OF LOS ANGELES—CENTRAL DISTRICT**
13

14  JAMES SHIPLEY, on behalf of himself and      Case No. BC485207
15  all others similarly situated,
                                                 [Assigned for All Purposes to the Honorable
16          Plaintiff,                           Abraham Khan of Department 51]

17          vs.                                  **DECLARATION OF LOUIS
                                                 BENOWITZ IN SUPPORT OF
18  JONATHAN CLUB, a California corporation;     PLAINTIFF JAMES SHIPLEY'S
    and DOES 1–50, inclusive,                    OPPOSITION TO DEFENDANT
19                                               JONATHAN CLUB'S MOTION TO
            Defendants.                          COMPEL ARBITRATION AND TO
20                                               DISMISS CLASS CLAIMS

21                                                      ***Hearing Information***
                                                 Date:        October 1, 2012
22                                               Time:        9:00 a.m.
                                                 Location:    Department 51
23                                               Judge:       Hon. Abraham Khan

24

25

26

27

28

    DECLARATION OF LOUIS BENOWITZ IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S
            MOTION TO COMPEL ARBITRATION AND TO DISMISS CLASS CLAIMS

## DECLARATION OF LOUIS BENOWITZ

I, Louis Benowitz, declare as follows:

1.    I am an attorney in good standing duly admitted to the State Bar of California and am an attorney of record for plaintiff James Shipley ("Plaintiff") in this action against defendant Jonathan Club ("Defendant").

2.    Except for those matters stated on information and belief, which I am informed and believe are true and correct, I have personal knowledge of all facts set forth herein. If called as a witness, I could and would competently testify thereto under oath.

3.    Attached hereto as Exhibit A is a true and correct copy of the "Business Entity Detail" from the California Secretary of State website for Defendant showing that Defendant is a corporation organized under the laws of California.

4.    Attached hereto as Exhibit B is a true and correct copy of the "Docket (Register of Actions)" from the California Supreme Court website for *Iskanian v. CLS Transportation of Los Angeles*, No. S204032, which shows that on September 6, 2012, the Court extended its time for deciding whether or not to grant review up to and including October 12, 2012.

5.    Attached hereto as Exhibit C is a true and correct copy of the "Docket (Register of Actions)" from the California Supreme Court website for *Nelsen v. Legacy Partners Residential*, No. S204953, which shows that a petition for review is pending as of September 18, 2012 at 9:05 a.m.

6.    Since being admitted to the State Bar of California in February of 2009 after passing the California Bar Examination on my first attempt, I have almost exclusively practiced in the areas of civil litigation and employment law. I am a member of the California Employment Lawyers Association ("CELA") and the vast majority of my work during my time in active legal practice has consisted of wage and hour and other employment law cases on behalf of employees, with a few matters on behalf of employers.

///

///

///

1

DECLARATION OF LOUIS BENOWITZ IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION TO COMPEL ARBITRATION AND TO DISMISS CLASS CLAIMS

EXHIBIT A   126

7.   With respect to wage and hour class actions specifically, a sampling of matters in which I have been appointed as class counsel is as follows:

a.   *Vang v. Burlington Coat Factory Warehouse Corp., et al.*, U.S. District Court, Central District of California, No. 09-CV-8061-CAS (appointed class counsel and granted final approval of settlement on behalf of retail store employees in case involving, among other things, alleged vacation pay forfeitures, failures to provide meal and rest periods, and failures to pay overtime wages based on employee misclassification).

b.   *Garcia v. Am. Gen. Fin. Mgmt. Corp., et al.*, U.S. District Court, Central District of California, No. 09-CV-1916-DMG (appointed class counsel and granted final approval of settlement on behalf of account managers in case involving, among other things, alleged overtime miscalculations and meal and rest period violations).

c.   *Cerdenia v. USA Truck, Inc.*, U.S. District Court, Central District of California, Case No. 10-CV-1489-JVS (appointed class counsel and granted final approval of settlement on behalf of truck drivers).

d.   *Jones v. Shred-It, Inc.*, U.S. District Court, Central District of California, Case No. 2:11-cv-00526-SVW-FFM (appointed class counsel and granted final approval of settlement on behalf of customer service representatives and balers in case involving alleged off-the-clock work and meal and rest period violations).

e.   *Douglas v. California Credit Union*, Los Angeles Superior Court, Case No. BC445050 (appointed class counsel and granted final approval of settlement on behalf of customer service representatives for overtime miscalculation claims).

f.   *Alvarez v. Gary Grace Enterprises, LP*, Marin Superior Court, Case No. CIV 1002553 (appointed class counsel and granted final approval of settlement on behalf of hair salon employees for overtime miscalculation and related claims).

g.   *Calderon v. Greatcall, Inc.*, San Diego Superior Court, Case No. 37-2010-00093743-CU-OE-CTL (appointed class counsel and granted final approval of settlement on behalf of customer service employees in case involving, among other things, alleged meal and rest period violations and overtime calculation errors).

2

DECLARATION OF LOUIS BENOWITZ IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION AND TO DISMISS CLASS CLAIMS

h.     *Butler v. Lexxiom, Inc.*, San Bernardino Superior Court, Case No. CIVRS 1001579 (appointed class counsel and granted final approval of settlement on behalf of debt resolution center employees in case involving, among other things, alleged meal and rest period violations and overtime calculation errors).

i.     *Valencia v. SCIS Air Security Corp.*, Los Angeles Superior Court, Case No. BC421485 (granted class certification through contested motion and appointed class counsel in case on behalf of former security workers based on late final wage payments in violation of Labor Code §§ 201–203).

j.     *Sandoval v. Rite Aid Corp.*, Los Angeles Superior Court, Case No. BC431249 (granted class certification through contested motion and appointed class counsel in case on behalf of former pharmacy employees based on late final wage payments in violation of Labor Code §§ 201–203).

8.     Though not a traditional class action, I recently successfully prosecuted an eleven day bench trial with David Spivak of The Spivak Law Firm in the case of *Alina Ghrdilyan, et al. v. RJ Financial, Inc., et al.*, Los Angeles Superior Court, Case No. BC430633 (2012), the Honorable Ronald Sohigian presiding. To my knowledge, this is the first and only case to be successfully prosecuted through trial in a non-class representative capacity under the Labor Code Private Attorney Generals Act of 2004 on behalf of both named plaintiffs and aggrieved employees against someone other than an employer for civil penalties including unpaid wages. The case involves claims of unpaid overtime, unprovided rest and meal periods, unpaid vacation, untimely interval and final wages, and unreimbursed expenses.

9.     With respect to this case specifically, which centers around alleged failures to provide meal and rest periods, it is only through a class or representative action that it would be economically feasible to litigate it for numerous reasons.

