JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-8198 PA (PLAx) | Date | October 2, 2012 |
|---|---|---|---|
| Title | James Shipley v. Jonathan Club | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed by defendant Jonathan Club ("Defendant") on September 21, 2012. Defendant asserts that this Court has jurisdiction over this action based on the Court's diversity jurisdiction. See 28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

In attempting to invoke this Court's diversity jurisdiction, Defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id.

The Complaint does not affirmatively state the citizenship of plaintiff James Shipley ("Plaintiff"). To establish Plaintiff's citizenship, the Notice of Removal alleges:

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-8198 PA (PLAx) | Date | October 2, 2012 |
|---|---|---|---|
| Title | James Shipley v. Jonathan Club | | |

> On Tuesday, September 18, 2012 in opposition to the Club's motion to compel arbitration, [Plaintiff] filed and served a declaration that he stated under penalty of perjury was signed in St. Louis, Missouri. The fax header on the declaration contains a telephone number that belongs to [Plaintiff's] family business (see www.shipleyweightloss.com), which is located in Edwardsville, Illinois, a nearby suburb of St. Louis, Missouri. The Club *is informed and believes, and thereon alleges*, that [Plaintiff] is, and was at the time of the filing of the State Court action, domiciled in Missouri for purposes of diversity jurisdiction.

(Notice of Removal, ¶ 3 (emphasis added).)

These allegations are insufficient to establish Plaintiff's citizenship on removal. Bradford v. Mitchell Bros. Truck Lines, 217 F. Supp. 525, 527 (N.D. Cal. 1963) ("A petition [for removal] alleging diversity of citizenship upon information and belief is insufficient."); see also Kantor, 265 F.3d at 857 ("[a]bsent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties"). Thus, because Defendant has alleged Plaintiff's citizenship on "information and belief," the Notice of Removal's allegations are insufficient to establish Plaintiff's citizenship. Defendant's allegations accordingly are insufficient to invoke this Court's diversity jurisdiction.

The Court notes further that Defendant is a California citizen. (Notice of Removal ¶ 5.) Even were Defendant's allegations regarding Plaintiff's citizenship sufficient, then, removal would nonetheless be procedurally improper. See 28 U.S.C. § 1441(b) (the "local defendant" limitation) (providing that where the complete diversity requirement is met, removal is not permitted where one of the defendants is a "citizen of the State in which such action is brought").

In light of the foregoing, Defendant has failed to meet its burden to demonstrate the Court's diversity jurisdiction. Accordingly, the Court remands this action to Los Angeles County Superior Court, Case No. BC 485207. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.