10.     First, with respect to Plaintiff specifically, he only worked for Defendant for about a year and, during that year, did not work full-time for Defendant. Based on his wage rate of $16.00-$17.00 per hour (or even the $19.00 per hour wage rate of Adam Slemon), and even assuming a five-day workweek and one meal or rest period violation each day, their claims for

DECLARATION OF LOUIS BENOWITZ IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION AND TO DISMISS CLASS CLAIMS

EXHIBIT A   128

unpaid wages under Labor Code § 226.7 would only come to between $80 and $95 per workweek in a best-case scenario. Based on my experience in wage and hour class actions generally, and cases involving food service industry employees specifically, high employee turnover and short tenure are common (which Plaintiff exemplifies). Accordingly, many employees like Plaintiff do not even have individual claims that would exceed the threshold for *limited* civil jurisdiction (let alone *unlimited* civil jurisdiction) if barred from pursuing them in some sort of representative capacity. While claims for statutory penalties under Labor Code §§ 203 and 226(e) can increase an employer's liability exposure to an employee, those claims require proof of scienter and are thus more difficult to prove than an underlying wage claim.

11.   To compound matters, without the ability to proceed under the Labor Code Private Attorneys General Act of 2004 ("the PAGA"), and without the ability to proceed on behalf of employees who are not named parties to an action, it becomes economically infeasible for a one-attorney law firm such as mine to pursue individual wage and hour cases in most instances (especially on behalf of hourly workers). This is especially so in view of the California Supreme Court's recent decision in *Kirby v. Immoos Fire Protection Services, Inc.* (2012) 53 Cal.4th 1244 because the only especially sound vehicle for pursuing statutory attorneys' fees in meal and rest period cases is the PAGA. Accordingly, without even the prospect of statutory attorneys' fees, it is exceptionally impractical from an economic perspective to pursue a case that is worth, at most, in the low five figures.

12.   Moreover, even with the prospect of statutory attorneys' fees regardless of the availability of a representative proceeding, such as those available in minimum wage and overtime cases under Labor Code § 1194, the amounts at stake still do not warrant individual actions in most instances for various reasons. Given the size of the claims at issue for most employees, and the potential for attorneys' fees to be denied based on the ultimate size of the recovery (see *Chavez v. City of Los Angeles* (2010) 47 Cal.4th 970 [denying attorneys' fees under the FEHA where less than the jurisdictional minimum was recovered by the prevailing plaintiff]), statutory attorneys' fees alone do not provide a sufficient incentive to pursue such cases in view of that risk. In my experience, I have yet to encounter an hourly employee who

4

1    has been both willing *and* able to pay hourly fees for my services in a wage and hour case.

2        13.    In turn, this makes it difficult for many employees to find any sort of legal

3    representation to pursue wage claims. In addition, in the instances when I have represented

4    current employees in employment cases, they have often been subject to various forms of overt

5    and subtle retaliation (up to and including termination of employment). To compound matters,

6    current employees lack standing to pursue claims under Labor Code § 203 (which, especially

7    for short-term employees, can be their largest claims). Considering that termination of

8    employment is a legitimate risk for many current employees, many reasonably choose not to

9    pursue their otherwise viable claims. My experiences in other wage and hour class actions

10   confirm this, as it is common for current employees to verify and corroborate the allegations of

11   the lawsuit but then refuse to submit declarations based on fears of retaliation.

12       14.    Further, in meal and rest period cases such as this one, there is always a risk that

13   the employer's conduct may not amount to a violation of the law. While the California Supreme

14   Court's decision in *Brinker Restaurant Corp. v. Superior Court* (2012) 53 Cal.4th 1004

15   ("*Brinker*") added some degree of clarity to this area of the law, it most certainly did not make

16   the law crystal clear in all instances. As the Court stated, "What will suffice may vary from

17   industry to industry, and we cannot in the context of this class certification proceeding delineate

18   the full range of approaches that in each instance might be sufficient to satisfy the law." (*Id.* at

19   p. 1040.)

20       15.    Considering that meal and rest period claims would be unlikely to even yield

21   statutory attorneys' fees when they are successful in most instances (at least without the

22   PAGA), and that many employers who are large enough to have class/representative actions

23   brought against them also have ample resources to fight the claims of individual employees, few

24   (if any) attorneys are going to take on such claims in this ever-developing area of the law under

25   those conditions—especially with the risks of not prevailing given the high degree of variation

26   in court decisions post-*Brinker*. (Compare, e.g., *Ricaldai v. U.S. Investigation Services, LLC*

27   (C.D. Cal. 2012) 2012 U.S. Dist. LEXIS 73279 [applying recordkeeping presumption from

28   *Brinker* concurring opinion and denying employer's motion for summary judgment] with, e.g.,

5

DECLARATION OF LOUIS BENOWITZ IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION TO COMPEL ARBITRATION AND TO DISMISS CLASS CLAIMS

*Hernandez v. Chipotle Mexican Grill, Inc.* (Cal. Ct. App. 2012) 2012 Cal.App.LEXIS 938 [rejecting recordkeeping presumption from *Brinker* concurring opinion and affirming denial of class certification].) As a consequence, employees in California would effectively be denied the ability to obtain legal representation (and thus any protection under California's meal and rest period laws) if uniformly compelled to individual arbitration in meal and rest period cases.

16.    Finally, even assuming that individual representation were feasible, many employees do not even know that their rights have been violated or, even if they know that some violations have occurred, they do not know the extent (as Plaintiff's declaration and the Declaration of Adam Slemon illustrate). This is especially so where an employer has defective or nonexistent policies regarding wage and hour issues (such as those giving rise to the meal and rest period claims here) and does not schedule its employees in a way that provides them with meaningful opportunities to exercise their rights (as is alleged in this case). For example, many employees, like Plaintiff, have never been made aware of the fact that they are entitled to second meal periods after ten hours of work because their employers, like Defendant, have never so much as bothered to issue a written policy that gives lip service to second meal periods (let alone relieve them of duty so they could choose whether or not to take second meal periods). Without class actions, claims such as those for second meal period violations would almost never be worth it for any individual employee to pursue because most employees who work over ten hours only do so rarely.

I declare under the penalty of perjury of the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

Executed on September 18, 2012 at Beverly Hills, California.

LOUIS BENOWITZ
Declarant

6

DECLARATION OF LOUIS BENOWITZ IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION TO COMPEL ARBITRATION AND TO DISMISS CLASS CLAIMS

# EXHIBIT A

Business Search – Business Entities – Business Progra.                          9/18/12 10:04 AM

# California Secretary of State Debra Bowen

| Secretary of State | Administration | Elections | Business Programs | Political Reform | Archives | Registries |

**Business Entities (BE)**

Online Services
- Business Search
- Disclosure Search
- E-File Statements
- Processing Times

**Main Page**

**Service Options**

**Name Availability**

**Forms, Samples & Fees**

**Annual/Biennial Statements**

**Filing Tips**

**Information Requests**
(certificates, copies &
status reports)

**Service of Process**

**FAQs**

**Contact Information**

Resources
- Business Resources
- Tax Information
- Starting A Business
- International Business
  Relations Program

Customer Alerts
- Business Identity Theft
- Misleading Business
  Solicitations

## Business Entity Detail

Data is updated weekly and is current as of Friday, September 14, 2012. It is not a complete or certified record of the entity.

| | |
|---|---|
| Entity Name: | JONATHAN CLUB |
| Entity Number: | C0161756 |
| Date Filed: | 03/04/1935 |
| Status: | ACTIVE |
| Jurisdiction: | CALIFORNIA |
| Entity Address: | 545 SOUTH FIGUEROA ST. |
| Entity City, State, Zip: | LOS ANGELES CA 90071 |
| Agent for Service of Process: | MATTHEW ALLNATT |
| Agent Address: | 545 S. FIGUEROA ST. |
| Agent City, State, Zip: | LOS ANGELES CA 90071 |

\* Indicates the information is not contained in the California Secretary of State's database.

- If the status of the corporation is "Surrender," the agent for service of process is automatically revoked. Please refer to California Corporations Code **section 2114** for information relating to service upon corporations that have surrendered.
- For information on checking or reserving a name, refer to **Name Availability**.
- For information on ordering certificates, copies of documents and/or status reports or to request a more extensive search, refer to **Information Requests**.
- For help with searching an entity name, refer to **Search Tips**.
- For descriptions of the various fields and status types, refer to **Field Descriptions and Status Definitions**.

**Modify Search**   **New Search**   **Printer Friendly**   **Back to Search Results**

**Privacy Statement** ¦ **Free Document Readers**
Copyright © 2012   California Secretary of State

EXHIBIT A   133

# EXHIBIT B

California Courts – Appellate Court Case Information                          9/18/12 10:07 AM

## Appellate Courts Case Information                    CALIFORNIA COURTS
                                                         THE JUDICIAL BRANCH OF CALIFORNIA

Supreme Court                                            Change court

*Court data last updated: 09/18/2012 09:05 AM*

Docket (Register of Actions)

**ISKANIAN v. CLS TRANSPORTATION OF LOS ANGELES**
**Case Number S204032**

| Date | Description | Notes |
|------|-------------|-------|
| 07/16/2012 | Petition for review filed | Plaintiff and Appellant: Iskanian, Arshavir Attorney: Glenn A. Danas |
| 07/16/2012 | Record requested | |
| 07/19/2012 | Received Court of Appeal record | one doghouse (volume 1 of 3) |
| 08/06/2012 | Answer to petition for review filed | Defendant and Respondent: CLS Transportation of Los Angeles Attorney: David F. Faustman |
| 08/17/2012 | Reply to answer to petition filed | Plaintiff and Appellant: Iskanian, Arshavir Attorney: Marc Primo    (CRC, rule 8.25(b)) |
| 09/06/2012 | Time extended to grant or deny review | The time for granting or denying review in the above-entitled matter is hereby extended to and including October 12, 2012, or the date upon which review is either granted or denied. |

**Click here** to request automatic e-mail notifications about this case.

Careers | Contact Us | Accessibility | Public Access to Records | Terms of Use | Privacy    © 2012
Judicial Council of California / Administrative Office of the Courts

EXHIBIT A   135

# EXHIBIT C

California Courts ~ Appellate Court Case Information

9/18/12 10:09 AM



Appellate Courts Case Information

**CALIFORNIA COURTS**
THE JUDICIAL BRANCH OF CALIFORNIA

Supreme Court



*Court data last updated: 09/18/2012 09:05 AM*

**Docket (Register of Actions)**

**NELSEN v. LEGACY PARTNERS RESIDENTIAL**
**Case Number S204953**

| Date | Description | Notes |
|------|-------------|-------|
| 08/27/2012 | Petition for review filed | Plaintiff and Appellant: Nelsen, Lorena Attorney: John M. Bickford |
| 08/27/2012 | Record requested | |
| 08/30/2012 | Received Court of Appeal record | one file jacket, briefs, one accordion |
| 09/14/2012 | Answer to petition for review filed | Defendant and Respondent: Legacy Partners Residential Inc. Attorney: Mark J. Payne |

**Click here** to request automatic e-mail notifications about this case.

Careers | Contact Us | Accessibility | Public Access to Records | Terms of Use | Privacy    © 2012
Judicial Council of California / Administrative Office of the Courts

EXHIBIT A   137

1   Louis Benowitz (SBN 262300)
        louis@benowitzlaw.com
2   LAW OFFICES OF LOUIS BENOWITZ
3   9454 Wilshire Boulevard, Penthouse
    Beverly Hills, California 90212
4   Telephone:     (310) 844-5141
    Facsimile:     (310) 492-4056
5
    Michelle D. Samani (SBN 249852)
6       michelle@samanilaw.com
7   SAMANI LAW FIRM
    1901 Avenue of the Stars, Suite 390
8   Los Angeles, California 90067
    Telephone:     (818) 399-8339
9   Facsimile:     (818) 530-9298

10  Attorneys for Plaintiff
11  JAMES SHIPLEY

12              **SUPERIOR COURT OF CALIFORNIA**

13      **FOR THE COUNTY OF LOS ANGELES—CENTRAL DISTRICT**

14

15  JAMES SHIPLEY, on behalf of himself and all      Case No. BC485207
    others similarly situated,
16                                                    [Assigned for All Purposes to the Honorable
                                                      Abraham Khan of Department 51]
17              Plaintiff,
                                                      **DECLARATION OF ADAM SLEMON IN**
18          vs.                                       **SUPPORT OF OPPOSITION TO**
                                                      **DEFENDANT JONATHAN CLUB'S**
19  JONATHAN CLUB, a California corporation;          **MOTION TO COMPEL ARBITRATION**
    and DOES 1–50, inclusive,                         **AND TO DISMISS CLASS CLAIMS**
20
                                                      ***Hearing Information***
21              Defendants.                           Date:       October 1, 2012
                                                      Time:       9:00 a.m.
22                                                    Location:   Department 51
                                                      Judge:      Hon. Abraham Khan
23

24

25

26

27

28

───────────────────────────────────────────────

DECLARATION OF ADAM SLEMON IN SUPPORT OF PLAINTIFF JAMES SHIPLEY'S
OPPOSITION TO DEFENDANT JONATHAN CLUB'S MOTION TO COMPEL

I, Adam Slemon, declare as follows:

1. Except for those facts stated on information and belief, which I am informed and believe are true and correct, I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would competently testify thereto under oath.

2. From July 2009 to May 2012, I worked at the Jonathan Club's Santa Monica, California location, primarily as a bartender and occasionally as a server. In this position, I served drinks to Jonathan Club patrons and their guests at special events, such as wedding receptions. I earned approximately $19.00 per hour, and typically worked from 3:00 p.m. to 10:00 or 11:00 p.m., although I did work longer hours on occasion.

3. Around June or July 2009, before starting my employment at the Jonathan Club, I went to its Santa Monica location to fill out a job application. On this visit, the front desk receptionist handed me the Jonathan Club's standard job application form, and told me to fill out every section, and to initial and sign it where required. The receptionist did not explain any part of the job application to me, did not specifically indicate that there was an arbitration clause within the job application, and did not allow me to keep a copy after submitting it. I was not aware that there was an arbitration clause within the job application.

4. That same day, I interviewed with Miguel Martinez, the Jonathan Club's Bar Manager. A few weeks later, I met with Magda Atencio, who serves in a high-level Human Resources position for the Jonathan Club, at its location in downtown Los Angeles. Ms. Atencio handed me a copy of the Jonathan Club's "Employee Handbook" and told me to sign the acknowledgement page at the back. Ms. Atencio did not explain any part of the acknowledgement to me, did not specifically indicate that there was an arbitration clause within the acknowledgement, and did not give me the opportunity to negotiate with her over the terms of the acknowledgement. It was my understanding that, if I wanted to work for the Jonathan Club, I just had to accept the acknowledgement exactly as it was written. I was not aware that there was an arbitration clause within the acknowledgement.

5. During my employment with the Jonathan Club, I did not know that I was entitled to

1

DECLARATION OF ADAM SLEMON IN SUPPORT OF PLAINTIFF JAMES SHIPLEY'S
OPPOSITION TO DEFENDANT JONATHAN CLUB'S MOTION TO COMPEL ARBITRATION

1  a ten-minute rest break during my first four hours of work, a second ten-minute rest break after six

2  hours of work, or a third ten-minute rest break after ten hours of work. I was also unaware that I was

3  entitled to receive an hour of premium pay on days when I was denied the opportunity to take rest

4  breaks. The Jonathan Club never told me that I had these rights, and never gave me the opportunity

5  to exercise them.

6      6.    I never took any ten-minute rest breaks during my employment with the Jonathan

7  Club. The Jonathan Club did not schedule any breaks for me, and did not make sure that enough

8  employees were working so that we could take rest breaks. There were not enough bartenders

9  working at the bar, and there were not enough employees working to allow coverage if I needed to

10 step away from the bar, even for a short bathroom break. If I left to take any sort of break, the bar

11 would be left unattended, which was against the Jonathan Club's policy. If I needed to leave the bar

12 for a few moments to use the restroom, I would ask a fellow bartender or a server to cover for me.

13 However, there was rarely anyone available to cover for me because all the bartenders were busy

14 serving drinks and all the servers were busy serving food. I was discouraged from asking fellow

15 employees to cover for me because they were rarely available to cover. In the rare occasion when a

16 server would be able cover for me, it caused me problems when I returned because most of the

17 servers did not know how to properly prepare drinks and had not been trained to do so.

18     7.    I never complained to my manager or to anyone else in the Jonathan Club's

19 management about the fact that I wasn't given an opportunity to take any rest breaks because I was

20 scared to lose my job. Also, because the bar was always understaffed and busy, there was no reason

21 for me to believe that making complaints would have made any difference.

22     8.    Because the bar was so busy, and because there were not enough other employees to

23 cover the bar in my absence, I was frequently prevented from taking a full 30-minute lunch break

24 while I was working for the Jonathan Club. There were also many occasions when I was prevented,

25 because of my workload, from clocking out to take a lunch break for any period of time. On the

26 occasions when I worked more than ten hours, I was never given an opportunity to take a second

27 thirty-minute lunch break and was also never told that I had the right to take a second lunch break.

28

2

DECLARATION OF ADAM SLEMON IN SUPPORT OF PLAINTIFF JAMES SHIPLEY'S
OPPOSITION TO DEFENDANT JONATHAN CLUB'S MOTION TO COMPEL ARBITRATION

1  While I was working for the Jonathan Club, I was not aware that I was entitled to receive an extra

2  hour of pay for a denied lunch break, and the Jonathan Club never told me I had this right.  I was

3  never paid an extra hour of wages for a denied lunch break.

4      9.      I am making this declaration voluntarily. No threats or promises have been made to

5  me, and no benefit of any kind has been offered or given to me as a result of my decision to make

6  this statement.

7      I declare under the penalty of perjury under the laws of the State of California that the

8  foregoing is true and correct to the best of my knowledge.

9      Executed on September _____, at _____, California.

10

11

12                                    _____

                                      ADAM SLEMON
13                                    Declarant

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

_____3_____
DECLARATION OF ADAM SLEMON IN SUPPORT OF PLAINTIFF JAMES SHIPLEY'S
OPPOSITION TO DEFENDANT JONATHAN CLUB'S MOTION TO COMPEL ARBITRATION

1   While I was working for the Jonathan Club, I was not aware that I was entitled to receive an extra

2   hour of pay for a denied lunch break, and the Jonathan Club never told me I had this right. I was

3   never paid an extra hour of wages for a denied lunch break.

4        9.       I am making this declaration voluntarily. No threats or promises have been made to

5   me, and no benefit of any kind has been offered or given to me as a result of my decision to make

6   this statement.

7        I declare under the penalty of perjury under the laws of the State of California that the

8   foregoing is true and correct to the best of my knowledge.

9   Executed on September 15, at  10:23 pm          , California.

10

11

12                                                    ADAM SLEMON
                                                        Declarant
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF ADAM SLEMON IN SUPPORT OF PLAINTIFF JAMES SHIPLEY'S

1   Louis Benowitz (SBN 262300)
         louis@benowitzlaw.com
2   LAW OFFICES OF LOUIS BENOWITZ
3   9454 Wilshire Boulevard, Penthouse
    Beverly Hills, California 90212
4   Telephone:    (310) 844-5141
    Facsimile:    (310) 492-4056

5
    Michelle D. Samani (SBN 249852)
6        michelle@samanilaw.com
    SAMANI LAW FIRM
7   1901 Avenue of the Stars, Suite 390
    Los Angeles, California 90067
8   Telephone:    (818) 399-8339
    Facsimile:    (818) 530-9298

9

10  Attorneys for Plaintiff
    JAMES SHIPLEY
11

12                SUPERIOR COURT OF CALIFORNIA

13        FOR THE COUNTY OF LOS ANGELES—CENTRAL DISTRICT

14
    JAMES SHIPLEY, on behalf of himself and    Case No. BC485207
15  all others similarly situated,
                                               [Assigned for All Purposes to the Honorable
16        Plaintiff,                           Abraham Khan of Department 51]

17        vs.                                  **PROOF OF SERVICE**

18  JONATHAN CLUB, a California corporation;        *Hearing Information*
    and DOES 1–50, inclusive,                  Date:       October 1, 2012
19                                             Time:       9:00 a.m.
          Defendants.                          Location:   Department 51
20                                             Judge:      Hon. Abraham Khan

21

22

23

24

25

26

27

28

                              PROOF OF SERVICE

**PROOF OF SERVICE**

State of California,
County of Los Angeles

1.      I am a citizen of the United States and am employed in the County of Los Angeles, State of California. I am over the age of 18 years, and not a party to the within action. My business address is 9454 Wilshire Boulevard, Penthouse, Beverly Hills, California 90212.

2.      I am familiar with the practice of the Law Offices of Louis Benowitz for collection and processing of correspondence for mailing with the United States Postal Service. It is the practice that correspondence is deposited with the United States Postal Service the same day it is submitted for mailing.

3.      On the 18th day of September, 2012, I served the foregoing document(s) described as:

- **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF JAMES SHIPLEY'S OPPOSITION TO DEFENDANT JONATHAN CLUB'S MOTION TO COMPEL ARBITRATION AND TO DISMISS CLASS CLAIMS;**

- **DECLARATION OF JAMES SHIPLEY IN SUPPORT OF PLAINTIFF JAMES SHIPLEY'S OPPOSITION TO DEFENDANT JONATHAN CLUB'S MOTION TO COMPEL ARBITRATION AND TO DISMISS CLASS CLAIMS;**

- **DECLARATION OF ADAM SLEMON IN SUPPORT OF PLAINTIFF JAMES SHIPLEY'S OPPOSITION TO DEFENDANT JONATHAN CLUB'S MOTION TO COMPEL ARBITRATION AND TO DISMISS CLASS CLAIMS;**

- **DECLARATION OF LOUIS BENOWITZ IN SUPPORT OF PLAINTIFF JAMES SHIPLEY'S OPPOSITION TO DEFENDANT JONATHAN CLUB'S MOTION TO COMPEL ARBITRATION AND TO DISMISS CLASS CLAIMS; AND**

- **PROOF OF SERVICE**

on interested parties by placing a true and correct copy thereof enclosed in a sealed envelope, with postage fully prepaid, addressed as follows:

| | |
|---|---|
| Michelle D. Samani | William E. Weinberger |
| SAMANI LAW FIRM | Michael B. Mellema |
| 1901 Avenue of the Stars, Suite 390 | PARKER, MILLIKEN, CLARK, |
| Los Angeles, California 90067 | O'HARA & SAMUELIAN |
| | 555 South Flower Street, 30th Floor |
| | Los Angeles, California 90071-2440 |

///

///

1

EXHIBIT A   144

XXXX (BY MAIL)  I caused such an envelope to be mailed by placing it for collection and mailing, in the course of ordinary business practice, with other correspondence of the Law Offices of Louis Benowitz, 9454 Wilshire Boulevard, Penthouse, Beverly Hills, California 90212.

EXECUTED on the 18th day of September, 2012, at Beverly Hills, California.

XXXX (STATE)  I declare under penalty of perjury under the laws of the State of California that the above is true and correct to the best of my knowledge.

LOUIS BENOWITZ
Declarant

2

PROOF OF SERVICE

1   Louis Benowitz (SBN 262300)
          louis@benowitzlaw.com
2   LAW OFFICES OF LOUIS BENOWITZ
3   9454 Wilshire Boulevard, Penthouse
    Beverly Hills, California 90212
4   Telephone:    (310) 844-5141
    Facsimile:    (310) 492-4056
5
    Michelle D. Samani (SBN 249852)
6         michelle@samanilaw.com
7   SAMANI LAW FIRM
    1901 Avenue of the Stars, Suite 390
8   Los Angeles, California 90067
    Telephone:    (818) 399-8339
9   Facsimile:    (818) 530-9298

10  Attorneys for Plaintiff
11  JAMES SHIPLEY

12              **SUPERIOR COURT OF CALIFORNIA**

13      **FOR THE COUNTY OF LOS ANGELES—CENTRAL DISTRICT**

14

15  JAMES SHIPLEY, on behalf of himself and all      Case No. BC485207
    others similarly situated,
16                                                    [Assigned for All Purposes to the Honorable
                                                      Abraham Khan of Department 51]
17              Plaintiff,
                                                      **DECLARATION OF JAMES SHIPLEY IN**
18          vs.                                       **SUPPORT OF OPPOSITION TO**
                                                      **DEFENDANT JONATHAN CLUB'S**
19  JONATHAN CLUB, a California corporation;          **MOTION TO COMPEL ARBITRATION**
    and DOES 1–50, inclusive,                         **AND TO DISMISS CLASS CLAIMS**
20
                                                      _**Hearing Information**_
21              Defendants.                           Date:       October 1, 2012
                                                      Time:       9:00 a.m.
22                                                    Location:   Department 51
                                                      Judge:      Hon. Abraham Khan
23

24

25

26

27

28

DECLARATION OF JAMES SHIPLEY IN SUPPORT OF OPPOSITION TO DEFENDANT
JONATHAN CLUB'S MOTION TO COMPEL ARBITRATION

I, James Shipley, declare as follows:

1.     Except for those facts stated on information and belief, which I am informed and believe are true and correct, I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would competently testify thereto under oath.

2.     From to May 2010 to May 2011, I worked at the Jonathan Club's Santa Monica, California location, primarily as a bartender and occasionally as a server. In this position, I served drinks to Jonathan Club patrons and their guests at special events, such as wedding receptions. I earned approximately $16.00-$17.00 per hour, and typically worked from 3:00 p.m. to 10:00 or 11:00 p.m., although I did work longer hours on occasion.

3.     Sometime in May 2010, before starting my employment at the Jonathan Club, I went to its Santa Monica location to fill out a job application. On this visit, the front desk receptionist handed me the Jonathan Club's standard job application form, and told me to fill out every section, and to initial and sign it where required. The receptionist did not explain any part of the job application to me, did not specifically indicate that there was an arbitration clause within the job application, and did not allow me to keep a copy after submitting it. I was not aware that there was an arbitration clause within the job application.

4.     That same day, I interviewed with Chris Nochez, the Jonathan Club's Catering Manager, Miguel Martinez, the Jonathan Club's Bar Manager, and Ernie, whose last name I don't recall, who is the Jonathan Club's General Manager. A couple of weeks later, I met with Magda Atencio, who serves in a high-level Human Resources position for the Jonathan Club, at its location in downtown Los Angeles. Ms. Atencio handed me a copy of the Jonathan Club's "Employee Handbook" and told me to sign the acknowledgement page at the back. Ms. Atencio did not explain any part of the acknowledgement to me, did not specifically indicate that there was an arbitration clause within the acknowledgement, and did not give me the opportunity to negotiate with her over the terms of the acknowledgement. It was my understanding that, if I wanted to work for the Jonathan Club, I just had to accept the acknowledgement exactly as it was written. I was not aware that there was an arbitration clause within the acknowledgement.

---

1

DECLARATION OF JAMES SHIPLEY IN SUPPORT OF OPPOSITION TO DEFENDANT
JONATHAN CLUB'S MOTION TO COMPEL ARBITRATION

5.      During my employment with the Jonathan Club, I did not know that I was entitled to a ten-minute rest break during my first four hours of work, a second ten-minute rest break after six hours of work, or a third ten-minute rest break after ten hours of work. I was also unaware that I was entitled to receive an hour of premium pay on days when I was denied the opportunity to take rest breaks. The Jonathan Club never told me that I had these rights, and never gave me the opportunity to exercise them.

6.      I never took any ten-minute rest breaks during my employment with the Jonathan Club. The Jonathan Club did not schedule any breaks for me, and did not make sure that enough employees were working so that we could take rest breaks. There were not enough bartenders working at the bar, and there were not enough employees working to allow coverage if I needed to step away from the bar, even for a short bathroom break. If I left to take any sort of break, the bar would be left unattended, which was against the Jonathan Club's policy. If I needed to leave the bar for a few moments to use the restroom, I would ask a fellow bartender, a server, or a supervisor to cover for me. However, there was rarely anyone available to cover for me because all the bartenders were busy serving drinks, all the servers were busy serving food, and the supervisors unavailable or busy with their job duties. I was discouraged from asking fellow employees to cover for me because they were rarely available to cover. In the rare occasion when a server would be able cover for me, it caused me problems when I returned because most of the servers did not know how to properly prepare drinks and had not been trained to do so.

7.      I never complained to my manager or to anyone else in the Jonathan Club's management about the fact that I wasn't given an opportunity to take any rest breaks because I was scared to lose my job. Also, because the bar was always understaffed and busy, there was no reason for me to believe that making complaints would have made any difference.

8.      Because the bar was so busy, and because there were not enough other employees to cover the bar in my absence, I was frequently prevented from taking a full 30-minute lunch break while I was working for the Jonathan Club. There were also many occasions when I was prevented, because of my workload, from clocking out to take a lunch break for any period of time. On the

2

DECLARATION OF JAMES SHIPLEY IN SUPPORT OF OPPOSITION TO DEFENDANT
JONATHAN CLUB'S MOTION TO COMPEL ARBITRATION

occasions when I worked more than ten hours, I was never given an opportunity to take a second thirty-minute lunch break and was also never told that I had the right to take a second lunch break. While I was working for the Jonathan Club, I was not aware that I was entitled to receive an extra hour of pay for a denied lunch break, and the Jonathan Club never told me I had this right. I was never paid an extra hour of wages for a denied lunch break.

9.   A true and correct copy of excerpts from the Jonathan Club's Employee Handbook, which I received during my employment, is attached hereto as Exhibit A.

10.   I am making this declaration voluntarily. No threats or promises have been made to me, and no benefit of any kind has been offered or given to me as a result of my decision to make this statement.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

Executed on September _____, at _____, Missouri.


                                        _____
                                              JAMES SHIPLEY
                                                 Declarant

3

DECLARATION OF JAMES SHIPLEY IN SUPPORT OF OPPOSITION TO DEFENDANT
JONATHAN CLUB'S MOTION TO COMPEL ARBITRATION

1 occasions when I worked more than ten hours, I was never given an opportunity to take a second

2 thirty-minute lunch break and was also never told that I had the right to take a second lunch break.

3 While I was working for the Jonathan Club, I was not aware that I was entitled to receive an extra

4 hour of pay for a denied lunch break, and the Jonathan Club never told me I had this right. I was

5 never paid an extra hour of wages for a denied lunch break.

6      9.    A true and correct copy of excerpts from the Jonathan Club's Employee Handbook,

7 which I received during my employment, is attached hereto as Exhibit A.

8      10.    I am making this declaration voluntarily. No threats or promises have been made to

9 me, and no benefit of any kind has been offered or given to me as a result of my decision to make

10 this statement.

11     I declare under the penalty of perjury under the laws of the State of California that the

12 foregoing is true and correct to the best of my knowledge.

13     Executed on September 17, at St. Louis, Missouri.

14

15

16                        JAMES SHIPLEY

17                        Declarant

18

19

20

21

22

23

24

25

26

27

28

                                  3

DECLARATION OF JAMES SHIPLEY IN SUPPORT OF OPPOSITION TO DEFENDANT

# EXHIBIT A

# INTRODUCTION

## About This Handbook

As an employee, you no doubt have many questions about the policies and procedures we observe at the Jonathan Club and about the benefits and services provided to you. This Employee Handbook is meant to answer many of those questions. You should read and understand all the provisions in this Handbook. If you need help understanding anything you read or feel that the Handbook does not adequately answer a question you may have, do not hesitate to talk with your supervisor or call the Human Resources Department.

Do keep in mind, however, that this Handbook cannot anticipate every issue or situation that may arise in the course of your employment. Additionally, in order to retain necessary flexibility, the Jonathan Club reserves the right to change, modify, cancel or withdraw any or all sections of the Handbook at any time in its sole and absolute discretion. If changes to policies, procedures, benefits or services do occur, you will be notified.

Please bear in mind that the Handbook is not intended to, and does not, constitute a contract for continued employment. Employment with the Jonathan Club is on an at-will basis, which means that employment may be terminated either by you or the Jonathan Club at any time for any reason not prohibited by law, with or without cause and with or without any previous warning or notice. In addition, an employee may be disciplined, warned, counseled, demoted, transferred or reassigned and the terms and conditions of his or her employment may be altered in any other respect any time for any reason not prohibited by law, without good cause and without any previous warning or notice. No individual other than the General Manager of the Club has the authority to enter into any employment or other agreement that modifies Club policy. The policy of at-will employment may be modified only in a written agreement signed by the General Manager and the affected employee.

This Handbook is the property of the Jonathan Club, and it is intended for personal use and reference by employees of the Jonathan Club. Circulation of this Handbook outside the Club requires the prior written approval of the Director of Human Resources.

Please sign the acknowledgment form at the back of this Handbook, tear it out, and return it to the Human Resources Department. This will provide the Club a record that you received this Handbook.

EXHIBIT A   152

# THE HISTORY OF THE JONATHAN CLUB

The original Jonathan Club was founded on April 30, 1894, as a group of Young Republicans working for state and local candidates. From its founding, the Club was intended to be a social club as well as political group. After the election of 1894, the group decided to stay together as a state-chartered non-partisan, non-profit social club, keeping the same headquarters at 130 South Spring Street and the same name, The Jonathan Club. The location of the original club is across the street from the present Los Angeles Times, a block south of City Hall.

The name "Jonathan Club" was suggested by one of the original board of directors members, Ed D. Tufts, a man remembered for establishing golf in Southern California. The Club was named for Brother Jonathan, the symbol of the U.S. between the Revolution and the Civil War. Brother Jonathan was a cartoon figure and national icon who was replaced after the Civil War by a more elderly, wiser and sterner figure wearing the same costume: Uncle Sam.

By 1896 the Club had outgrown it's first clubhouse and moved next door to 132 South Spring Street, into a three-story space formerly occupied by the Corfu Hotel. The quarters of a hotel made an ideal space for the Club, because they contained a kitchen and large dining facilities, a large lobby and residential rooms. The Club quarters included a reading room (library), Billiard Room and an exotic smoking room. The Club continued the tradition of the old 1894 Club by staging entertainment on Saturday evenings.

In 1902 Henry Huntington moved to Los Angeles to establish a real estate and trolley empire and immediately joined a number of local clubs, including The Jonathan Club. As he planned his huge headquarters, the Pacific Electric Building, he invited the Jonathan Club to occupy it's top two floors for $400 a month. The grateful Club accepted and elected him Club President in 1904. The Club moved into its spectacular new quarters in 1905 and Huntington remained the Club's President for 12 years, a longer term than that of any President in the Club's history.

The Jonathan Club remained at the Pacific Electric Building at Sixth and Main Streets for 20 years. In 1925, behind the enthusiastic leadership of William P. Jeffries, the Club leased property at Sixth and Figueroa Streets and commissioned the legendary architects, Schultze and Weaver, to design from scratch a home for the Club. Architects Leonard Schultze and Fullerton Weaver had designed many famous buildings, including the Waldorf-Astoria, New York's Grand Central Terminal and Pierre and Sherry Netherland Hotels. They also designed the Los Angeles Biltmore Hotel and Subway Terminal Building.

The new club at Sixth and Figueroa was dedicated on December 14, 1925 and enjoyed five wildly successful years before the Stock Market Crash in 1929

ushered in the Great Depression. As the Depression deepened, Club President William Jeffries purchased the large, opulent Edgewater Beach Club in Santa Monica as a Jonathan beach Club.

As the Depression lingered the Club could not maintain it's payments on the new Town Club and the newly-purchased Beach Club and the Jonathan Club went broke. In a complicated reorganization in 1935, the Club's major creditor, Pacific Mutual Life Insurance Company triggered the collapse of the old club simultaneously replacing it with a restructured new Jonathan Club. The Club had lost its original Beach Club but it now owned the property at Sixth and Figueroa. Shortly after the reorganization the Club bought another Santa Monica beach Club in 1935, the old Sea Breeze Club, a facility that has served as the Jonathan beach Club ever since. The Club finally regained its solvency in 1938 and began to shake off the effects of the Depression. During World War II the Club served as quarters and diversion for U.S. Military Officers on their way to and from the warfront. Because Los Angeles was susceptible to blackouts when enemy air attacks were feared, one floor of the Club was fitted out for spouses to stay overnight, if necessary, after Club functions.

After World War II the Town Club was modified in several important ways. The mezzanine was removed from the lobby and an addition was added to the garage to the north of the building. The garage addition was expanded in 1959. In 1958 a "back of the house" mezzanine was created and Club offices were moved from the Sixth Floor to the ground floor to replace the leased retail spaces that had been there before. Also, after the War, the Club erected an aircraft beacon on the roof of the Town Club in honor of the members who died in uniform. Named the Marion Flay Baugh Memorial Beacon, the light still blinks at night in memory of those members, so many of them military aviators.

In the boom times that followed World War II the Club did not fully appreciate the ornate downtown headquarters and it seriously considered selling the Town Club to have it torn down, with the Club moving into the upper floors of one of the new high rises. Fortunately, the Board of Directors finally decided to keep the old building. At the same time the Board seriously considered tearing down the Jonathan beach Club, too. The state was threatening to build a freeway along the palisades or as a causeway in the ocean, wiping out the Club in either case. Again, it is fortunate that those Board of Directors resolved to keep the beach Facility, after a number of close votes over many years.

In 1987 the formerly all-male Jonathan Club admitted women at the same time as service clubs such as Rotary.

The Jonathan Club, although steeped in history and tradition, continues to evolve to serve an important need in Southern California.

4   The History of The Jonathan Club

# ACKNOWLEDGMENT

Employee Name: _____

I acknowledge that I have received a copy of the Jonathan Club's Employee Handbook. I understand that I am responsible for knowing and adhering to the policies set forth in the Handbook during my employment with the Jonathan Club.

The policies contained in the Handbook are not intended to create any contractual rights or obligations, and the Jonathan Club reserves the right to amend, interpret, modify, or withdraw any portion of this Handbook at any time.

I understand and agree that my relationship with the Jonathan Club is at will, which means that my employment is for no definite period and may be terminated by me or by the Jonathan Club at any time and for any reason with or without cause or advance notice. I also understand that the Jonathan Club may demote, discipline, transfer, or reassign me or alter the terms of my employment at any time at its discretion, with or without cause or advance notice.

The Jonathan Club and I agree that to the fullest extent permitted by law, any and all claims or controversies between us (or between me and any present or former officer, director, agent, or employee of the Jonathan Club) relating in any manner to my employment or the termination of my employment shall be resolved by final and binding arbitration, except to the extent that I elect to pursue such claim exclusively in the Small Claims Division of the Los Angeles Superior Court and limit my claim to its then jurisdictional amount, currently $5000. Except as specifically provided herein, any arbitration proceeding shall be conducted in accordance with California Code of Civil Procedure §1280, *et seq.*

Claims subject to arbitration shall include contract claims, tort claims, and common law claims, as well as claims based on any federal, state, or local law, statute or regulation, including but not limited to any claims arising under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, the Americans with Disabilities Act, and the California Fair Employment and Housing Act. However, claims for unemployment compensation, workers' compensation, and claims under the National Labor Relations Act shall not be subject to arbitration.

A neutral and impartial arbitrator, who shall be a retired Los Angeles Superior Court Judge, shall be chosen by mutual agreement of the parties; however, if the parties are unable to agree upon an arbitrator within a reasonable period of time, then a neutral and impartial arbitrator shall be appointed by the Los Angeles Superior Court by Petition to Compel Arbitration. The arbitrator shall prepare a written decision containing the essential findings and conclusions on which the award is based so as to ensure meaningful judicial review of the decision. The Los Angeles Superior Court shall have jurisdiction to review the final award for errors of law and shall have the power to review any award of punitive damages to the same extent as such damages are reviewable on appeal from a court judgement. The arbitrator shall apply the same substantive law, with the same statutes of limitations and same remedies that would apply if the claims were brought in a court of law. Discovery will be conducted pursuant to the California Code of Civil Procedure §1283.05.

ACKNOWLEDGMENT   41

EXHIBIT A   155

The arbitrator shall have the authority to consider and decide pre-hearing motions, including dispositive motions.

Either the Jonathan Club or I may bring an action in court to compel arbitration under this agreement and enforce an arbitration award. Except as otherwise provided herein, neither party shall initiate or prosecute any lawsuit in any way related to any arbitrable claim, including without limitation any claim as to the making, existence, validity, or enforceability of the agreement to arbitrate. All arbitration hearing shall be conducted in Los Angeles, California. Nothing herein precludes you from filing an administrative charge before an agency that has jurisdiction over an arbitrable claim. In addition, any party may seek provisional or injunctive relief under the California Code of Civil Procedure §1281.8 in a court of competent jurisdiction for any claim or controversy arising out of or related to the unauthorized use, disclosure or misappropriation of the confidential and/or proprietary information of any party.

In ruling on procedural and substantive issues raised in the arbitration itself, the arbitrator shall in all cases apply the substantive law of the State of California. Each party shall pay its own costs and attorney's fees, unless a party prevails on a statutory claim, and the statute provides that the prevailing party is entitled to payment of his or her attorneys' fees. In that case, the arbitrator may award reasonable attorneys' fees and costs to the prevailing party as provided by law. The costs and fees of the arbitrator initially shall be paid by the Jonathan Club but the arbitrator shall have the power to award such costs and fees to the prevailing party to the extent he deems appropriate.

I ALSO UNDERSTAND AND AGREE THAT THIS ACKNOWLEDGMENT CONSTITUTES A WAIVER OF MY RIGHT TO A TRIAL BY JURY OF ANY CLAIMS OR CONTROVERSIES COVERED BY THIS ACKNOWLEDGMENT AND THAT NO CLAIMS OR CONTROVERSIES SHALL BE RESOLVED BY A JURY TRIAL.

I understand and agree that the terms of this Acknowledgment may not be modified or superseded except by a written agreement signed by me and the General Manager of the Jonathan Club, that no other employee or representative of the Jonathan Club has the authority to enter into any such agreement, and that any agreement to employ me for any specified period of time or that is otherwise inconsistent with the terms of this Acknowledgment will be unenforceable unless in writing and signed by me and the General Manager of the Jonathan Club. I further understand and agree that if the terms of this Acknowledgment are inconsistent with any policy or practice of the Jonathan Club now or in the future, the terms of this Acknowledgment shall control.

Finally, I agree that this Acknowledgment contains a full and complete statement of the agreements and understandings that it recites, and I agree that this Acknowledgment supersedes all previous agreements and representations, whether written or oral, express or implied, relating to the subjects covered in this Acknowledgment.

Dated: _____

Signed: _____

**EMPLOYEE COPY -** *Please leave in booklet for your records*

42  ACKNOWLEDGMENT

EXHIBIT A   156

# Exhibit B

1   William E. Weinberger SBN 102581
    Michael B. Mellema SBN 247323
2   PARKER, MILLIKEN, CLARK, O'HARA & SAMUELIAN
       A Professional Corporation
3   555 S. Flower St., 30th Floor
    Los Angeles, California 90071-2440
4   Telephone:    (213) 683-6500
    Facsimile:    (213) 683-6669
5   wweinberger@pmcos.com
    mmellema@pmcos.com
6
7   Attorneys for defendant JONATHAN CLUB

8                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                    **FOR THE COUNTY OF LOS ANGELES**

10

11  JAMES SHIPLEY, on behalf of himself and    Case No.    BC485207
    all others similarly situated,              *Assigned for all purposes to Department 51*
12                                              *before the Hon. Abraham Khan*
                 Plaintiff,
13                                              **NOTICE OF REMOVAL TO UNITED
        v.                                      STATES DISTRICT COURT**
14
    JONATHAN CLUB, a California
15  corporation; and DOES 1-50, Inclusive,

16               Defendants.

17

18

19

20

21

22  TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

23          PLEASE TAKE NOTICE that pursuant to U.S.C. §§ 1332, 1441, and 1446, defendant

24  Jonathan Club hereby submits this notice of removal of the above-styled and numbered case from

25  the Superior Court of the State of California, County of Los Angeles, to the United States District

26  Court for the Central District of California, sitting in Los Angeles, California.

27

28

PARKER MILLIKEN
CLARK, O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

_____
                NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT

400325

1        PLEASE TAKE FURTHER NOTICE that attached as Exhibit 1 is a copy of the Notice of

2   Removal filed this date with the Clerk of the United States District Court for the Central District

3   of California.

4

5   DATED: September 21, 2012          PARKER, MILLIKEN, CLARK, O'HARA &
                                        SAMUELIAN
6                                       A Professional Corporation

7

8                                       By: _____
                                            William E. Weinberger
9                                           Michael B. Mellema
                                            Attorneys for Defendant JONATHAN CLUB
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

- 2 -
NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT

400325

EXHIBIT B   158

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Percy Anderson and the assigned discovery Magistrate Judge is Paul Abrams.

The case number on all documents filed with the Court should read as follows:

## CV12- 8198 PA (PLAx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

═══════════════════════════════════════════════════════════════

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)      NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

CIVIL COVER SHEET

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐ ) | **DEFENDANTS** |
| James Shipley | Jonathan Club |

| | |
|---|---|
| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>Louis Benowitz (SBN262300)<br>9454 Wilshire Blvd., Penthouse<br>Beverly Hills, California 90212<br>(310) 844-5141 | Attorneys (If Known)<br>William E. Weinberger (SBN102581)<br>Michael B. Mellema (SBN247323)<br>PARKER, MILLIKEN, CLARK, O'HARA & SAMUELIAN<br>555 S. Flower Street, 30th Floor<br>Los Angeles, California 90071-2440<br>(213) 683-6500 |

**II.   BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III.   CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV.   ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V.   REQUESTED IN COMPLAINT:   JURY DEMAND:** ☐ Yes  ☒ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No   ☒ **MONEY DEMANDED IN COMPLAINT: $** >$5,174,800

**VI.   CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. section 1332(a)

**VII.   NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☒ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety/Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS - Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:   Case Number:** CV12-8198

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? [X] No   [ ] Yes

If yes, list case number(s): _____

**VIII(b).  RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? [X] No   [ ] Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   [ ]   A. Arise from the same or closely related transactions, happenings, or events; or

[ ]   B. Call for determination of the same or substantially related or similar questions of law and fact; or

[ ]   C. For other reasons would entail substantial duplication of labor if heard by different judges; or

[ ]   D. Involve the same patent, trademark or copyright, **and** one of the factors identified above in a, b or c also is present.

**IX.  VENUE:**  (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

[ ]   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Missouri |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

[ ]   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.

Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties

Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER): *Michael B. Mellema*   Date September 21, 2012

Michael B. Mellema

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |